**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

        Plaintiff,

   v.

JBS USA, LLC d/b/a JBS SWIFT & COMPANY

**COMPLAINT and JURY TRIAL DEMAND**

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of race, national origin, religion, and retaliation for requesting religious accommodation, and to provide appropriate relief to a class of Black, Somali, and Muslim individuals employed at Defendant's Greeley facility adversely affected by such practices. As alleged with greater particularity below, Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC"), contends Defendant JBS USA, LLC d/b/a JBS SWIFT & COMPANY ("Swift" or "Defendant"), denied Muslim workers religious accommodation, allowed race, ethnic and religious harassment in the workplace, and disciplined and discharged Somali and Muslim workers because of their national origin, religion, and/or in retaliation for their requests for religious accommodation and engaged in a pattern or practice of

discrimination on the basis of race, national origin, religion and retaliation.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to §§ 704, 706(f)(1), 706(f)(3), and 707 of Title VII, 42 U.S.C. §§ 2000e-3, 2000e-5(f)(1), 2000e-5(f)(3), and 2000e-6, and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Colorado.

## PARTIES

3.      Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by §§ 706(f)(1), 706(f)(3), and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1), 2000e-5(f)(3), and 2000e-6.

4.      Defendant JBS USA, LLC is a Delaware limited liability company.

5.      At all relevant times, Defendant has continuously been doing business in the State of Colorado.

6.      At all relevant times, Defendant has continuously had at least 15 employees.

7.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of §§ 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

### General Allegations

8. More than thirty days prior to the institution of this lawsuit, Habibo Elmi, Aden Aden, Ali Moalin, Absuir Hussein, Ibrahim Hassan, Fardowsa Mohamed Ali, Habiba Abdi, Kuresha Sheikh Noor, Abdirizak Ahmed, Abdullahi Dirie, Dahir Nur, Iraq Abade, Suhan Jama, Istahil Jama, Mohamed A. Mohamed, Abdi Jama, Muhyodin Ali, Rahman Abdi, Farhan Osman, Osman Abdiaziz, Nur Shube, Abdullahi Adan, Batula Awl, Hibo Maalin, Mohamed Isse, Aden Ibrahim, Sadiyo Hussein, Rashid Hundule, Hassan Abdi Farrah, Abdiamar Bare, Mohamed Bunow, Abdullahi Dualle, Wali Abdul Kadir, Ahmed Gelle, Mohamed Horor, Ishad Ibrahim, Yusef Abdi, Abdi Rizak Abdi, Liban Adan, Najima Handule, Mohamed Jama, Ahmed Khalif, Zahra Abdi Muse, Sahro Jama, Halimo Aden, Nimo Muhumed, Ahmed Osman, Najimo Muhamed, Foos Sheikh, Mohamed Mohamed, Ibrahim Iman, Suled Warsame, Sadi Adan, Nadifo Dahirali, Aurala Dirshe, Amino Nur Gure, Halimo Iise, Hodan Mohamed, Hashim Yusuf, Nur Abdullahi, Mohamed M. Noor, Safia Mohamed, Abdulkadir Ali, Amina Warsame, Abdiwahab Mohamed, Hussein Hassan, Abdi Somow, Ali Ali, Halawi Ali, Sudi Hersi, Kadro Abdullahi, Idris Ali Mohamed, Muno Farah, Maryan Gure, Hawa Sheikh, Qorane Omar, Ayan Mohamed, Abdi Mohamed, Ossman Osoble, Fatuma Jama, Asha Mohamed, Farhia Abdi, Abdi Mohamud, Hawo Jama Salad, current and former employees of Swift, filed charges of discrimination with the EEOC on behalf of themselves and other similarly situated employees alleging violations of Title VII by Swift.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

10. The charging parties and other similarly aggrieved individuals are Muslim, immigrants

3

from Somalia, and/or are Black.

11. The charging parties and other similarly aggrieved individuals are currently or were formerly employed by Defendant at its plant in Greeley, Colorado.

12. United Food and Commercial Workers Local #7 ("Union") is the exclusive bargaining representative for employees at the Swift plant in Greeley, Colorado.

13. According to the Muslim religion, Muslims must pray five (5) times a day according to the Muslim prayer calendar.

14. Throughout their employment, the Charging Parties and other aggrieved Muslim, Somali and Black employees were subjected to a hostile work environment because of their race, national origin, and/or religion.

15. Throughout their employment, the Charging Parties and other aggrieved Muslim individuals were denied and continue to be denied the ability to pray.

16. Muslim employees at the Facility were harassed and continue to be harassed when they attempted to pray during scheduled breaks.

17. Muslim employees at the Facility were harassed and continue to be harassed when they attempted to pray during their bathroom breaks.

18. Muslim employees' requests to pray during bathroom break were denied.

19. Charging Parties, other immigrants from Somalia ("Somali employees"), and Muslim employees were subjected to harassing comments on the basis of their race (Black), national origin (Somali) and/or religion (Muslim)

20. Managers, supervisors, and other employees regularly threw blood, meat, and bones at the Somali and Muslim employees. Somali employees were regularly called names such

        as "Bitch," "Son of a Bitch," "Fucker," and "Bimbo."

21. There was offensive anti-Somali, anti-Muslim and anti-Black graffiti present in the restrooms. For example, employees saw graffiti such as "Somalis are disgusting," "Fuck Somalians, Fuck Muslims, Fuck Mohammed" and "Nigger."

22. The Somali and Muslim employees were offended by the above comments and actions.

23. Somali and Muslim employees were discriminatorily denied bathroom breaks.

24. Some of the Charging Parties complained about harassment based on religion, race and national origin, but Defendant failed to correct the hostile work environment.

25. Somali and Muslim employees were disciplined and continue to be disciplined more harshly than non-Somali and non-Muslim employees, or were disciplined for conduct that others were not.

*The Events Relating to Ramadan 2008*

26. The requirement stated in the Qur'an that Muslims pray five (5) times a day is especially important during the holy month of Ramadan, when Muslims also fast during the day and only break their fast at sundown during their fourth prayer of the day.

27. Fasting during Ramadan requires no intake of either food or water before sunset.

28. The first day of the 2008 Ramadan holiday on which the charging parties reported to work was Tuesday, September 2, 2008.

29. On September 2, 2008, at the conclusion of the B shift, at 11:45 p.m., between 40 and 100 Muslim employees went to the Superintendent's office (Juan Palacios) to request that the meal break be moved from 9:15 p.m. to 7:30 p.m., so that the Muslim employees could pray in accordance with the requirements of their religion and break their fast

within 15 minutes of sunset.

30. For the next two shifts, Wednesday and Thursday, September 3 and 4, 2008, Swift accommodated the Muslim employees and had the lunch break occur midway through the shift, at 7:30pm.  From Friday, September 5, 2008 and thereafter, Swift refused to accommodate the Muslim employees and instead moved the break to 8:00 p.m. on Friday and to 8:30 p.m. thereafter.  Muslim employees had suggested numerous ways their need to pray during the workday could be accommodated, but their suggestions were rejected.

31. On Friday, September 5, 2008, shortly before the Muslim employees believed their 7:30 p.m. break would occur, Swift decided to move the break to 8:00 p.m.

32. On September 5, 2008, at around 7:30 p.m., Swift stationed management employees at all of the exits and refused to allow the Muslim employees to leave the line and told them to return to their lines.

33. Swift shut off the water fountains and/or tagged them with red tags and yellow tape.

34. Red tags are usually used in the Swift facility to indicate rotten or spoiled meat.

35. Because the water fountains were unavailable for use, the Muslim employees were prevented from getting a drink of water, a drink they needed after fasting all day for Ramadan.

36. Because of Swift's actions, the Muslim employees were also prevented them from washing up, a religious requirement before prayers.

37. At 8:00 p.m., the employees were allowed to take their break.

38. During the break, Swift management told the Muslim employees to go outside the facility.

6

39. When the Muslim employees attempted to re-enter the facility at the conclusion of the break, Swift told them they could not return to work.

40. On Monday, September 8, 2008, Swift informed the Union that employees who had left the plant Friday evening had engaged in an "unauthorized work stoppage" and would be placed on an indefinite suspension.

41. On Tuesday, September 9, 2008, Swift decided that employees who had left the facility Friday evening would be allowed to return to work and given a final written warning with Friday and Monday being treated as unpaid suspensions, provided they returned to work that day.

42. Swift did not contact each of the affected Muslim employees to tell them they were expected to return to work that day.

43. On Wednesday, September 10, 2008, Swift terminated all of the Muslim employees who had not returned to work on Tuesday, including employees who attempted to return to work on Wednesday and who told Swift that they did not know they were to return the previous day.

## FIRST CLAIM:  PATTERN OR PRACTICE OF DISCRIMINATORY TREATMENT BECAUSE OF RACE, NATIONAL ORIGIN, RELIGION, AND/OR RETALIATION

44. Plaintiff realleges all of the foregoing paragraphs 1 through 43.

45. Since at least December 22, 2007, Defendant has engaged and continues to engage in a pattern or practice of unlawful discriminatory employment practices at its facility in Greeley, Colorado, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by discriminating against Charging Parties and other aggrieved individuals with respect to the terms and conditions of their employment because of their race, Black, national

origin, Somali, religion, Muslim, and/or retaliating against employees who requested a reasonable accommodation for their religion.

46. The pattern or practice of discriminatory treatment includes, without limitation, harassment, disparate treatment, denial of religious accommodation, retaliation against individuals who seek religious accommodation, and disciplining and discharging Somali Muslim employees because of their religion, national origin, and in retaliation for requesting religious accommodation or having religious accommodation requested on their behalf.

47. The effect of the practices complained of above has been to deprive the Charging Parties and other aggrieved individuals of equal employment opportunities and otherwise adversely affect their employment status because of their race, national origin, religion, and/or because they sought religious accommodation.

48. The unlawful employment practices complained of above were and are intentional.

49. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Charging Parties and other aggrieved employees.

### SECOND CLAIM:  FAILURE TO ACCOMMODATE RELIGION

50. Plaintiff realleges all of the foregoing paragraphs 1 through 49.

51. Since at least December 22, 2007, Defendant has engaged and continues to engage in unlawful employment practices at its facilities in Greeley, Colorado, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by failing to reasonably accommodate its Muslim employees' religious practices and/or beliefs.

52. The effect of the practices complained of above has been to deprive the Charging Parties and other aggrieved individuals of equal employment opportunities and otherwise adversely affect their employment status because of their religion.

53. The unlawful employment practices complained of above were and are intentional.

54. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Charging Parties and other aggrieved Muslim and/or Somali employees.

### THIRD CLAIM:  RETALIATION FOR REQUESTING ACCOMODATION

55. Plaintiff realleges all of the foregoing paragraphs 1 through 54.

56. Since at least September 2008, Defendant has engaged and continues to engage in unlawful employment practices at its facilities in Greeley, Colorado, in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3 by disciplining and/or terminating Charging Parties and other Muslim employees in retaliation for their requests for religious accommodation.

57. The effect of the practices complained of above has been to deprive the Charging Parties and other aggrieved individuals of equal employment opportunities and otherwise adversely affect their employment status because of their requests for religious accommodation.

58. The unlawful employment practices complained of above were and are intentional.

59. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Charging Parties and other aggrieved Muslim and/or Somali employees.

## FOURTH CLAIM: HOSTILE WORK ENVIRONMENT/HARASSMENT

60. Plaintiff realleges all of the foregoing paragraphs 1 through 59.

61. Since at least December 22, 2007, Defendant has engaged and continues to engage in unlawful employment practices at its facility in Greeley, Colorado, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by harassing Charging Parties and other aggrieved individuals, and/or because of their race, Black, national origin (Somali), and/or religion (Muslim).

62. The harassment of Black Somali and Muslim employees was sufficiently severe or pervasive as to alter the terms and conditions of their employment.

63. Management employees participated in the harassment of Black Somali and Muslim employees.

64. Management employees knew or should have known of the harassment of Black Somali and Muslim employees.

65. Management employees failed to take appropriate action to prevent or promptly correct the harassment of Black Somali and Muslim employees.

66. The effect of the practices complained of above has been to deprive the Charging Parties and other aggrieved individuals of equal employment opportunities and otherwise adversely affect their employment status because of their race, national origin, and/or religion.

67. The unlawful employment practices complained of above were and are intentional.

68. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Charging Parties and other

aggrieved Muslim and/or Somali employees.

### SIXTH CLAIM:  DISCRIMINATORY DISCIPLINE AND DISCHARGE

69. Plaintiff re-alleges all of the foregoing paragraphs 1 through 68.

70. Since at least September 2008, Defendant has violated and continues to violate Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by disciplining and discharging Charging Parties and other aggrieved individuals because of their national origin, religion and/or in retaliation for requesting religious accommodation.

71. Muslim and Somali employees were disciplined and discharged for allegedly engaging in a work stoppage, while non-Somali, non-Muslim employees were not disciplined for similar conduct.

72. Somali employees were directed not to come to work and/or were not allowed to return to their shift because of their religion, national origin, and/or because they had requested or needed a religions accommodation.   Defendant disciplined and discharged Somali employees for allegedly engaging in an unauthorized work stoppage when they failed to report to work as directed.  The effect of the practices complained of above has been to deprive the Charging Parties and other aggrieved individuals of equal employment opportunities and otherwise adversely affect their employment status because of their national origin,  religion, and/or because they requested religious accommodation.

73. The unlawful employment practices complained of above were and are intentional.

74. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Charging Parties and other aggrieved employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race, national origin or religion or retaliates against employees in violation of Title VII.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Somali individuals, Muslims, and employees who engage in protected activity and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to make whole Charging Parties and other aggrieved individuals by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief, including but not limited to reinstatement and/or frontpay.

D.  Order Defendant to make whole Charging Parties and other aggrieved individuals by providing compensation for past and future compensatory losses resulting from the unlawful practices complained of in the paragraphs above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

E.  Order Defendant to make whole Charging Parties and other aggrieved individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above.

  F. Order Defendant to pay punitive damages for its malicious and reckless conduct described in the paragraphs above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: August 30, 2010.

  Respectfully submitted,

  P. DAVID LOPEZ
  General Counsel

  U.S. EQUAL EMPLOYMENT
  OPPORTUNITY COMMISSION
  1801 L Street, N.W.
  Washington, D.C.   20507

  MARY JO O'NEILL
  Regional Attorney
  Phoenix District Office

  RITA BYRNES KITTLE
  Acting Supervisory Trial Attorney
  Denver Field Office

                        *Stephanie Struble*
                        STEPHANIE STRUBLE
                        Senior Trial Attorney
                        Denver Field Office
                        303 E. 17th Ave., Suite 410
                        Denver, CO  80203
                        Telephone:  303-866-1347
                        Fax:  303-866-1381
                        Email:  Stephanie.struble@eeoc.gov

                        Attorneys for Plaintiff
                        EEOC

**PLEASE NOTE:**
**For the purposes of service upon the EEOC,**
**it is sufficient that pleadings, notices, and**
**court documents be served upon the**
**Trial Attorneys.**

14