IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:10-cv-02103-PAB-KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

      Plaintiff,

Iraq Abade, Abdirizak Abdi, Abdiwali Abdullahi Abdi, Farhia Abdi, Habiba Abdi, Yusuf   Abdi, Abdi Abdirahman, Wali Abdulkadir, Khadro Abdullahi, Mahamed Abdullahi, Nur Abdullahi, Mahad Abdulle, Abdullahi Adan, Liban Adan, Aden Aden, Halimo Aden, Sadi Mohamed Adan, Abdirizak Ahmed, Ahmed Ahmed, Abdulkadir Ali, Ali Ali, Fardowsa Ali, Halawi Ali, Muhyodin Ali, Batula Awl, Abdiamar Bare, Mohamed Bunow, Nadifo Dahirali, Abdulle Dame, Abdullahi Dirie, Aurala Dirshe, Abdullahi Dualle, Ambiyo Dude, Habibo Elmi, Hassan Abdi Farah, Mohamud Farah, Mohamednoor Farah, Muno Farah, Ahmed Fiqi, Ahmed Gelle, Amino Nur Gure, Maryan Gure, Khalfan Haji, Najima Handule, Hussein Hassan, Ibrahim Hassan, Jamanoor Hassan, Sudi Hersi, Hawo Hirmoge, Mohamed Horor, Rashid Hundule, Abshir Hussein, Omar Hussein, Sadiyo Hussein,   Aden Ibrahim, Irshad Ibrahim, Halimo Iise, Ibrahim Iman, Mohamed Isse, Abdi Jama, Fatuma Jama, Istahil Jama, Mohamed Jama, Sahro Jama, Suhan Jama, Halimo Jigis, Ali Hussein Karshe, Ahmed Khalif, Hibo Maalin, Deqa Mohammed, Mohamed Hassan Mire, Ali Moalin, Abukar Mohamed, Abdikadir Mohamed, Asha Mohamed, Ayan Mohamed, Halimo Mohamed, Hodan Mohamed, Idris Ali Mohamed, Mohamed A. Mohamed, Mohamed Mohamed, Safia Mohamed, Sahro Mohamed, Abdi Mohamud, Najimo Muhumed, Nimo Muhumed, Zahra Abdi Muse, Kuresha Noor, Mohamed Noor, Dahir Nur, Qorane Omar, Yusuf Omar, Abdiaziz Osman, Ahmed Osman, Farhan Osman, Osman Ossoble, Foos Sheikh, Hawa Sheikh, Nur Shube, Safiyo Sigad, Abdi Somow, Amina Warsame, Suled Warsame, Hashim Yusuf,

Plaintiffs/Intervenors.

v.

JBS USA, LLC d/b/a JBS SWIFT & COMPANY,

      Defendant

---

## COMPLAINT IN INTERVENTION AND JURY DEMAND

---

## I.      <u>INTRODUCTION</u>

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, for unlawful employment practices, including harassment and discrimination on the basis of race, color, national origin and religion, failure to accommodate religion, and retaliation, including discipline and discharge for complaints of unlawful employment practices and complaints for failure to accommodate religion.   The Plaintiffs/Intervenors are Black, Somali, and Muslim former and current employees of Defendant's Greeley, Colorado facility who were affected by such practices.   The Plaintiffs/Intervenors are Iraq Abade, Abdirizak Abdi, Abdiwali Abdullahi Abdi, Farhia Abdi, Habiba Abdi, Yusuf Abdi, Abdi Abdirahman, Wali Abdulkadir, Khadro Abdullahi, Mahamed Abdullahi, Nur Abdullahi, Mahad Abdulle, Abdullahi Adan, Liban Adan, Aden Aden, Halimo Aden, Sadi Mohamed Adan, Abdirizak Ahmed, Ahmed Ahmed, Abdulkadir Ali, Ali Ali, Fardowsa Ali, Halawi Ali, Muhyodin Ali, Batula Awl, Abdiamar Bare, Mohamed Bunow, Nadifo Dahirali, Abdulle Dame, Abdullahi Dirie, Aurala Dirshe, Abdullahi Dualle, Ambiyo Dude, Habibo Elmi, Hassan Abdi Farah, Mohamud Farah, Mohamednoor Farah, Muno Farah, Ahmed Fiqi, Ahmed Gelle, Amino Nur Gure, Maryan Gure, Khalfan Haji, Najima Handule, Hussein Hassan, Ibrahim Hassan, Jamanoor Hassan, Sudi Hersi, Hawo Hirmoge, Mohamed Horor, Rashid Hundule, Abshir Hussein, Omar Hussein, Sadiyo Hussein, Aden Ibrahim, Irshad Ibrahim, Halimo Iise, Ibrahim Iman, Mohamed Isse, Abdi Jama, Fatuma Jama, Istahil Jama, Mohamed Jama, Sahro Jama, Suhan Jama, Halimo Jigis, Ali Hussein Karshe, Ahmed Khalif, Hibo Maalin, Deqa Mohammed, Mohamed Hassan Mire, Ali Moalin, Abukar Mohamed,

Abdikadir Mohamed, Asha Mohamed, Ayan Mohamed, Halimo Mohamed, Hodan Mohamed, Idris Ali Mohamed, Mohamed A. Mohamed, Mohamed Mohamed, Safia Mohamed, Sahro Mohamed, Abdi Mohamud, Najimo Muhumed, Nimo Muhumed, Zahra Abdi Muse, Kuresha Noor, Mohamed Noor, Dahir Nur, Qorane Omar, Yusuf Omar, Abdiaziz Osman, Ahmed Osman, Farhan Osman, Osman Ossoble, Foos Sheikh, Hawa Sheikh, Nur Shube, Safiyo Sigad, Abdi Somow, Amina Warsame, Suled Warsame and Hashim Yusuf.

As alleged with greater particularity below, Plaintiffs/Intervenors contend that Defendant engaged in a pattern or practice of harassment and discrimination on the basis of race, color, national origin and religion by allowing racial, ethnic and religious harassment in the workplace, and by treating Plaintiffs/Intervenors differently in the terms and conditions of their employment, including by disciplining and discharging Plaintiffs/Intervenors because of their race, color, national origin, religion and/or in retaliation for complaints of Defendant's unlawful employment practices and/or complaints for failure to accommodate religion.

Plaintiffs/Intervenors, by and through their counsel, having been permitted to intervene in this case, complain against the Defendant as follows:

## II.     <u>JURISDICTION AND VENUE</u>

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2.  This action is authorized and instituted pursuant to §§ 704, 706(f)(1), (f)(3), and 707 of Title VII, 42 U.S.C. §§ 2000e-3, 2000e-5(f)(1) and (3), 2000e-6 and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices alleged herein were committed within the jurisdictional boundaries of the United States District Court for the District of Colorado.

4. Plaintiffs/Intervenors, including Iraq Abade, Abdirizak Abdi, Farhia Abdi, Habiba Abdi, Yusuf Abdi, Abdi Abdirahman, Wali Abdulkadir, Khadro Abdullahi, Nur Abdullahi, Mahad Abdulle, Abdullahi Adan, Liban Adan, Aden Aden, Halimo Aden, Sadi Mohamed Adan, Abdirizak Ahmed, Abdulkadir Ali, Ali Ali, Fardowsa Ali, Halawi Ali, Muhyodin Ali, Batula Awl, Abdiamar Bare, Mohamed Bunow, Nadifo Dahirali, Abdullahi Dirie, Aurala Dirshe, Abdullahi Dualle, Habibo Elmi, Hassan Abdi Farah, Muno Farah, Ahmed Gelle, Amino Nur Gure, Maryan Gure, Najima Handule, Hussein Hassan, Ibrahim Hassan, Sudi Hersi, Mohamed Horor, Rashid Hundule, Abshir Hussein, Sadiyo Hussein, Aden Ibrahim, Irshad Ibrahim, Halimo Iise, Ibrahim Iman, Mohamed Isse, Abdi Jama, Fatuma Jama, Istahil Jama, Mohamed Jama, Sahro Jama, Suhan Jama, Ahmed Khalif, Hibo Maalin, Ali Moalin, Abdikadir Mohamed, Asha Mohamed, Ayan Mohamed, Hodan Mohamed, Idris Ali Mohamed, Mohamed A. Mohamed, Mohamed Mohamed, Safia Mohamed, Najimo Muhumed, Nimo Muhumed, Zahra Abdi Muse, Kuresha Noor, Mohamed Noor, Dahir Nur, Qorane Omar, Abdiaziz Osman, Ahmed Osman, Farhan Osman, Osman Ossoble, Foos Sheikh, Hawa Sheikh, Nur Shube, Abdi Somow, Amina Warsame, Suled Warsame and Hashim Yusuf, all timely filed class-based Charges of Discrimination with the Equal Employment Opportunity Commission on behalf of

themselves and others similarly situated.   Accordingly, 79% of Plaintiffs/Intervenors filed

an individual charge.   Although not all Plaintiffs/Intervenors filed Charges of

Discrimination, all procedural prerequisites for filing of this suit have been met, as

Plaintiffs/Intervenors without charges are covered by the class-based charges in

accordance with the "single filing rule."   Under this doctrine, if one plaintiff has filed a

timely EEOC administrative complaint, then other individuals with claims arising out of

similar discriminatory treatment in the same time frame need not satisfy the filing

requirement.   *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191 (10th Cir. 2004); *Thiessen v.

General Elec. Corp.*, 267 F.3d 1095, 1110 (10th Cir. 2001) ("the purpose behind the single

filing rule is that it would be wasteful, if not vain, for numerous employees, all with the

same grievance, to have to process many identical complaints with the EEOC").

### III.   PARTIES

5. Iraq Abade, Abdirizak Abdi, Abdiwali Abdullahi Abdi, Farhia Abdi, Habiba Abdi, Yusuf

Abdi, Abdi Abdirahman, Wali Abdulkadir, Khadro Abdullahi, Mahamed Abdullahi, Nur

Abdullahi, Mahad Abdulle, Abdullahi Adan, Liban Adan, Aden Aden, Halimo Aden, Sadi

Mohamed Adan, Abdirizak Ahmed, Ahmed Ahmed, Abdulkadir Ali, Ali Ali, Fardowsa

Ali, Halawi Ali, Muhyodin Ali, Batula Awl, Abdiamar Bare, Mohamed Bunow, Nadifo

Dahirali, Abdulle Dame, Abdullahi Dirie, Aurala Dirshe, Abdullahi Dualle, Ambiyo Dude,

Habibo Elmi, Hassan Abdi Farah, Mohamud Farah, Mohamednoor Farah, Muno Farah,

Ahmed Fiqi, Ahmed Gelle, Amino Nur Gure, Maryan Gure, Khalfan Haji, Najima

Handule, Hussein Hassan, Ibrahim Hassan, Jamanoor Hassan, Sudi Hersi, Hawo Hirmoge,

Mohamed Horor, Rashid Hundule, Abshir Hussein, Omar Hussein, Sadiyo Hussein,
Aden Ibrahim, Irshad Ibrahim, Halimo Iise, Ibrahim Iman, Mohamed Isse, Abdi Jama,
Fatuma Jama, Istahil Jama, Mohamed Jama, Sahro Jama, Suhan Jama, Halimo Jigis, Ali
Hussein Karshe, Ahmed Khalif, Hibo Maalin, Deqa Mohammed, Mohamed Hassan Mire,
Ali Moalin, Abukar Mohamed, Abdikadir Mohamed, Asha Mohamed, Ayan Mohamed,
Halimo Mohamed, Hodan Mohamed, Idris Ali Mohamed, Mohamed A. Mohamed,
Mohamed Mohamed, Safia Mohamed, Sahro Mohamed, Abdi Mohamud, Najimo
Muhumed, Nimo Muhumed, Zahra Abdi Muse, Kuresha Noor, Mohamed Noor, Dahir
Nur, Qorane Omar, Yusuf Omar, Abdiaziz Osman, Ahmed Osman, Farhan Osman, Osman
Ossoble, Foos Sheikh, Hawa Sheikh, Nur Shube, Safiyo Sigad, Abdi Somow, Amina
Warsame, Suled Warsame and Hashim Yusuf ("Plaintiffs/Intervenors"), were at all times
relevant hereto, residents of the State of Colorado.

6. Defendant JBS USA, LLC is a Delaware limited liability company.

7. At all relevant times, Defendant has continuously been and is now doing business in the
State of Colorado, and has continuously had at least fifteen (15) employees.

8. At all relevant times, Defendant has continuously been an employer engaged in an industry
affecting commerce within the meaning of 42 U.S.C. §§ 2000e(b), (g) and (h) and 42
U.S.C. § 1981.

9. At all relevant times, Defendant was/is the employer of Plaintiffs/Intervenors within the
meaning of Title VII and § 1981.

## IV.   <u>GENERAL ALLEGATIONS</u>

10. More than thirty (30) days prior to the institution of this lawsuit, Iraq Abade, Abdirizak Abdi, Farhia Abdi, Habiba Abdi, Yusuf Abdi, Abdi Abdirahman, Wali Abdulkadir, Khadro Abdullahi, Nur Abdullahi, Mahad Abdulle, Abdullahi Adan, Liban Adan, Aden Aden, Halimo Aden, Sadi Mohamed Adan, Abdirizak Ahmed, Abdulkadir Ali, Ali Ali, Fardowsa Ali, Halawi Ali, Muhyodin Ali, Batula Awl, Abdiamar Bare, Mohamed Bunow, Nadifo Dahirali, Abdullahi Dirie, Aurala Dirshe, Abdullahi Dualle, Habibo Elmi, Hassan Abdi Farah, Muno Farah, Ahmed Gelle, Amino Nur Gure, Maryan Gure, Najima Handule, Hussein Hassan, Ibrahim Hassan, Sudi Hersi, Mohamed Horor, Rashid Hundule, Abshir Hussein, Sadiyo Hussein, Aden Ibrahim, Irshad Ibrahim, Halimo Iise, Ibrahim Iman, Mohamed Isse, Abdi Jama, Fatuma Jama, Istahil Jama, Mohamed Jama, Sahro Jama, Suhan Jama, Ahmed Khalif, Hibo Maalin, Ali Moalin, Abdikadir Mohamed, Asha Mohamed, Ayan Mohamed, Hodan Mohamed, Idris Ali Mohamed, Mohamed A. Mohamed, Mohamed Mohamed, Safia Mohamed, Najimo Muhumed, Nimo Muhumed, Zahra Abdi Muse, Kuresha Noor, Mohamed Noor, Dahir Nur, Qorane Omar, Abdiaziz Osman, Ahmed Osman, Farhan Osman, Osman Ossoble, Foos Sheikh, Hawa Sheikh, Nur Shube, Abdi Somow, Amina Warsame, Suled Warsame and Hashim Yusuf, current and former employees of Swift, filed class-based Charges of Discrimination with the EEOC on behalf of themselves and other similarly situated employees, alleging violations of Title VII by Defendant.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

12. Plaintiffs/Intervenors are Black, Muslim immigrants from Somalia.

13. Plaintiffs/Intervenors and other similarly aggrieved individuals are currently or were formerly employed by Defendant at its plant in Greeley, Colorado.

14. United Food and Commercial Workers Local #7 ("Union") is the exclusive bargaining representative for employees at the Swift plant in Greeley, Colorado.

15. According to the Muslim religion, Muslims must pray five (5) times a day in accordance with the Muslim prayer calendar.

16. Throughout their employment, Plaintiffs/Intervenors were and continue to be subjected to discrimination and a hostile work environment because of their race, color, national origin, and/or religion.

17. Throughout their employment, Plaintiffs/Intervenors were denied and continue to be denied the ability to pray.

18. Muslim employees at the Facility were harassed and continue to be harassed when they attempted or attempt to pray during scheduled breaks.

19. Muslim employees at the Facility were harassed and continue to be harassed when they attempted or attempt to pray during their bathroom breaks.

20. Muslim employees' requests to pray during bathroom breaks were and continue to be denied.

21. Plaintiffs/Intervenors were and continue to be subjected to harassing comments on the basis of their race (African), color (Black) national origin (Somali) and/or religion (Muslim).

22. Plaintiffs/Intervenors were and are motioned to "come here" by supervisors and/or co-workers with their finger, a gesture that is used to call animals in Somalia and was known to be derogatory in Plaintiffs/Intervenors' culture.   The gesture was used repeatedly by Swift managers even after they were notified that the gesture was offensive.

23. Managers, supervisors, and other employees regularly threw and throw blood, meat and/or bones at Plaintiffs/Intervenors.

24. Plaintiffs/Intervenors were and are regularly called names such as "Nigger," "Bitch," "Son of a Bitch," "Fucker," and "Bimbo."

25. There was and is offensive anti-Somali, anti-Muslim and anti-Black graffiti present in the restrooms.   For example, employees saw graffiti such as "Somalis are disgusting," Fuck Somalians," "Fuck Muslims," "Fuck Mohammed" and "Nigger."

26. Plaintiffs/Intervenors were offended by the above comments and actions and continue to be offended.

27. Plaintiffs/Intervenors were and are discriminatorily denied bathroom breaks and breaks to get a drink of water.

28. Plaintiffs/Intervenors were and are discriminatorily denied access to proper medical care for injuries/illnesses.

29. Plaintiffs/Intervenors were and are not properly treated for work-related injuries.

30. Plaintiffs/Intervenors were paid less than other employees, including not being given the requisite qualification pay increase that other employees received, or given the pay increase later than other employees, and not receiving overtime.

31. Plaintiffs/Intervenors complained about harassment based on race, color, national origin and/or religion, but Defendant failed to correct the hostile work environment.

32. Plaintiffs/Intervenors were retaliated against for complaining about harassment, discrimination and failure to accommodate their Muslim religion.

33. Plaintiffs/Intervenors were disciplined and continue to be disciplined more harshly than non-Somali and non-Muslim employees, or were disciplined for conduct that others were not.

### The Events Relating to Ramadan 2008

34. The requirement stated in the Qur'an that Muslims pray five (5) times a day is especially important during the holy month of Ramadan, when Muslims also fast during the day and only break their fast at sundown during their fourth prayer of the day.

35. Fasting during Ramadan requires no intake of either food or water before sunset.

36. The first day of the 2008 Ramadan holiday on which the charging parties reported to work, was Tuesday, September 2, 2008.

37. On September 2, 2008, at the conclusion of the B shift, at or around 11:45 p.m., between 40 and 100 Muslim employees went to Superintendent Juan Palacios' office to request that the meal break be moved from 9:15 p.m. to 7:30 p.m., so that the Muslim employees could pray in accordance with the requirements of their religion and break their fast within fifteen (15) minutes of sunset.

38. For the next two (2) shifts, Wednesday and Thursday, September 3 and 4, 2008, Swift accommodated the Muslim employees and had the meal break occur midway through the

shift, at 7:30 p.m.   From Friday, September 5, 2008 and thereafter, Swift refused to accommodate the Muslim employees and instead, moved the meal break to 8:00 p.m. on Friday and to 8:30 p.m. thereafter.   Muslim employees had suggested numerous ways their need to pray during the workday could be accommodated, but their suggestions were rejected.

39. On Friday, September 5, 2008, shortly before the Muslim employees believed their 7:30 p.m. break would occur, Swift decided to move the break to 8:00 p.m.

40. On September 5, 2008, at around 7:30 p.m., Swift stationed management employees at all of the exits, refused to allow the Muslim employees to leave the line and told them to return to their lines.

41. Swift shut off the water fountains and/or tagged them with red tags and yellow caution tape.

42. Red tags are usually used in the Swift facility to indicate rotten or spoiled meat.

43. Because the water fountains were unavailable for use, the Muslim employees were prevented from getting a drink of water, a drink they needed after fasting all day for Ramadan.

44. Because of Swift's actions, the Muslim employees were also prevented from washing up, a religious requirement before prayers.

45. At 8:00 p.m., the employees were allowed to take their break.

46. During the break, Swift management told the Muslim employees to go outside the facility.

47. When the Muslim employees attempted to re-enter the facility at the conclusion of the

break, Swift told them they could not return to work.

48. On Monday, September 8, 2008, Swift informed the Union that employees who had left the plant Friday evening had engaged in an "unauthorized work stoppage" and would be placed on an indefinite suspension.

49. On Tuesday, September 9, 2008, Swift decided that employees who left the facility Friday evening would be allowed to return to work and given a final written warning with Friday and Monday being treated as unpaid suspensions, provided they returned to work that day.

50. Swift did not contact each of the affected Muslim employees to tell them they were expected to return to work that day.

51. On Wednesday, September 10, 2008, Swift terminated all of the Muslim employees who had not returned to work on Tuesday, including employees who attempted to return to work on Wednesday and who told Swift that they did not know they were to return to work the previous day.

## V.    CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF – PATTERN OR PRACTICE OF DISCRIMINATORY TREATMENT BECAUSE OF RACE, COLOR, NATIONAL ORIGIN, RELIGION AND/OR RETALIATION**
**(42 U.S.C. § 2000e-2(a))**

52. Plaintiffs/Intervenors incorporate all other paragraphs as set forth fully herein.

53. Since last December 22, 2007, Defendant has engaged and continues to engage in a pattern or practice of unlawful discriminatory employment practices at its facility in Greeley, Colorado, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by discriminating against Plaintiffs/Intervenors with respect to the terms and conditions of

-12-

their employment because of their race, Black, color, black, national origin, Somali and religion, Muslim, and/or has retaliated against employees who requested a reasonable accommodation for their religion.

54. The pattern and/or practice of discriminatory treatment includes, without limitation, harassment, disparate treatment, denial of religious accommodation, retaliation against individuals who seek religious accommodation, and disciplining and discharging Somali Muslim employees because of their race, color, national origin, religion, and in retaliation for requesting religious accommodation or having religious accommodation requested on their behalf.

55. The effect of the practices complained of above has been to deprive Plaintiffs/Intervenors of equal employment opportunities and otherwise adversely affect their employment status because of their race, color, national origin, religion, and/or because they sought religious accommodation.

56. The unlawful employment practices complained of above were and are intentional.

57. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiffs/Intervenors.

**SECOND CLAIM FOR RELIEF – FAILURE TO ACCOMMODATE RELIGION**
**(42 U.S.C. § 2000e-2(a))**

58. Plaintiffs/Intervenors incorporate all other paragraphs as set forth fully herein.

59. Since at least December 22, 2007, Defendant has engaged and continues to engage in unlawful employment practices at its facilities in Greeley, Colorado, in violation of Section

703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by failing to reasonably accommodate its Muslim employees' religious practices and/or beliefs.

60. The effect of the practices complained of above has been to deprive Plaintiffs/Intervenors of equal employment opportunities and otherwise adversely affect their employment status because of their religion.

61. The unlawful employment practices complained of above were and are intentional.

62. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiffs/Intervenors.

**THIRD CLAIM FOR RELIEF – RETALIATION FOR REQUESTING RELIGIOUS ACCOMMODATION**
**(42 U.S.C. § 2000e-3)**

63. Plaintiffs/Intervenors incorporate all other paragraphs as set forth fully herein.

64. Since at least September 2008, Defendant has engaged and continues to engage in unlawful employment practices at is facilities in Greeley, Colorado, in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3 by disciplining and/or terminating Plaintiffs/Intervenors in retaliation for their requests for religious accommodation.

65. The effect of the practices complained of above has been to deprive Plaintiffs/Intervenors of equal employment opportunities and otherwise adversely affect their employment status because of their requests for religious accommodation.

66. The unlawful employment practices complained of above were and are intentional.

67. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiffs/Intervenors.

**FOURTH CLAIM FOR RELIEF – HOSTILE WORK ENVIRONMENT/HARASSMENT**
**(42 U.S.C. §§ 2000e-2(a))**

68. Plaintiffs/Intervenors incorporate all other paragraphs as set forth fully herein.

69. Since at least December 22, 2007, Defendant has engaged and continues to engage in unlawful employment practices at is facility in Greeley, Colorado, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by harassing Plaintiffs/Intervenors because of their race, Black, color, black, national origin, Somali and/or religion, Muslim.

70. The harassment of Plaintiffs/Intervenors was sufficiently severe and/or pervasive as to alter the terms and conditions of their employment.

71. Management employees participated in the harassment of Plaintiffs/Intervenors.

72. Management employees knew or should have known of the harassment of Plaintiffs/Intervenors.

73. Management employees failed to take appropriate action to prevent or promptly correct the harassment of Plaintiffs/Intervenors.

74. The effect of the practices complained of above has been to deprive Plaintiffs/Intervenors and other aggrieved individuals of equal employment opportunities and otherwise adversely affect their employment status because of their race, color, national origin, and/or religion.

75. The unlawful employment practices complained of above were and are intentional.

76. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiffs/Intervenors.

**FIFTH CLAIM FOR RELIEF – DISCRIMINATORY DISCIPLINE AND DISCHARGE**
**(42 U.S.C. §§ 2000e-2(a))**

77. Plaintiffs/Intervenors incorporate all other paragraphs as set forth fully herein.

78. Since at least September 2008, Defendant has violated and continues to violate Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by disciplining and discharging Plaintiffs/Intervenors and other aggrieved individuals because of their race, color, national origin, religion and/or in retaliation for requesting religious accommodation and/or in retaliation for engaging in protected activity by complaining about discrimination and/or harassment.

79. Plaintiffs/Intervenors were disciplined and discharged for allegedly engaging in a work stoppage, while non-Somali, non-Muslim employees were not disciplined for similar conduct.

80. Plaintiffs/Intervenors were directed not to come to work and/or were not allowed to return to their shift because of their race, color, national origin, religion, and/or because they had requested or needed a religious accommodation.   Defendant disciplined and discharged Plaintiffs/Intervenors for allegedly engaging in an unauthorized work stoppage when they failed to report to work as directed.   The effect of the practices complained of above has been to deprive Plaintiffs/Intervenors and other aggrieved individuals of equal employment opportunities and otherwise adversely affect their employment status because of their race, color, national origin, religion, and/or because they requested religious accommodation and/or because they complained of discrimination and/or harassment.

81. The unlawful employment practices complained of above were and are intentional.

82. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiffs/Intervenors.

**SIXTH CLAIM FOR RELIEF – RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY – COMPLAINTS OF DISCRIMINATION AND/OR HARASSMENT**
**(42 U.S.C. §§ 2000e-3 and 42 U.S.C. § 1981)**

83. Plaintiffs/Intervenors incorporate all other paragraphs as set forth fully herein.

84. Since at least December 22, 2007, Defendant has engaged and continues to engage in unlawful employment practices at its facilities in Greeley, Colorado, in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3 and U.S.C. § 1981, by retaliating against certain Plaintiffs/Intervenors including Abdirizak Abdi, Wali Abdulkadir, Nur Abdullahi, Mahad Abdulle, Abdullahi Adan, Fardowsa Ali, Abdullahi Dualle, Habibo Elmi, Hassan Abdi Farah, Muno Farah, Ibrahim Hassan, Rashid Hundule, Aden Ibrahim, Suhan Jama, Ali Moalin, Mohamed Mohamed, Dahir Nur, Amino Warsame, and other aggrieved individuals who engaged in protected opposition to Defendant's unlawful employment practices by complaining about discrimination and/or harassment.

85. In retaliation for Plaintiffs/Intervenors' and other aggrieved individuals' opposition to what they reasonable believed to be Defendant's unlawful discrimination against them, Defendant harassed, disciplined and/or terminated them from their employment.

86. The effect of the practices complained of above has been to deprive Plaintiffs/Intervenors and other aggrieved individuals of equal employment opportunities and otherwise adversely affect their employment status because of their protected activity.

87. The unlawful employment practices complained of above were and are intentional.

88. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiffs/Intervenors and other aggrieved individuals.

### SEVENTH CLAIM FOR RELIEF – DISCRIMINATORY TREATMENT BECAUSE OF RACE
### (42 U.S.C. § 1981)

89. Plaintiffs/Intervenors incorporate all other paragraphs as set forth fully herein.

90. Since last December 22, 2007, Defendant has engaged and continues to engage in a pattern or practice of unlawful discriminatory employment practices at its facility in Greeley, Colorado, in violation of 42 U.S.C. § 1981 by discriminating against Plaintiffs/Intervenors with respect to the terms and conditions of their employment because of their race, Black, color, black, national origin, Somali and religion, Muslim.

91. The pattern and/or practice of discriminatory treatment includes, without limitation, harassment, disparate treatment, and disciplining and discharging Plaintiffs/Intervenors because of their race, color, national origin and/or religion,.

92. The effect of the practices complained of above has been to deprive Plaintiffs/Intervenors of equal employment opportunities and otherwise adversely affect their employment status because of their race, color, national origin and/or religion.

93. The unlawful employment practices complained of above were and are intentional.

94. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiffs/Intervenors.

-18-

### EIGHTH CLAIM FOR RELIEF – HOSTILE WORK ENVIRONMENT/HARASSMENT
### (42 U.S.C. § 1981)

95. Plaintiffs/Intervenors incorporate all other paragraphs as set forth fully herein.

96. Since at least December 22, 2007, Defendant has engaged and continues to engage in unlawful employment practices at is facility in Greeley, Colorado, in violation of 42 U.S.C. § 1981 by harassing Plaintiffs/Intervenors because of their race, Black, color, black, national origin, Somali and/or religion, Muslim.

97. The harassment of Plaintiffs/Intervenors was sufficiently severe and/or pervasive as to alter the terms and conditions of their employment.

98. Management employees participated in the harassment of Plaintiffs/Intervenors.

99. Management employees knew or should have known of the harassment of Plaintiffs/Intervenors.

100.     Management employees failed to take appropriate action to prevent or promptly correct the harassment of Plaintiffs/Intervenors.

101.     The effect of the practices complained of above has been to deprive Plaintiffs/Intervenors and other aggrieved individuals of equal employment opportunities and otherwise adversely affect their employment status because of their race, color, national origin, and/or religion.

102.     The unlawful employment practices complained of above were and are intentional.

103.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiffs/Intervenors.

### NINTH CLAIM FOR RELIEF – DISCRIMINATORY DISCIPLINE AND DISCHARGE
### (42 U.S.C. § 1981)

104.     Plaintiffs/Intervenors incorporate all other paragraphs as set forth fully herein.

105.     Since at least September 2008, Defendant has violated and continues to violate 42 U.S.C. § 1981 by disciplining and discharging Plaintiffs/Intervenors and other aggrieved individuals because of their race, color, national origin, religion and/or in retaliation for requesting religious accommodation and/or in retaliation for engaging in protected activity by complaining about discrimination and/or harassment.

106.     Plaintiffs/Intervenors were disciplined and discharged for allegedly engaging in a work stoppage, while non-Somali, non-Muslim employees were not disciplined for similar conduct.

107.     Plaintiffs/Intervenors were directed not to come to work and/or were not allowed to return to their shift because of their race, color, national origin, religion, and/or because they had requested or needed a religious accommodation.   Defendant disciplined and discharged Plaintiffs/Intervenors for allegedly engaging in an unauthorized work stoppage when they failed to report to work as directed.   The effect of the practices complained of above has been to deprive Plaintiffs/Intervenors and other aggrieved individuals of equal employment opportunities and otherwise adversely affect their employment status because of their race, color, national origin, religion, and/or because they requested religious accommodation and/or because they complained of discrimination and/or harassment.

108.     The unlawful employment practices complained of above were and are intentional.

109.    The unlawful employment practices complained of above were done with malice or

with reckless indifference to the federally protected rights of Plaintiffs/Intervenors.

### PRAYER FOR RELIEF

Wherefore, Plaintiffs/Intervenors respectfully request that this Court:

1.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all

    person in active concert or participation with it, from engaging in any employment practice

    which discriminates on the basis of race, color, national origin, religion or retaliates against

    employees in violation of Title VII and/or § 1981.

2.  Order Defendant to institute and carry out policies, practices, and programs which provide

    equal employment opportunities for Somali individuals, Muslims, and employees who

    engaged in protected activity, and which eradicate the effects of its past and present

    unlawful employment practices.

3.  Order Defendant to make whole Plaintiffs/Intervenors by providing appropriate back pay,

    and actual damages in the amount to be shown at trial to compensate them for lost wages,

    benefits, and employment opportunities;

4.  Order Defendant to make whole Plaintiffs/Intervenors by providing appropriate front pay

    in an amount to be shown at trial;

5.  Order Defendant to make whole Plaintiffs/Intervenors by providing appropriate

    compensatory and punitive damages;

6.  Retain jurisdiction of this matter to ensure full compliance with the Orders of this Court;

7.  Award Plaintiffs/Intervenors reasonable attorneys' fees and costs of this litigation as

-21-

provided under Title VII and § 1981;

8. Award Plaintiffs/Intervenors pre-judgment and post-judgment interest and costs of this action together with reasonable expert witness fees as provided by law;

9. Declare that the acts and practices complained of herein are in violation of Title VII and § 1981 and constituted intentional and/or willful conduct by Defendant; and

10. Grant such other and further relief as this Court deems necessary and proper.

**JURY TRIAL DEMAND**

Plaintiffs/Intervenors request a jury trial on all questions of fact raised by their complaint.

Dated:   November 1, 2010

Respectfully submitted,

KING & GREISEN, LLP

By:   s/Diane S. King
         Diane S. King
         Ashley M. Kelliher
         1670 York St.
         Denver, CO 80206
         (303) 298-9878
         (303) 298-9879 (fax)

*Attorneys for Plaintiffs/Intervenors*

Plaintiffs/Intervenors' Mailing Addresses:

Iraq Abade
931 Grant St.
Ft. Morgan, CO 80701

Abdirizak Abdi
2633 Portland Ave.
Minneapolis, MN 55407

Abdiwali Abdullahi Abdi
P.O. Box 1294
Louisville, KY 40201

Farhia Abdi
1211 S. Quebec Way, Apt. #9-105
Denver, CO 80231

Habiba Abdi
8600 E. Jefferson Ave., #2-204
Denver, CO 80237

Yusuf Abdi
P.O. Box 894
Lexington, NE 68850

Abdi Abdirahman
14319 E. Montview Blvd., Unit #1-G
Aurora, CO 80011

Wali Abdulkadir
3726 S. 180th St., Apt. J-101
Seatac, WA 98188

Khadro Abdullahi
711 Deuel St., #3
Ft. Morgan, CO 80701

Mahamed Abdullahi
P.O. Box 132
Greeley, CO 80632

Nur Abdullahi
3246 Quincy St., Apt. B
Springfield, MA 01109

Mahad Abdulle
2257 Benson Garden Blvd., #1D
Omaha, NE 68134

Abdullahi Adan
1007 N. Monroe St., Apt. 5
Lexington, NE 68850

Liban Adan
4217 Rolling Ridge St., SE
Rochester, MN 55904

Adan Aden
2501 Willow St., A-21
South Sioux City, NE 68776

Halimo Aden
2108 N. Adams St., Apt. #12
Lexington, NE 68850

Sadi Mohamed Adan
1022 Mabel St.
Ft. Morgan, CO 80701

Abdirizak Ahmed
1217 29th St. Rd., Apt. 104
Greeley, CO 80631

Ahmed Ahmed
128 E. 1300S., #7
Salt Lake City, UT 84115

Abdulkadir Ali
2100 N. Adams, #1
Lexington, NE 68850

Ali Ali
5900 37th Ave. S., Apt D-13
Seattle, WA 98118

Fardowsa Ali
3210 W. 7th St., Apt. 29
Greeley, CO 80634

Halawi Ali

3121 Pillsbury Ave. S., #1808
Minneapolis, MN 55408

Muhyodin Ali
5353 E. 22nd St., #604
Tucson, AZ 85771

Batula Awl
2184 30th St., #413
Greeley, CO 80631

Abdiamar Bare
P.O. Box 166
Noel, MO 64854

Mohamed Bunow
1315 12th Ave., #7
Greeley, CO 80631

Nadifo Dahirali
311 E. 39th St., #C2
South Sioux City, NE 68776

Abdulle Dame
7250 Ranier Ave. S., Apt. B
Seattle, WA 98118

Abdullahi Dirie
P.O. Box 68130
Seatac, WA 98188

Aurala Dirshe
2022 17th St. SE, Apt. 127
Rochester, MN 55904

Abdullahi Dualle
P.O. Box 522
Lexington, NE 68850

Ambiyo Dude
48 Salem St., #511C

Portland, ME 04102

Habibo Elmi
2735 Blaisell Ave., Apt. 208
Minneapolis, MN 55408

Hassan Abdi Farah
1500 12th Ave., #306
Greeley, CO 80631

Mohamud Farah
1515 7th Ave., #305
Greeley, CO 80631

Mohamednoor Farah
1722 Billings St., Apt. 204
Aurora, CO 80011

Muno Farah
10990 E. 16th Ave., #E202
Aurora, CO 80010

Ahmed Fiqi
605 E. Labrador Blvd., Apt. 206
Garden City, KS 67846

Ahmed Gelle
2380 Bayside Dr., Apt. #102
Hilliard, OH 43026

Amino Nur Gure
2100 N. Adams St., Apt. 9
Lexington, NE 68850

Maryan Gure
1111 S. 8th St., #320N
Minneapolis, MN 55404

Khalfan Haji
407 E. 7th St.
Lexington, NE 68850

Najima Handule
605 Labrador Blvd., #221
Garden City, KS 67846

Hussein Hassan
P.O. Box 371031
Denver, CO 80237

Ibrahim Hassan
507 NW 72nd St., #201
Kansas City, MO 64118

Jamanoor Hassan
312 W. Mary St., Apt. G1
Garden City, KS 67846

Sudi Hersi
305 W. Mary St., #FF5
Garden City, KS 67846

Hawo Hirmoge
2108 N. Adams, #12
Lexington, NE 68850

Mohamed Horor
700 Olive St.,   #A
Kansas City, MO 64124

Rashid Hundule
P.O. Box 894
Lexington, NE 68850

Abshir Hussein
1016 E. 17th St., #436
South Sioux City, NE 68776

Omar Hussein
P.O. Box 1089
Noel, MO 64854

Sadiyo Hussein
1524 11th St., Apt. #23
Greeley, CO 80631

Aden Ibrahim
216 E. Kiowa Ave., #201
Ft. Morgan, CO 80701

Irshad Ibrahim
2104 N. Adams, Apt. #12
Lexington, NE 68850

Halimo Iise
5052 Wightman St., Apt. 6
San Diego, CA 92105

Ibrahim Iman
1515 7th Ave., Apt. #207
Greeley, CO 80631

Mohamed Isse
310 State St., Apt. #4
Ft. Morgan, CO 80701

Abdi Jama
1526 Verbena St.
Denver, CO 80220

Fatuma Jama
2104 N. Adams, Apt. #12
Lexington, NE 68850

Istahil Jama
3074 Cassady Village Trail, #12
Columbus, OH 43219

Mohamed Jama
4048 Burnell Circle E.
Columbus, OH 43224

Sahro Jama

419 Cedar Ave. S., #187
Minneapolis, MN 55404

Suhan Jama
246 Auburn St., #82
Portland, ME 04103

Halimo Jigis
12 W. 22nd St., #207
Minneapolis, MN 55404

Ali Hussein Karshe
2102 N. Adams St., #7
Lexington, NE 68850

Ahmed Khalif
14319 E. Montview Blvd, Unit #1-G
Aurora, CO 80011

Hibo Maalin
1217 29th St. Rd., Apt. #109
Greeley, CO 80631

Deqa Mohammed
9061 Seward Park Ave. S., Bldg. 27, Apt. 286
Seattle, WA 98118

Mohamed Hassan Mire
1405 19th Ave. S.E., #204
Willmar, MN 56201

Ali Moalin
1400 N. Tyler St., #7
Lexington, NE 68850

Abukar Mohamed
2104 N. Adams St., #9
Lexington, NE 68850

Abdikadir Mohamed
P.O. Box 5274

Amarillo, TX 79117

Asha Mohamed
9061 Seward park Ave. S., Bldg. 2-204
Seattle, WA 98118

Ayan Mohamed
2631 Columbus Ave., Apt. #309
South Minneapolis, MN 55407

Halimo Mohamed
1400 Autumn Dr., #304
Fairibault, MN 55021

Hodan Mohamed
1736 Missouri Ave., Apt. #D
Kansas City, MO 64106

Idris Ali Mohamed
P.O. Box 31761
Omaha, NE 68132

Mohamed A. Mohamed
1217 29th St. Rd., #112
Greeley, CO 80631

Mohamed Mohamed
3444 W. Alaska Place
Denver, CO 80219

Safia Mohamed
1455 Marion Rd. SE, Apt. #201
Rochester, MN 55904

Sahro Mohamed
1247 St. Anthony Ave., Apt. 2209
St. Paul, MN 55104

Abdi Mohamud
10998 E. 16th Ave., Apt. 103
Aurora, CO 80010

Najimo Muhumed
2108 N. Adams St., Apt. #12
Lexington, NE 68850

Nimo Muhumed
11185 Anderson Lakes Pkwy., #310
Eden Prairie, MN 55344

Zahra Abdi Muse
1505 Marion Rd., SE, Apt. #201
Rochester, MN 55904

Kuresha Noor
1773 30th St., Apt. #3
Greeley, CO 80631

Mohamed Noor
1736 Missouri Ave., Apt. #D
Kansas City, MO 64106

Dahir Nur
1815 E. Yesler Way
Seattle, WA 98122

Qorane Omar
3444 W. Alaska Pl.
Denver, CO 80219

Yusuf Omar
1356 Maynard Dr. E., Apt. 252
St. Paul, MN 55116

Abdiaziz Osman
15552 E. 12th Ave., Apt. 201
Aurora, CO 80011

Ahmed Osman
921 12th St., #301
Greeley, CO 80631

Farhan Osman
15552 E. 12th Ave., #201
Aurora, CO 80011

Osman Ossoble
300 Neely Ave., #3F
Shelbyville, TN 37160

Foos Sheikh
2222 Bellwood Dr., Apt. 15
Grand Island, NE 68801

Hawa Sheikh
306 E. Division Pl., #3
Dodge City, KS 67801

Nur Shube
1544 11th St., Apt. #504
Greeley, CO 80631

Safiyo Sigad
3706 S. 68th Plaza, #187
Omaha, NE 68106

Abdi Somow
P.O. Box 1773
Dodge City, KS 76801

Amina Warsame
3087 Cassady Village, Apt. F-6
Columbus, OH 43219

Suled Warsame
2444 1st Ave., #9
Greeley, CO 80631

Hashim Yusuf
1600 Bale St., Apt. 148
Amarillo, TX 79107

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 1st day of November, 2010, that the foregoing COMPLAINT IN INTERVENTION AND JURY DEMAND was electronically filed via CM/ECF which will send notification of such filing to the following email addresses:


Bernie Siebert
Heather Vickles
SHERMAN & HOWARD, LLC
bsiebert@shermanhoward.com
hvickles@shermanhoward.com


Rita Byrnes Kittle
Stephanie Struble
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Rita.kittle@eeoc.gov
Stephanie.struble@eeoc.gov


<u>s/Dianne Von Behren</u>
Dianne Von Behren
Paralegal

-33-