**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:  10-CV-02103-PAB-KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,
        Plaintiff,

and

IRAQ ABADE, *et al.*,
        Plaintiffs-Intervenors,

and

MARYAN ABDULLE, *et al.*,
        Plaintiffs-Intervenors,

v.

JBS USA, LLC, d/b/a/ JBS SWIFT & COMPANY,
        Defendant.

---

***ABADE*, *ET AL.* INTERVENORS' SUBMISSION OF ADDITIONAL INFORMATION
IN ACCORDANCE WITH DOCKET NO. 99**

---

        Abade, *et al*. Plaintiffs-Intervenors, ("Abade Intervenors) by and through their counsel,

hereby submit additional information in accordance with this Court's Order of June 9, 2011,

(Docket No. 99).

## I.        INTRODUCTION

        On June 9, 2011, this Court entered an order directing the Abade, *et al.* Intervenors to

submit in writing the factual basis for using the single filing or "piggyback" rule for the twenty

(20) intervenors who did not file charges of discrimination.  Docket No. 99 at 22-24. Those

summaries are below. Additionally, the intervenors have attached copies of a properly exhausted charge upon which each intervenor proposes to piggyback his or her claims.

## II.    SINGLE FILING STANDARD FOR "PIGGYBACKING" ON CHARGES OF DISCRIMINATION

Although not all Abade Intervenors filed charges of discrimination, those who did not are covered by the class-based charges of the filing intervenors in accordance with the "single filing rule." Under this doctrine, which is recognized by the Tenth Circuit, if a plaintiff has filed a timely EEOC administrative complaint, then *others with claims arising out of similar discriminatory treatment in the same time frame* need not also satisfy the filing requirement. *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1197 (10th Cir. 2004); *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1110 (10th Cir. 2001) ("the act of filing a charge is deemed 'useless' in situations in which the employer is already on notice that plaintiffs may file discrimination claims, thus negating the need for additional filings"). Moreover, numerous courts, including other courts sitting in the District of Colorado, have held that applicants are entitled to intervene in Title VII actions regardless of whether they filed an EEOC charge. *See EEOC v. Outback Steakhouse*, 245 F.R.D. 657, 660 (D. Colo. 2007); *EEOC v. Albertson's, LLC*, 247 F.R.D. 638, 642 (D. Colo. 2007) (single filing rule applies in EEOC enforcement actions).

The single filing rule application is premised on the existence of a valid, properly exhausted charge upon which the intervenors could piggyback. *EEOC v. Albertson's LLC*, 579 F. Supp. 2d 1342, 1345 (D. Colo. 2008). Applying the single filing rule requires assessing the content and time frame of the claims of those individuals who filed charges with those who did not. *Foster*, 365 F.3d at 1191; ECF 99, at 23.

Here, this Court has already ruled that the Abade Intervenors who filed charges properly exhausted their administrative remedies. Docket No. 99 at 21. Thus, where those Abade charges are similar in content and time frame to those intervenors who did not file charges, those charges may be used for piggybacking.

Accordingly, along with each non-filing intervenor listed below is the name and employment information for an intervenor the Court found to have properly exhausted his or her administrative remedies by filing a charge.  Due to the similarity in discriminatory treatment and time frame in which the treatment occurred, the non-filing intervenors propose to piggyback on the charges filed by the filing intervenors listed below.[1]

### III.    ABADE INTERVENORS WHO DID NOT FILE CHARGES CAN PIGGYBACK ON VALID EEO CHARGES

The Abade Intervenors who did not file charges of discrimination are:  Abdiwali Abdullahi Abdi, Mahamed Abdullahi, Ahmed Ahmed, Abdulle Dame, Ambiyo Dude, Mohamud Farah, Mohamednoor Farah, Ahmed Fiqi, Khalfan Haji, Jamanoor Hassan, Hawo Hirmoge, Omar Hussein, Halimo Jigis, Ali Hussein Karshe, Mohamed Hassan Mire, Abukar Mohamed, Halimo Mohamed, Deqa Mohammed, Yusuf Omar and Safiyo Sigad.

The following information describes the circumstances of each non-filing intervenor's employment with JBS Swift.  The information includes each intervenor's dates of employment, the area in which he or she worked, including line number and department, and his or her supervisor's name when available.

---

[1]  The filed charge should also provide the employer notice of the collective or class-wide nature of the charge. *Foster*, 365 F.3d at 1198-99*; Albertson's*, 579 F. Supp. 2d at 1345.  All of the charges upon which the non-filing intervenors propose to piggyback are class-based charges.

1. **Mr. Abdiwali Abdullahi Abdi** worked for JBS Swift from on or around August 11, 2008 to September 10, 2008.  He worked the B Shift on Line 206 in the Fabrication Department.  He was supervised by Mendez.  Mr. Abdi proposes to piggyback on the charge filed by Mr. Abdirizak Ahmed.  Attachment 1.  Messrs. Abdi and Ahmed suffered similar discriminatory treatment in the same time frame during their employment at Swift.  Mr. Ahmed worked for Swift from on or around June 30, 2008 to September 10, 2008 on the B Shift on Line 206 in the Fabrication Department.  He does not know his supervisor's name, but remembers that he was supervised by a Hispanic male.

2. **Mr. Ahmed Ahmed** worked for JBS Swift from on or around July 14, 2008 to September 10, 2008.  He worked the B Shift in the Fabrication Department.  Mr. Ahmed does not know who his supervisor was.  Mr. Ahmed proposes to piggyback on the charge filed by Mr. Liban Adan, who worked for Swift from on or around July 24, 2008 to September 10, 2008 on the B Shift on Line 211 in the Fabrication Department. Attachment 2.

3. **Mr. Abdulle Dame** worked for JBS Swift from on or around July 14, 2008 to September 10, 2008.  He worked the B Shift on Line 213 in the Fabrication Department.  He was supervised by Hecham.  Mr. Dame proposes to piggyback on the charge filed by Mr. Aden Aden, who worked for Swift from on or around August 4, 2008 to September 10, 2008 on the B Shift on Line 213 in the Fabrication Department.  Attachment 3.

4. **Ms. Ambiyo Dude** worked for JBS Swift from August 18, 2008 to September 10, 2008.  She worked the B Shift on Line 213 in the Fabrication Department.  She was supervised by a Hispanic male, but she does not know his name.  Ms. Ambiyo Dude proposes to

piggyback on the charge filed by Ms. Aurala Dirshe, who worked for Swift from on or around August 15, 2008 to September 10, 2008 on the B Shift on Lines 210 and 213 in the Fabrication Department.  Attachment 4.

5. **Mr. Ahmed Fiqi** worked for JBS Swift from on or around August 18, 2008 to September 10, 2008.  He worked the B Shift on Line 206 in the Fabrication Department.  He was supervised by "George."  Mr. Fiqi proposes to piggyback on the charge filed by Mr. Abdirizak Ahmed, who worked for Swift from on or around June 30, 2008 to September 10, 2008 on the B Shift on Line 206 in the Fabrication Department.  Attachment 1.

6. **Mr. Khalfan Haji** worked for Swift from on or around May 19, 2008 to September 10, 2008.  He worked the B Shift in the Fabrication Department.  Mr. Haji proposes to piggyback on the charge filed by Mr. Nur Abdullahi, who worked for Swift from on or around May 5, 2008 to September 10, 2008 on the B Shift on Line 224 in the Fabrication Department.  Attachment 5.  Messrs. Haji and Abdullahi were both supervised by Lorenzo Morales.

7. **Mr. Jamanoor Hassan** worked for JBS Swift from on or around August 11, 2008 to September 10, 2008.  He worked the B Shift on Lines 7 and 225 in the Fabrication Department.  Mr. Hassan proposes to piggyback on the charge filed by Mr. Abdullahi Adan, who worked for Swift from on or around June 23, 2008 to September 10, 2008 on the B Shift on Line 225 in the Fabrication Department.  Attachment 6.  Messrs. Hassan and Adan were both supervised by Lorenzo Morales.

8. **Ms. Hawo Hirmoge** worked for JBS Swift from on or around August of 2008 to September 10, 2008.  She worked the B Shift on Line 209 in the Fabrication Department.

Ms. Hirmoge proposes to piggyback on the charge filed by Ms. Zahra Abdi Muse, who worked for Swift from on or around July 21, 2008 to September 10, 2008 on the B Shift on Line 204 in the Fabrication Department.  Attachment 7.  Mses. Hirmoge and Muse were both supervised by Lisa Rivera.

9. **Mr. Omar Hussein** worked for JBS Swift from on or around late August of 2008 to September 10, 2008.  He worked the B Shift on Line 229 in the Fabrication Department. He was supervised by Roman.  Mr. Hussein proposes to piggyback on the charge filed by Mr. Abdullahi Dualle, who worked for Swift from on or around May 27, 2008 to September 10, 2008 on the B Shift on Line 229 in the Fabrication Department. Attachment 8.

10. **Ms. Halimo Jigis** worked for JBS Swift from on or around February 11, 2008 to September 10, 2008.  She worked the B Shift in the Fabrication Department.  Ms. Jigis proposes to piggyback on the charge filed by Ms. Hawa Sheikh, who worked for Swift from on or around May 19, 2008 to September 10, 2008 on the B Shift on Line 205 in the Fabrication Department.  Attachment 9.  Mses. Jigis and Sheikh were both supervised by Lorenzo Morales.

11. **Mr. Mohamed Hassan Mire** worked for JBS Swift from on or around March 17, 2008 to September 10, 2008.  He worked the B Shift on Line 208 in the Fabrication Department.  Mr. Mire proposes to piggyback on the charge filed by Mr. Mohamed Bunow, who worked for Swift from on or around February 17, 2008 to September 10, 2008 on the B Shift on Line 208 in the Fabrication Department.  Attachment 10.  Messrs. Mire and Bunow were both supervised by Saul Barrera.

12. **Mr. Abukar Mohamed** worked for JBS Swift from on or around June 23, 2008 to September 10, 2008.  He worked the B Shift on Line 206 in the Fabrication Department. He was supervised by a Hispanic male.  Mr. Mohamed proposes to piggyback on the charge filed by Mr. Abdirizak Ahmed, who worked for Swift from on or around June 30, 2008 to September 10, 2008 on the B Shift on Line 206 in the Fabrication Department. Attachment 1.

13. **Ms. Halimo Mohamed** worked for JBS Swift from on or around June 1, 2008 to September 10, 2008.  She worked the B Shift on Line 205 in the Fabrication Department. She was supervised by Lisa Rivera.  Ms. Mohamed proposes to piggyback on the charge filed by Ms. Hawa Sheikh, who worked for Swift from on or around May 19, 2008 to September 10, 2008 on the B Shift on Line 205 in the Fabrication Department. Attachment 9.

14. **Ms. Deqa Mohammed** worked for JBS Swift from on or around September 10, 2007 to September 10, 2008.  She worked the B Shift in the Packaging Department.  Ms. Mohammed proposes to piggyback on the charge filed by Ms. Amina Warsame, who worked for Swift from on or around September 10, 2007 to September 10, 2008 on the B Shift on Line 216 in the Packaging Department.  Attachment 11.  Mses. Mohammed and Warsame were both supervised by Jesus Carillo.

15. **Mr. Yusuf Omar** worked for JBS Swift from on or around July 14, 2008 to September 10, 2008.  He worked the B Shift on Line 211 in the Fabrication Department.  Mr. Omar proposes to piggyback on the charge filed by Mr. Rashid Hundule, who worked for Swift from on or around June 9, 2008 to September 10, 2008 on the B Shift on Line 211 in the

Fabrication Department.  Attachment 12.  Messrs. Omar and Hundule were both supervised by Roberto.

16. **Ms. Safiyo Sigad** worked for JBS Swift from on or around January 14, 2008 to September 10, 2008.  She worked the B Shift on Line 217 in the Packaging Department. Ms. Sigad proposes to piggyback on the charge filed by Ms. Farhan Osman, who worked for Swift from on or around February 25, 2008 to September 10, 2008 on the B Shift on Line 217 in the Packaging Department.  Attachment 13.  Mses. Sigad and Osman were both supervised by Jesus Carillo.

17. **Ali Hussein Karshe** worked for JBS Swift before Ramadan 2008 and left after Ramadan 2008.  He worked the B Shift on Line 215 in the Fabrication Department.  Mr. Karshe proposes to piggyback on the charge filed by Mr. Abdullahi Dirie, who worked for Swift from on or around February 25, 2008 to October 17, 2008 on the B Shift on Lines 206 and 217.  Attachment 14.  Messrs. Karshe and Dirie were both supervised by Jorge Alvarado.

18. **Mr. Mohamednoor Farah** worked for JBS Swift from on or around September 17, 2007 to September 14, 2009.  He worked the B Shift on Lines 208 and 205 in the Fabrication Department.  He was supervised by Lorenzo Morales, Jose Santiella and "Diana."  Mr. Farah proposes to piggyback on the charge filed by Ms. Muno Farah, who worked for Swift from on or around September 4, 2007 to March 10, 2009 on the B Shift in the Fabrication Department.  Attachment15.

19. **Mr. Mahamed Abdullahi** is still currently employed at Swift and has worked there since April 21, 2008.  He works the B Shift in the Packaging Department.  His supervisor is

Lawrence.  Mr. Abdullahi proposes to piggyback on the charge filed by Mr. Mohamed A.
Mohamed.  Attachment 16.  Messrs. Abdullahi and Mohamed have suffered similar
discriminatory treatment in the same time frame during their employment at Swift.  Mr.
Mohamed began working for Swift on or around February 4, 2008 and still works there.
He works the B Shift in the Packaging Department.

20. **Mr. Mohamud Farah** has worked for JBS Swift from November 5, 2007 to the present.
He works the B Shift on Line 194 in the Fabrication Department.  He has been supervised
by Dustin and Mary G.  Mr. Farah proposes to piggyback on the charge filed by Mr.
Ahmed Osman, who began working for Swift on or around March 31, 2007 on the B
Shift on Line 209 in the Fabrication Department and still works there.  Attachment 17.

## IV.  IN THE ALTERNATIVE, NON-FILING ABADE INTERVENORS CAN PIGGYBACK ON THE CHARGE FILED BY PLAINTIFF HAWO JAMA SALAD

In its June 9, 2011 Order, this Court indicated that despite the verification issue,
Intervenors' charges were timely and were administratively exhausted.  Alternatively, the
intervenors listed above can also piggyback onto the class-based charge filed by Ms. Hawo Jama
Salad, currently an Intervenor in this action.  Attachment 18.[2]   Ms. Salad properly exhausted her
administrative remedies by filing with the EEOC within the requisite 300-day time period.  Ms.
Salad worked for Swift from on or around July 28, 2008 to September 10, 2008, during the same
time period as the intervenors listed above.  *Foster*, 365 F.3d at 1197; *Thiessen*, 267 F.3d at
1110.  The non-filing intervenors make complaints similar to Ms. Salad's, including that they
were denied restroom, water and prayer breaks, they were harassed about their religion, and they

---

[2]  Although Ms. Salad's charge was signed on July 17, 2009, she previously submitted an EEOC questionnaire to the
EEOC on March 8, 2009, well within the 300 days for filing a charge, which is included in the Attachment.

were given less desirable duties and additional work.  *Id.*  Many of them also complained to management and Human Resources about adverse conditions, but their complaints went unaddressed.  Accordingly, all the non-filing intervenors could have filed charges when Ms. Salad's charge was filed.  *Id.*

Furthermore, the piggybacking rule applies to similarly situated plaintiffs whose discrimination claims involve the same termination event.  *Foster*, 365 F.3d at 1198-99.  Like Ms. Salad, the majority of the non-filing intervenors (80%), were terminated as a result of the events that occurred during Ramadan in 2008.  Similarly to Ms. Salad, these intervenors were told by Swift management to leave the facility on September 5, 2008, and when they returned on September 10, 2008, they were terminated.  All of the above listed intervenors were employed by Swift during Ramadan 2008.

For the foregoing reasons, the above listed non-filing intervenors should be allowed to proceed in this case by piggybacking their claims onto the charges attached and listed above (Attachments 1-17) and in the alternative, on the charge filed by Ms. Salad (Attachment 18).

DATED this 30th day of June, 2011.

Respectfully submitted,

KING & GREISEN, LLP
   By:   s/Diane S. King
         Diane S. King
         Ashley M. Kelliher
         1670 York St.
         Denver, CO  80206
         (303) 298-9878
         (303) 298-9879 (fax)

*Attorneys for Abade, et al. Plaintiffs-Intervenors*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of June, 2011, that the foregoing ABADE *ET AL.* INTERVENORS' BRIEF IN RESPONSE TO ORDER ON MOTION TO DISMISS was electronically filed via CM/ECF which will send notification of such Filing to the following email addresses:

Rita Byrnes Kittle       rita.kittle@eeoc.gov
Stephanie Struble        stephanie.struble@eeoc.gov
Andrew Winston           andrew.winston@eeoc.gov
William Moench           william.moench@eeoc.gov
Iris Halpern             iris.halpern@eeoc.gov

*Attorneys for the U.S. Equal Employment Opportunity Commission*

Rajasimha Raghunath rraghunath@law.du.edu
Rhonda Brownstein   rbrownstein@law.du.edu

*Attorneys for the Maryan Abdulle, et al. Plaintiffs-Intervenors*

W. V. Siebert            bsiebert@shermanhoward.com
Heather Fox Vickles      hvickles@shermanhoward.com
Raymond M. Deeny         rdeeny@shermanhoward.com

*Attorneys for Defendant JBS Swift & Company*

s/ Dianne Von Behren
Dianne Von Behren, Paralegal
King & Greisen, LLP