IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-02103-PAB-KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

      Plaintiff,

and

IRAQ ABADE, et al.,

      Plaintiffs-Intervenors,

v.

JBS USA, LLC, d/b/a JBS Swift & Company,

      Defendant.
_____

### ORDER GRANTING LEAVE TO INTERVENE AS A MATTER OF RIGHT
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on an **Opposed Motion for Leave to Intervene as Party Plaintiffs** [Docket No. 95; Filed May 27, 2011] (the "Motion").  Defendant filed a Response in opposition to the Motion on June 7, 2011 [Docket No. 97].  Given arguments raised in the Response, and the District Judge's recent Order addressing motions to dismiss related to Plaintiffs-Intervenors already in the case, the Court directed the proposed Intervenors ("Applicants") to file a Reply which addresses exhaustion and the single filing rule.  *See Order* [#101] at 1; *see also Order* [#99] at 30.  Applicants filed a Reply on June 21, 2011 [Docket No. 103].  The Motion has been fully briefed and is ripe for resolution.  For the reasons set forth below,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**.  Fartun Adan, Khadra Aden, Asli Ali, Abdi Bulle, Abdikher Bunow, Abdiaziz Elmi, Ahmed Farah, Mohamed Hirsi, Ubah Hussein, Qadra Ibrahim, Jama Ismail and Fadumo Mohamed are given leave to intervene in this action.  However, given the number of Plaintiffs-Intervenors already in this case, the caption may remain as set forth above.

The lawsuit pertains to employment discrimination claims asserted against Defendant by a group of individuals either represented by the Equal Employment Opportunity Commission ("EEOC") or Plaintiffs-Intervenors (collectively, the "Claimants").[1] The class-based claims assert allegations of harassment and discriminatory discipline and discharge on the basis of Claimants' race (Black), national origin (Somalian) and religion (Muslim).  *Complaint* [#1] at 3-4; *see also Intervention Complaint* [#40] at 4; *Amended Intervention Complaint* [#61] at 23.  The conduct at issue is alleged to have occurred throughout the duration of Claimants' employment by Defendant and specifically since December 2007.  *See, e.g., Complaint* [#1] at 3-5, 7.  In addition, Claimants raise issues pertaining to Defendant's treatment of them during the Ramadan holy month in September 2008.  *See, e.g., id.* at 5-7.  Claimants also contend that the discriminatory practices continue, although many are now no longer employed by Defendant.  *See, e.g., id.* at 4-5.

Applicants seek to raise similar or identical class-based claims of discrimination or harassment based on their race (Black), national origin (Somalian) and religion (Muslim).

---

[1] Current Plaintiffs-Intervenors are made up of two groups of Claimants.  The first group, the "Iraq Abade Intervenors," were granted leave to intervene on November 2, 2010 [Docket No. 16].  Their operative pleading is an Amended Complaint filed on January 10, 2011 [Docket No. 61].  The second group, the "Maryann Abdulle Intervenors," were granted leave to intervene on November 29, 2010 [Docket No. 37], and their operative Complaint was accepted for filing on that day [Docket No. 40].

Applicant Abdiaziz Elmi also seeks to raise a retaliation claim related to his opposition to Defendant's employment practices at issue here.   As such, the proposed Intervenors contend that their "discrimination claims are inextricably linked to the discrimination claims asserted by [Claimants]." *Motion* [#95] at 3.

Pursuant to Fed. R. Civ. P. 24(a)(1), "[o]n timely motion, the court must permit anyone to intervene who . . . is given an unconditional right to intervene by a federal statute."   Here, Plaintiffs contend that their Motion is timely and that they are "persons aggrieved" within the meaning of 42 U.S.C. § 2000e-5(f)(1) and, as such, have an unconditional statutory right to intervene in the present lawsuit.   Defendant acknowledges that the proposed Complaint in Intervention is nearly identical to the two Complaints filed earlier by Plaintiffs-Intervenors.   *See Response* [#97] at 3.   However, and although Defendant did not oppose intervention by the two prior groups, Defendant now argues that Applicants' Motion is not timely and that Applicants who failed to exhaust are not aggrieved persons within the meaning of the statute.   I reject both contentions.

## A.     Timeliness of Motion

While admittedly, there was a nine-month delay between the filing of the lawsuit and the present Motion, the general length of time is not the prevailing concern.   Rather, "[t]he timeliness of a motion to intervene is assessed 'in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances.'"   *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001) (noting that "absolute measures of timeliness should be ignored") (citations omitted) .

Moreover, of the proper timeliness considerations, prejudice to the existing parties is the prevailing concern and, where none is evident, intervention should likely be permitted. *Id.* Finally, "[t]he prejudice prong of the timeliness inquiry 'measures prejudice caused by the intervenors' delay – not by intervention itself.'" *Id.* at 1251 (citation omitted).

This case has been at a virtual standstill since November 16, 2011, when the parties jointly agreed to postpone the Scheduling Conference until the Motion to Bifurcate was resolved [Docket No. 29]. Since that time, the majority of case resources have been spent briefing the Motion to Bifurcate [Docket No. 28] and other dispositive motions [Docket Nos. 12, 52 & 64]. The Motion to Bifurcate remains pending. As such, permitting intervention at this time, and while the voluntary stay is in effect, would not appear to have significant impact on the parties. In other words, given that the train has barely left the train station, it has not yet gone too far down the tracks to stop and let Applicants get on. *See generally Herrera v. Zavares*, No. 09-cv-01229-MSK-KLM, 2010 WL 3853312, at *14 (D. Colo. Sept. 28, 2010) (unpublished decision).

Defendant's argument that intervention would make an already unwieldy case even more cumbersome, while arguably true, is beside the point. *See Utah Ass'n*, 255 F.3d at 1250-51. Assuming that Applicants have a statutory right to intervene, which is addressed below, Defendant's alleged prejudice due to the intervention itself is not the focus of the timeliness consideration. Here, no Scheduling Conference has been conducted, no Scheduling Order or case deadlines entered, no discovery exchanged, no motions for summary judgment adjudicated. Because the prejudice put forth by Defendant is "a function of intervention itself" and the case is "far from ready for final disposition," the timing

4

of the Motion does not bar its success.  *Id.*

A consideration of the remaining timeliness factors do not prompt a different result. First, Applicants credibly argue that their lack of legal knowledge, lack of education and familiarity with the American justice system, and transient nature interfered with their ability to learn of their interest in the case.  Second, the Court credits Applicants' contention that forcing them to file a separate lawsuit "alongside this action could raise issues of collateral estoppel, further stretch judicial resources, and risk conflicting outcomes." *Reply* [#103] at 7-8.  The Court equates these contentions to prejudice that may be suffered by Applicants were they not permitted to intervene on the basis of the delay.  Finally, there are no unusual circumstances at play in this case relating to the timing of the Motion that would otherwise prohibit intervention at this stage of the case.  Accordingly, I find that the Motion is timely within the meaning of Fed. R. Civ. P. 24(a).

**B.    Application of Statute**

As a preliminary matter, apart from the timeliness issue raised by Defendant in relation to all Applicants, Defendant does not appear to be arguing that the Applicants who filed EEOC charges do not have an unconditional statutory right to intervene.  Rather, Defendant's argument here appears to be limited to those Applicants who did not file EEOC charges.  *See Response* [#97] at 5 (arguing only that the Applicants "who did not file administrative charges [have not]. . . establish[ed] they are 'aggrieved individuals'").  Specifically, Defendant contends that the single filing rule does not apply to the latter Applicants to excuse their nonexhaustion and, therefore, they do not have an unconditional statutory right to intervene.  In addition, Defendant argues that the latter Applicants are not

"persons aggrieved" within the meaning of the statute upon which they seek to justify their right to intervene.  *See* 42 U.S.C. § 2000e-5(f)(1); Fed. R. Civ. P. 24(a)(1).

Prior to addressing Defendant's arguments, the Court directed Applicants to submit additional information regarding which of them filed charges of discrimination with the EEOC and which of them did not but are relying on the single filing rule to excuse that failure.  The Court also directed Applicants who filed EEOC charges to detail their claims and directed each Applicant relying on the single filing rule to "summarize the factual allegations of his or her claim and attach a properly exhausted charge upon which the [proposed] [I]ntervenor proposes to piggyback."  *Order* [#101] at 1 (quoting *Order* [#99] at 30).  Applicants represent that Fartun Adan, Asli Ali, Abdikher Bunow, Abdiaziz Elmi and Ubah Hussein filed EEOC charges and attached the charges to the Reply [Docket No. 103-1].  *Reply* [#103] at 2.  The remaining Applicants, Khadra Aden, Abdi Bulle, Ahmed Farah, Mohamed Hirsi, Qadra Ibrahim, Jama Ismail and Fadumo Mohamed, seek to piggyback on Fartun Adan's EEOC charge [Docket No. 103-1 at 1-5].

Generally, exhaustion of an individual's discrimination claim with the EEOC is a jurisdictional prerequisite to suit.  *EEOC v. Albertson's LLC*, 579 F. Supp. 2d 1342, 1345 (D. Colo. 2008).  However, the single filing rule permits "an individual who has not filed an administrative charge [to] opt-in to a suit filed by any similarly situated plaintiff under certain conditions."  *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1110 (10th Cir. 2001).  The exception addresses situations where strict compliance with jurisdictional prerequisites to suit are outweighed by the desire to avoid wasteful processing of similar EEOC charges. "As long as the EEOC and the company are aware of the nature and scope of the

allegations, the purposes behind the filing requirement are satisfied and no injustice or contravention of congressional intent occurs by allowing piggybacking." *Id.*

Here, Applicant Adan received a letter of determination from the EEOC on June 14, 2011, noting that "this Charging Party's allegations are substantially similar to the allegations brought by previous Charging Parties . . . [and] the Commission finds that there is reasonable cause to believe that there is a violation of Title VII. . . . This determination is final." *Adan LOD* [#103-1] at 1.  In her EEOC charge, Adan alleged that during her tenure as an employee of Defendant, she "and a class of individuals have been and continue to be subjected" to discrimination and harassment "based on . . . race, Black, color, national origin, Somali/African, religion Muslim, and retaliation, in violation of Title VII." *Adan Charge* [#101-1] at 1.  Although she did not specify the dates of her employment in the EEOC charge, the proposed Complaint in Intervention references conduct that began in December 2007 and continues to date.  *See Proposed Complaint in Intervention* [#95-1] at 8-17.  The Complaint specifically references events that occurred during the Ramadan holy month in September 2008.  *See, e.g.*, *id.* at 8.

Applicants proposing to piggy back on Adan's charge all have varying lengths of employment with Defendant.  Indeed, other than Fadumo Mohamed and Qadra Ibrahim, all are still employed there and, according to the proposed Complaint in Intervention, still suffer the same racial and religious discrimination addressed in Adan's complaint and at issue in the present lawsuit.  Mohamed's employment was terminated in September 2008, presumably in conjunction with the Ramadan events, and Ibrahim was employed by Defendant from January to December 2009. *See Reply* [#103] at 2-3.   Reviewing

7

Applicants' claims, Adan's charge and the operative pleadings at issue in this lawsuit, all assert claims for class-wide discrimination and harassment and support their claims with nearly identical factual allegations.  Although several Applicants began their employment after the Ramadan events of September 2008 that factor prominently here, the pending case and Adan charge both reference discriminatory conduct that either occurred during the course of those Applicants' employment or is ongoing.  "[B]ecause the claims here arise out of similar discriminatory treatment in the same time frame as those alleged by the EEOC and [individuals who have exhausted their filing requirements], the single filing rule [excepts] these Applicants from the jurisdictional requirement that they exhaust their administrative remedies." *Albertson's*, 579 F. Supp. 2d at 1346.

Moreover, "based on the rationale of the single filing rule, . . . a 'person aggrieved' includes a person who has a nearly identical claim to a charging party even if the nearly identical claimant has not previously filed a charge with the EEOC." *EEOC v. Outback Steak House of Fla., Inc.*, 245 F.R.D. 657, 659 (D. Colo. 2007) (quoting 42 U.S.C. § 2000e-5(f)(1)).  As Defendant concedes, the proposed Complaint in Intervention "is virtually a carbon copy" of the operative pleadings already at issue in the case.  *See Response* [#97] at 3.  Therefore, consistent with *Outback* and *Albertson's*, the Court finds that at this stage Applicants appear to be "aggrieved persons, as set forth in 42 U.S.C. § 2000e-5(f)(1), and thus are given an unconditional right to intervene by federal statute pursuant to Fed. R. Civ. P. 24(a)(1)." *Albertson's*, 579 F. Supp. 2d at 1347 (citing *Outback*, 245 F.R.D. at 659-60).

IT IS FURTHER **ORDERED** that the Clerk is instructed to accept Plaintiffs-Intervenors' Complaint in Intervention [Docket No. 95-1] for filing as of the date of this

Order.  Defendant shall answer or otherwise respond on or before **July 25, 2011**.

Dated:  July 12, 2011

BY THE COURT:

 s/ Kristen L.  Mix

Kristen L.  Mix
United States Magistrate Judge