**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-02103-PAB-KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

and

IRAQ ABADE, *et al.*,

    Plaintiffs-Intervenors,

v.

JBS USA, LLC d/b/a JBS SWIFT & COMPANY,

    Defendant.

---

**JBS'S RESPONSE TO "*ABADE, ET AL.* INTERVENORS' SUBMISSION OF
ADDITIONAL INFORMATION IN ACCORDANCE WITH DOCKET NO. 99"**

---

Defendant JBS USA, LLC d/b/a JBS Swift & Company ("JBS"), through its attorneys, submits the following Response to the "*Abade, et al.* Intervenors' Submission of Additional Information in Accordance with Docket No. 99" (filed 6/30/11 at Doc. # 107):

**BACKGROUND**

On June 9, 2011, the Court ordered the Abade Intervenors "to file a brief no longer than ten pages detailing which intervenors did not file charges. For each of these intervenors, the brief shall summarize the factual allegations underlying his or her claim and attach a properly exhausted charge upon which the intervenor proposes to piggyback." (Doc. # 99, p. 30.) On June 30, the Abade Intervenors filed their Submission of Additional Information (Doc. # 107) in

accordance with the Court's Order. After analyzing the Abade Intervenors' Submission of Additional Information, Defendant determined a brief response was appropriate to address several points.

## RESPONSE

### I. The Abade Intervenors Have Not Provided Sufficient Factual "Content" To Support Application Of The Single Filing Rule.

As noted by the Court in its June 9, 2011 Order, "[a]pplication of the single filing rule requires assessment of the content and time frame of the claims of both those individuals who filed charges and those who did not." (Doc. # 99, p. 23) Accordingly, the Court ordered the Abade Intervenors to "summarize the factual allegations underlying [each non-charging Intervenor's] claim." (Id. at p. 30.) In their Submission of Additional Information, however, the Intervenors focus almost exclusively on the time frame portion of the single filing rule analysis and seemingly ignore any factual content. Indeed, the Abade Intervenors curtly allege that Mr. Abdiwali Abdullahi Abdi "suffered similar discriminatory treatment" to Mr. Abdirizak Ahmed, but provide no factual detail. (Doc. # 107, p. 4.) The remaining nineteen non-charging Intervenors do not even claim that they "suffered similar discriminatory treatment," let alone provide any factual detail. (Id. at pp. 4-9.) Without any factual detail (or even an allegation that they suffered similar treatment), it is impossible to assess if the content of the non-charging Intervenors' allegations are sufficiently similar to those of the Intervenors who filed charges. As a result, they should be precluded from relying on the single filing rule.

2

## II. Two Of The Twenty Non-Charging Intervenors Identified In The Submission Apparently Filed Their Own Charges, And May Not Reply Upon The Single Filing Rule.

It appears that two of the twenty Intervenors (Halimo Mohamed and Deqa Mohammed), listed as not having filed charges of discrimination, actually did file charges. See Charges of Discrimination attached hereto as Exhibit A and Exhibit B. In fact, in JBS's Motion to Dismiss the Abade Intervenors' Amended Complaint in Intervention (Doc. # 64), JBS argued that the non-charging Intervenors could not piggy back on the charges filed by Halimo Mohamed and/or Deqa Mohammed. JBS further argued that Deqa Mohammed's charge was untimely and Halimo Mohamed's charge necessarily barred claims arising prior to November 23, 2009. (Id. at p. 9, and Exs. D (64-4) and E (64-5).)[1] Here, the Abade Intervenors represent, with no explanation or clarification, that Halimo Mohamed and Deqa Mohammed did *not* file charges.[2] If Halimo Mohamed and Deqa Mohammed are indeed the same individuals who filed charges with the EEOC, the Abade Intervenors have blatantly misrepresented their status. Further, the single filing rule is not applicable to individuals who actually filed charges. See June 9, 2011 Order (Doc. # 99 at p. 27), citing O'Neal v. Thompson, 54 Fed. Appx. 301, 304 (10th Cir. 2002).

## III. The Abade Intervenors Cannot Rely On Ms. Salad's "Questionnaire" For Purposes of The Single-Filing Rule.

In their Submission of Additional Information, the Abade Intervenors repeat an argument they raised earlier based on the charge filed by Ms. Hawo Jama Salad, arguing she submitted an

---

[1] While JBS noted discrepancies in the spelling of these two individuals' names in the charges and pleadings, the Abade Intervenors offered no response or explanation in their Response to the Motion to Dismiss (Doc. # 76), instead focusing on the charge filed by Hawo Jama Salad.

[2] Comparing the charge filed by Deqa Mahammed (Ex. B), with the information provided regarding Deqa Mohammed (Doc. #107, p. 7), it appears that these are indeed the same person, as both allege a hire date of September 10, 2007, worked in packaging and were discharged September 10, 2008.

"EEOC questionnaire" on March 8, 2009, "well within the 300 days for filing a charge." (Doc. # 107, pp. 9-10 and n.2). As previously addressed in JBS's Reply In Support Of Its Motion To Dismiss (Doc. # 79, pp. 8-10, incorporated herein by reference), the document the Intervenors attempt to rely upon is in no way an "EEOC questionnaire" and cannot support any timeliness argument. Id. To the contrary, the "questionnaire" is a blatantly biased outline soliciting pre-ordained allegations of discrimination and harassment with no request for agency action and no authenticating evidence. Id. Therefore, Ms. Salad must rely on her July 17, 2009 Charge, which is untimely (as it was filed more than 300 days after her termination on September 10, 2008), and the non-charging Intervenors may not rely on her "questionnaire" for purposes of salvaging any untimely claims.

**IV.     All Intervenors' Claims Based On Discrete Acts Occurring More Than 300 Days Prior To The Filing Of A Charge Must Be Dismissed As Untimely.**

In their Submission of Additional Information, the Abade Intervenors represent that the Court previously "indicated" the Intervenors' charges were timely. (Doc. # 107, p. 9.) JBS disagrees with this reading of the Court's June 9, 2011 Order (Doc. # 99). Based on the Court's ruling that the Abdulle Intervenors' claims "are untimely insofar as they seek to recover for discrete acts that occurred more than 300 days before they filed their charges" (id. at p. 27), JBS respectfully requests that the Court likewise find that the Abade Intervenors' claims are similarly limited in scope.

4

DATED this 12th day of July, 2011.

          Respectfully submitted,

*s/ Heather Vickles*
W.V. Siebert
Raymond M. Deeny
Heather Fox Vickles
SHERMAN & HOWARD L.L.C.
633 17th Street, Suite 3000
Denver, CO  80202
303-297-2900 / Fax:  303-298-0940
Email:  BSiebert@shermanhoward.com
Email:  RDeeny@shermanhoward.com
Email:  HVickles@shermanhoward.com

Attorneys for Defendant JBS USA, LLC

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on this 12th day of July, 2011, I electronically filed the foregoing **JBS'S RESPONSE TO "*ABADE, ET AL.* INTERVENORS' SUBMISSION OF ADDITIONAL INFORMATION IN ACCORDANCE WITH DOCKET NO. 99"** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

rita.kittle@eeoc.gov
stephanie.struble@eeoc.gov
andrew.winston@eeoc.gov
iris.halpern@eeoc.gov
king@kinggreisen.com
kelliher@kinggreisen.com
william.moench@eeoc.gov
rraghunath@law.du.edu
rbrownstein@law.du.edu
blundelladvocates@yahoo.com
rick@rkblaw.net
harry@denverfirm.com

*s/ Clarine R. Kuntz*

5