**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 10-CV-02103-PAB-KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

and

IRAQ ABADE, *et al.*,

    Plaintiffs-Intervenors,

v.

JBS USA, LLC, d/b/a/ JBS SWIFT & COMPANY,

    Defendant.

---

**ABADE, *et al.* INTERVENORS' REPLY TO JBS'S RESPONSE TO SUBMISSION OF ADDITIONAL INFORMATION IN ACCORDANCE WITH DOCKET NO. 99**

---

The Abade Intervenors, through their attorneys, submit the following Reply to JBS's Response to the Abade Intervenors' Submission of Additional Information in Accordance with Docket No. 99 (filed by JBS on July 12, 2011, at Docket No. 111):

    **I.**    **The Abade Intervenors Have Provided Sufficient Factual Content to Support Application of the Single Filing Rule.**

JBS alleges that the Abade Intervenors focused exclusively on the time frame portion of the single filing rule, while ignoring the factual content of the non-filing Intervenors' claims. In fact, the factual content of each non-filing Intervenor's allegations, including his or her department, line number and supervisor's name, are listed in Docket No. 107. The information

1

included in Docket No. 107 also demonstrates that all but four of the non-filing Intervenors were terminated as a result of the events of Ramadan 2008, including that they were terminated on the same day, September 10, 2008.[1]  Docket No. 107, p. 10.  Finally, all of the non-filing Intervenors were employed during Ramadan 2008, a timeframe acknowledged by the Court as the point when tensions with Black Somali Muslim employees at the plant came to a head.  Docket No. 107, p. 10; Docket No. 99, p. 3.

JBS is apparently now seeking, without justification, to apply a higher threshold than it set out in its Motion to Dismiss.  In its Motion to Dismiss, JBS acknowledges that the "similar discriminatory treatment" requirement has been interpreted to mean, "plaintiffs have claims involving the same discriminatory event or incident, and the same actors. *See Semsroth v. City of Wichita*, 304 Fed. Appx. 707, 714 n.6 (10th Cir. 2008)…."  JBS Motion to Dismiss Amended Complaint, Docket No. 64, p. 10.  JBS also cited *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1198-99 (10th Cir. 2004), for the proposition that "similar discriminatory treatment" includes plaintiffs whose discrimination claims all involve the same termination event.  *Id.*  As such, the Abade Intervenors have provided sufficient details about the factual content of the non-filing Intervenors' claims, in order for the Court to determine whether piggybacking is appropriate in this case.

JBS also pointed out that the Abade Intervenors did not include the phrase *"suffered similar discriminatory treatment"* in each paragraph in Docket No. 107, for the purpose of comparing the non-filing Intervenor to the filing Intervenor proposed for piggybacking.  While

---

[1] As described in Docket No. 107, two non-filing Intervenors, Messrs. Ali Hussein Karshe and Mohamednoor Farah, continued to work for JBS after Ramadan 2008, but are no longer employed by JBS.  Two other non-filing Intervenors, Mahamed Abdullahi and Mohamud Farah, continue to work for JBS.  These intervenors propose to piggyback on the charges of Intervenors who are similarly situated in that they either continued to work for JBS after Ramadan 2008, or continue to work for JBS to this day.

the non-filing Abade Intervenors clearly illustrate through the facts set forth that they "*suffered similar discriminatory treatment,*" at the risk of restating the obvious, the Abade Intervenors supplement their Submission of Additional Information with the statement that each non-filing Intervenor *"suffered similar discriminatory treatment"* to the filing Intervenor upon whose charge he or she seeks to piggyback.

## II. In the Alternative, the Abade Intervenors May Also Rely on Ms. Hawo Jama Salad's EEOC Questionnaire for Purposes of the Single Filing Rule.

Because Ms. Salad filed a valid charge with the EEOC within the 300 days required, the Abade Intervenors can, if the Court deems it necessary, piggyback on her charge. JBS now disputes whether Ms. Salad's questionnaire was a sufficient request for agency action, and also takes issue with the content of the questionnaire.

There is no statutory definition of "charge." The United States Supreme Court considered the meaning of an EEOC "charge" and held that if a document contains the minimum information identified in the regulations, found at 29 C.F.R. § 1601.12(a), and it can also "reasonably be construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee," it is a "charge." *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 401-02 (2008). In *Holowecki*, the EEOC submitted that the proper test for determining whether a filing is a charge is whether the filing, taken as a whole, should be construed as a request by the employee for the agency to take whatever action is necessary to vindicate her rights. *Id.* at 398.

Here, Shannon Breen, the EEOC's Lead Systemic Investigator and the primary investigator in this case, considered the questionnaire filed by Ms. Salad to be a request for agency action. Exhibit 1, ¶ 6. Once the EEOC became aware of the number of African/Muslim

3

employees who had similar complaints about their employment at JBS, the EEOC created a document in the Somali language that would assist the agency in identifying the nature of an individual's complaints. *Id.* at ¶¶ 2, 3. Given the similarity in allegations against JBS, the EEOC was able to focus its questionnaire on similar allegations alleged in numerous other EEOC charges already filed. *Id.* at ¶ 4. Accordingly, contrary to JBS's assertion, the questionnaire is not *"blatantly biased,"* but rather was a focused attempt to obtain information.[2] When the EEOC received a completed questionnaire, the agency considered the questionnaire to be a request for agency action and the agency then sent an EEOC Form 5 to the individual which included the allegations listed in the questionnaire. *Id.* at ¶¶ 5, 6. Ms. Salad's questionnaire also comports with the regulatory requirements for the contents of a charge found in 29 C.F.R. § 1601.12(a), and it was a proper request for agency action.

JBS also disputes the timeliness of Ms. Salad's charge. Ms. Salad filed her questionnaire within the 300 days required. Ms. Salad filed a questionnaire with the EEOC on March 6, 2009. Exhibit 2; Exhibit 1, ¶ 7. However, the EEOC did not send Ms. Salad the EEOC Form 5 until months after she submitted her questionnaire, *i.e.*, more than 300 days after her termination. In fact, the EEOC did not draft a charge for Ms. Salad until July 16, 2009. Exhibit 1, ¶ 7. Ms. Salad returned the signed Form 5 one day later, on July 17, 2009. *Id.* Under *Holowecki*, courts should not penalize a charging party for the agency's delay. *Holowecki*, 552 U.S. at 403-04. Furthermore, unrepresented persons such as Ms. Salad are held to a lesser pleading standard than

---

[2] The argument that the questionnaire is not valid because it did not contain a box that could be marked indicating Ms. Salad had no discriminatory experiences while employed at JBS is nonsensical, as Ms. Salad had already been identified by the EEOC as an African/Muslim employee who was terminated as a result of the events of Ramadan 2008.

other parties.  *See Estelle v. Gamble*, 429 U.S. 97 (1976).[3]  As such, Ms. Salad's charge was clearly timely.

Furthermore, Ms. Salad's questionnaire/charge alleges similar complaints as the other 80 plus charges filed in this action against JBS, including that she worked in the Fabrication Department, where the majority of the aggrieved African/Muslim employees worked.  *See* Exhibit 2.  She was denied breaks to pray, use the restroom and get a drink of water.  *Id.*  She was harassed because of her Muslim religion, and she was terminated in September of 2008.  *Id.* Accordingly, Ms. Salad's questionnaire is a proper charge upon which the Abade Intervenors should be allowed to piggyback their claims, if the court deems it necessary.

### III. Swift Incorrectly Represents that Abade Intervenor Halimo Mohamed Filed a Charge of Discrimination Against JBS.

Swift accuses the Abade Intervenors of misrepresenting that Halimo Mohamed did not file a charge of discrimination.  In fact, the Halimo Mohamed represented by undersigned counsel is Ms. Halimo *Ali* Mohamed.  She has not filed a charge of discrimination against JBS. The charge of discrimination attached by JBS to Docket No. 111 as Exhibit A was filed by another person named Halimo *B.* Mohamed, an individual who is not represented by undersigned counsel.  Furthermore, the facts in the charge filed by Halimo B. Mohamed (JBS's Exhibit A), as compared to the information provided by the Abade Intervenors concerning Ms. Halimo A. Mohamed in Docket No. 107, are clearly different.

---

[3] "The system must be accessible to individuals who have no detailed knowledge of the relevant statutory mechanisms and agency processes.  It thus is consistent with the purposes of the Act that a charge can be a form, easy to complete, or an informal document, easy to draft." *Holowecki*, 552 U.S. at 403.

### IV.  Abade Intervenor Deqa Mohammed Properly Exhausted her Administrative Remedies by Filing a Timely Questionnaire with the Equal Employment Opportunity Commission.

JBS is, however, correct that Ms. Deqa Mohammed filed a charge and thus, she should be deleted from the Abade Intervenors' Supplement, as she is mistakenly listed as having not filed a charge.  Undersigned counsel did not represent Ms. Mohammed at the time she was in contact with the EEOC, in the Spring and Summer of 2009 and thus, the EEOC filed her charge.[4]

JBS also calls into question the timeliness of Ms. Mohammed's charge.  Ms. Mohammed was terminated on September 10, 2008.  Ms. Mohammed filed a timely EEOC questionnaire on March 3, 2009, 174 days after her termination.  Exhibit 3; Exhibit 1, ¶ 8.  However, as with Ms. Salad, the EEOC did not send her a draft Form 5 until July 16, 2009, months after it received her questionnaire, and after the expiration of Ms. Mohammed's 300 days.  Exhibit 1, ¶ 8.  Like Ms. Salad, Ms. Mohamed should not be penalized for the agency's delay.  *See Holowecki*, 552 U.S. at 403-04.

In the alternative, Ms. Mohammed should be allowed to piggyback onto the charge of another intervenor if her charge is deemed flawed due to its late filing by the EEOC.  Courts have generally declined to extend the single filing rule to permit piggybacking where a plaintiff had previously filed an individual charge and received a right to sue, but then allowed the 90 days for filing to expire.  *See, e.g. O'Neal v. Thompson*, 54 Fed. Appx. 301, 303-04 (10th Cir. 2002); *Gitlitz v. Compagnie Nationale Air France*, 129 F.3d 554, 558 (11th Cir. 1997).  Here, Ms. Mohammed is not attempting to piggyback in order to avoid expiration of a 90 day right to sue notice from the EEOC.  *See Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1223-24 (5th

---

[4] Ms. Mohammed became a client of the undersigned firm on September 30, 2009, well after Ms. Mohammed filed her charge with the EEOC.

Cir. 1995). Ms. Mohammed was not represented by counsel at the time she was in contact with the EEOC. And, as discussed above, the EEOC erred in sending Ms. Mohammed's Form 5 to her late, so she could not file the Form 5 until after 300 days from her termination.

## V. The Abade Intervenors Allege Continuing Discriminatory Conduct Against JBS.

JBS requests that the Court rule that the law requires a charge to be filed within 300 days of the occurrence of a "discrete discriminatory act." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). We find it unnecessary that the Court restate the law. In fact, we do not disagree. The Abade Intervenors are not seeking to recover for discrete discriminatory acts that occurred more than 300 days before they filed their charges. The United States Supreme Court has defined "discrete acts of discrimination" to include, for example, termination, denial of transfer, failure to promote and failure to hire. *Id.* at 114. However, the Abade Intervenors do seek to recover damages based on the totality of the circumstances of the hostile work environment they were subjected to by JBS, which encompasses continuous discriminatory acts that started before the 300 days. *Id.* at 115.

## VI. Conclusion.

For the foregoing reasons, the non-filing Abade Intervenors have provided sufficient factual content to support application of the single filing rule.

DATED this 26th day of July, 2011.

>                    Respectfully submitted,
>
>                    KING & GREISEN, LLP
>                       By:   s/Diane S. King
>                             Diane S. King
>                             Ashley M. Kelliher
>                             1670 York St.
>                             Denver, CO  80206
>                             (303) 298-9878
>                             (303) 298-9879 (fax)
>
>                    *Attorneys for Abade, et al. Plaintiffs-Intervenors*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of July, 2011, the foregoing ABADE, *et al.* INTERVENORS' REPLY TO JBS'S RESPONSE TO SUBMISSION OF ADDITIONAL INFORMATION IN ACCORDANCE WITH DOCKET NO. 99 was electronically filed via CM/ECF, which will send notification of such Filing to the following email addresses:

bsiebert@shermanhoward.com
rdeeny@shermanhoward.com
hvickles@shermanhoward.com
rita.kittle@eeoc.gov
stephanie.struble@eeoc.gov
andrew.winston@eeoc.gov
william.moench@eeoc.gov
iris.halpern@eeoc.gov
rraghunath@law.du.edu
rbrownstein@law.du.edu
blundelladvocates@yahoo.com
rick@rkblaw.net
harry@denverfirm.com

>                    s/ Dianne Von Behren
>                    Dianne Von Behren, Paralegal
>                    King & Greisen, LLP