IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No.  10-cv-02103-PAB-KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

and

IRAQ ABADE, et al.,

    Plaintiffs-Intervenors,

v.

JBS USA, LLC,
d/b/a JBS Swift & Company,

    Defendant.

## ORDER

This case involves allegations of national origin, religious, and ethnic discrimination at a meat packing plant in Greeley, Colorado owned and operated by JBS USA, LLC ("JBS").  It is before the Court on a response to the Court's order for further briefing by Iraq Abade and approximately 103 other employees or former employees of defendant (collectively "the Abade intervenors").  In its order on several motions to dismiss [Docket No. 99], the Court directed the Abade intervenors to file supplemental briefing on the ability of those intervenors who did not file charges of discrimination to rely on the single filing rule.  The Abade intervenors filed this supplemental briefing [Docket No. 107], JBS responded to it [Docket No. 111], and the Abade intervenors replied [Docket No. 114].

In its previous order, the Court found that some of the Abade intervenors had filed properly exhausted claims, on which intervenors who did not file claims could potentially piggyback. The Court also discussed the parameters of the single filing rule in the Tenth Circuit. *See* Docket No. 99 at 22-23. However, the Court was without sufficient information to determine whether those Abade intervenors who had not filed claims could, in fact, piggyback on the claims of those who had. The Court noted that "[a]pplication of the single filing rule requires assessment of the content and time frame of the claims of both those individuals who filed charges and those who did not," but that, in their complaint, the Abade intervenors only provided their names and the dates of their employment. *See id.* at 23. Moreover, the Court could not discern which intervenors had filed charges with the EEOC and which had not. Therefore, the Court ordered the Abade intervenors to file a brief "summar[zing] the fact[s] underlying" the claims of those intervenors who did not file charges and attach the properly exhausted charge upon which each intervenor intended to piggyback. *See id.* at 30.

The Abade intervenors have now provided the name of each intervenor who did not file a charge of discrimination, their dates of employment, the names of their shifts, supervisors and lines, and the properly exhausted charge upon which each intervenor intends to piggyback. The Court finds that these intervenors are similarly situated to intervenors with properly exhausted charges, their claims arise out of the same discriminatory treatment, and allegedly occurred within the same time frame. *See Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1197 (10th Cir. 2004). Moreover, each of the charges on which the intervenors seek to piggyback gave JBS notice of its class-

wide nature.  *See id.*  Although JBS objects that these intervenors have not provided sufficient factual details to determine that they suffered sufficiently similar discrimination as properly exhausted intervenors, the amended Abade complaint [Docket No. 61] alleges that all of the Abade intervenors were subject to similar or identical discriminatory treatment and bring similar claims.  Based on these allegations, the Court finds that application of the single filing rule is appropriate and will deny defendant's motion to dismiss as to the following intervenors: Abdiwali Abdullahi Abdi, Ahmed Ahmed, Abdulle Dame, Ambiyo Dude, Ahmed Fiqi, Khalfan Haji, Jamanoor Hassan, Hawo Hirmoge, Omar Hussein, Halimo Jigis, Mohamed Hassan Mire, Abukar Mohamed, Halimo Mohamed, Yusuf Omar, Safiyo Sigad, Ali Hussein Karshe, Mohamednoor Farah, Mahamed Abdullahi, and Mohamud Farah.

JBS's response to the intervenors' supplemental briefing [Docket No. 111] raises the issue of the timeliness of two intervenors' charges, Deqa Mohammed and Hawo Jama Salad.  The exhaustion of Ms. Salad's claim was raised in JBS's briefing on its original motion to dismiss, in the context of JBS's argument that there was no valid charge whatsoever on which the intervenors could piggyback.  *See* Docket No. 79 at 8-9.  The Court did not address Ms. Salad's charge in its earlier order in light of its finding that the intervenors could piggyback on charges that were timely but not properly verified.  *See* Docket No. 99 at 22.  As the Court has found that the Abade intervenors who did not file charges may piggyback on the timely charges laid out in the third section of the intervenors' supplemental briefing, *see* Docket No. 107 at 3-9, the Court need not reach the timeliness of Ms. Salad's charge to decide the applicability of the single filing rule.  Nonetheless, given the attention that the parties have paid to this

charge and to a similar charge from Ms. Mohammed, the Court will address their timeliness.

Both of these individuals filled out intake questionnaires within 300 days of their termination. Ms. Salad's and Ms. Mohammed's intake questionnaires did not include explicit requests for the EEOC to act. *See Federal Exp. Corp. v. Holowecki*, 552 U.S. 389, 404 (2008) (defining a charge as a document that can be reasonably construed to "request agency action and appropriate relief on [an employees'] behalf."). Nonetheless, the EEOC investigator took these questionnaires to be requests for agency action, drafted charges for these individuals, and sent them charges. *See* Docket No. 114-1 at 3 (Declaration of EEOC Investigator Shannon Breen). Unfortunately, the EEOC did not send Ms. Salad and Ms. Mohammed their charges until after the expiration of the 300 day deadline. *See id.* Both Ms. Salad and Ms. Mohammed signed and returned the charges to the EEOC shortly thereafter. *See id.*

The intervenors argue that their intake questionnaires functioned as charges so as to make their claims timely. The Court agrees. Investigator Breen's declaration gives context to the intake questionnaires as a step in the EEOC's investigation of hundreds of similar complaints and states that the EEOC itself treated the intake questionnaires as requests for agency action. Although "the EEOC's subsequent conduct merely informs [the court's] determination regarding whether the document can reasonably be construed as a request for agency action," the Tenth Circuit has held that intake questionnaires which, "[s]tanding alone," do not signal a desire for agency action, can nonetheless constitute charges based on subsequent events. *See*

4

*Semsroth v. City of Wichita*, 304 F. App'x 707, 713-14 (10th Cir. 2008). Here, the intake questionnaires actually caused the EEOC's action of drafting charges and sending them to Ms. Salad and Ms. Mohammed, who promptly returned them. These individuals should not be penalized for the EEOC's failure to return the charges in a timely manner. *See Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1185 (10th Cir. 2007) ("[A]ny deficiency in the EEOC's performance of its duties should not adversely affect a plaintiff's right to sue.") (quoting *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1321 (11th Cir. 2001)). Therefore, the claims of Deqa Mohammed and Hawo Jama Salad will not be dismissed.

For the foregoing reasons, it is

**ORDERED** that defendant's Motion to Dismiss Amended Complaint in Intervention (Abade, et al.) [Docket No. 64] is **DENIED** pursuant to Docket No. 99 and this order.

DATED August 4, 2011.

BY THE COURT:

　s/Philip A. Brimmer  
PHILIP A. BRIMMER  
United States District Judge