IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:10-cv-02103-PAB-KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

     Plaintiff,

Asad Abdi, Bashir Hersi Abdi, Muse Mohamed Abdi, Rahma Abdi, Zeynab Abdi, Salado Abdille, Abdikadir Adan, Amino Adan, Dahiro Adan, Ahmed Aden, Maryama Yousuf Aden, Muhumed Aden, Nuho Aden, Abdi Afrah, Mohamud M. Ahamed, Abdisamed Ahmed, Omar Mohamed Alamudi, Adan Ali, Amina Ali, Bilan Ali, Hirsiyo Ali, Mohamoud H. Ali, Salah Ali, Saynab Ali, Osam Awale, Qiyas Burham, Adan Dadle, Abdullahi Dirie, Shukri Dirir, Habibo Diriye, Ahmed Egal, Manyan Egal, Abdi Rizak Farah, Abdirahman A. Farah, ZamZam Farah, Halimo Forah, Abdiweli Gelle, Zakariye Mohamed Gelle fka Hassan Gelle, Robleh Guedi, Layla Guruc, Abdikarim Hadi, Abdiaziz Hassan, Ibrahim Hassan, Maryan Hassan, Muno Hassan, Sadaq Hassan, Amina Hussein, Khadija Hussein, Abdulah H. Ibrahim, Hared Farah Jama, Mura Jama, Adosh A. Kahin, Sharifo H. Kuluc, Hawo Jama, Fardowsa A. Maalim, Habibo Mahamed, Taher H. Mame, Habibo Mahamed, Abdullahi Mahamud, Asha Abdi Mohamed, Luqman Mohamed, Mohamed A. Mohamed, Maryan Mohamed, Zuleka Mohamed, Haji Ali Mohamud, Abdullahi Mohamud, Nuur M. Mohomuud, Anisa Mursal, Fatuma Mursal, Amina Ali Muse, Nimo Omar, Fadermo Osman, Fardowsa Sanweyne, Malyun Sanweyne, Hassan Shilale, Fadumo Saalah, Yasin Worsame, Mohamed Warsame,

Plaintiffs/Intervenors,

v.

JBS USA, LLC d/b/a JBS SWIFT & COMPANY,

     Defendant.

_____

COMPLAINT IN INTERVENTION AND JURY DEMAND

_____

## I. INTRODUCTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. C.
§§2000e *et seq*. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, for
unlawful employment practices, including harassment and discrimination on the basis of race,
creation of a hostile work environment, color, national origin and religion, failure to
accommodate religion, and retaliation, including discipline and discharge for complaints of
unlawful employment practices and complaints for failure to accommodate religion.  The
Plaintiffs/Intervenors are Black, Somali, and Muslim former and current employees of
Defendant's Greeley, Colorado facility who were affected by such practices.  The
Plaintiffs/Intervenors are Asad Abdi, Bashir Hersi Abdi, Muse Mohamed Abdi, Rahma Abdi,
Zeynab Abdi, Salado Abdille, Abdikadir Adan, Amino Adan, Dahiro Adan, Ahmed Aden,
Maryama Yousuf Aden, Muhumed Aden, Nuho Aden, Abdi Afrah, Mohamud M. Ahamed,
Abdisamed Ahmed, Omar Mohamed Alamudi, Adan Ali, Amina Ali, Bilan Ali, Hirsiyo Ali,
Mohamoud H. Ali, Salah Ali, Saynab Ali, Osam Awale, Qiyas Burham, Adan Dadle, Abdullahi
Dirie, Shukri Dirir, Habibo Diriye, Ahmed Egal, Manyan Egal, Abdi Rizak Farah, Abdirahman
A. Farah, ZamZam Farah, Halimo Forah, Abdiweli Gelle, Zakariye Mohamed Gelle, fka Hassan
Gelle, Robleh Guedi, Layla Guruc, Abdikarim Hadi, Abdiaziz Hassan, Ibrahim Hassan, Maryan
Hassan, Muno Hassan, Sadaq Hassan, Amina Hussein, Khadija Hussein, Abdulah H. Ibrahim,
Hared Farah Jama, Mura Jama, Adosh A. Kahin, Sharifo H. Kuluc, Hawo Jama, Fardowsa A.
Maalim, Habibo Mahamed, Taher H. Mame, Habibo Mahamed, Abdullahi Mahamud, Asha Abdi
Mohamed, Luqman Mohamed, Mohamed A. Mohamed, Maryan Mohamed, Zuleka Mohamed,
Haji Ali Mohamud, Abdullahi Mohamud, Nuur M. Mohomuud, Anisa Mursal, Fatuma Mursal,

Amina Ali Muse, Nimo Omar, Fadermo Osman, Fardowsa Sanweyne, Malyun Sanweyne,

Hassan Shilale, Fadumo Saalah, Yasin Worsame, and Mohamed Warsame.

As alleged with greater particularity below, Plaintiffs/Intervenors contend that Defendant

engaged in a pattern or practice of harassment and discrimination on the basis of race, color,

national origin and religion by allowing racial, ethnic and religious harassment in the workplace,

and by treating Plaintiffs/Intervenors differently in the terms and conditions of their employment,

including by disciplining and discharging Plaintiffs/Intervenors because of their race, color,

national origin, religion and/or in retaliation for complaints of Defendant's unlawful employment

practices and/or complaints for failure to accommodate religion.

Plaintiffs/Intervenors, by and through their counsel, having been permitted (assuming

Swift agrees) to intervene in this case, complain against the Defendant as follows:

## II. JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343 and 1345.

2.      This action is authorized and instituted pursuant to §§ 704, 706(f)(1), (f)(3), and

707 of Title VII, 42 U.S.C. §§ 2000e-3, 2000e-5(f)(1) and (3), 2000e-6 and S 102 of the Civil

Rights Act of 1991, 42 U.S.C. §1981a.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. §

2000e-5(f)(3) because the unlawful employment practices alleged herein were committed within

the jurisdictional boundaries of the United States District Court for the district of Colorado.

4.      Plaintiffs/Intervenors, with the exception of seven individuals, all timely filed

class-based Charges of Discrimination with the Equal Employment Opportunity Commission on

behalf of themselves and others similarly situated. Accordingly, more than 90% of

Plaintiffs/Intervenors *have* filed an individual charge. Although not all Plaintiffs/Intervenors

have filed Charges of Discrimination, all procedural prerequisites for filing of this suit have been

met, as Plaintiffs/Intervenors without charges are covered by the class-based charges in

accordance with the "single filing rule." Under this doctrine, if one plaintiff has filed a timely

EEOC administrative complaint, then other individuals with claims arising out of similar

discriminatory treatment in the same time frame need not satisfy the filing requirement. *Foster v.

Ruhrpumpen, Inc.*, 365 F.3d 1191 (10th Cir. 2004); *Thiessen v. General Elec. Corp.*, 267 F.3d

1094, 1110 (10th Circ. 2001)("the purpose behind the single filing rule is that it would be

wasteful, if not vain, for numerous employees, all with the same grievance, to have to process

many identical complaints with the EEOC").

### III. Parties

5.　　Asad Abdi, Bashir Hersi Abdi, Muse Mohamed Abdi, Rahma Abdi, Zeynab Abdi,

Salado Abdille, Abdikadir Adan, Amino Adan, Dahiro Adan, Ahmed Aden, Maryama Yousuf

Aden, Muhumed Aden, Nuho Aden, Abdi Afrah, Mohamud M. Ahamed, Abdisamed Ahmed,

Omar Mohamed Alamudi, Adan Ali, Amina Ali, Bilan Ali, Hirsiyo Ali, Mohamoud H. Ali,

Salah Ali, Saynab Ali, Osam Awale, Qiyas Burham, Adan Dadle, Abdullahi Dirie, Shukri Dirir,

Habibo Diriye, Ahmed Egal, Manyan Egal, Abdi Rizak Farah, Abdirahman A. Farah, ZamZam

Farah, Halimo Forah, Abdiweli Gelle, Zakariye Mohamed Gelle, fka Hassan Gelle, Robleh

Guedi, Layla Guruc, Abdikarim Hadi, Abdiaziz Hassan, Ibrahim Hassan, Maryan Hassan, Muno

Hassan, Sadaq Hassan, Amina Hussein, Khadija Hussein, Abdulah H. Ibrahim, Hared Farah

Jama, Mura Jama, Adosh A. Kahin, Sharifo H. Kuluc, Hawo Jama, Fardowsa A. Maalim,

Habibo Mahamed, Taher H. Mame, Habibo Mahamed, Abdullahi Mahamud, Asha Abdi

Mohamed, Luqman Mohamed, Mohamed A. Mohamed, Maryan Mohamed, Zuleka Mohamed,

Haji Ali Mohamud, Abdullahi Mohamud, Nuur M. Mohomuud, Anisa Mursal, Fatuma Mursal,

Amina Ali Muse, Nimo Omar, Fadermo Osman, Fardowsa Sanweyne, Malyun Sanweyne,

Hassan Shilale, Fadumo Saalah, Yasin Worsame, and Mohamed Warsame

("Plaintiffs/Intervenors"), were at all times relevant hereto, residents of the State of Colorado.

6.      Defendant JBS USA, LLC is a Delaware limited liability company.

7.      At all relevant times, Defendant has continuously been and is now doing business

in the State of Colorado, and has continuously had at least fifteen (15) employees.

8.      At all relevant times, Defendant has continuously been an employer engaged in an

industry affecting commerce within the meaning of 42 U.S.C. §§ 2000e(b), (g) and (h) and 42

U.S.C. § 1981.

9.      At all relevant times, Defendant was/is the employer of Plaintiffs/Intervenors

within the meaning of Title VII and § 1981.

## IV. GENERAL ALLEGATIONS

10.      Sixty-eight current and former employees of Swift filed class-based Charges of

Discrimination with the EEOC on behalf of themselves and other similarly situated employees,

alleging violations of Title VII by Defendant.

11.      All conditions precedent to the institution of this lawsuit have been fulfilled.

12.      Plaintiffs/Intervenors are Black, Muslim immigrants from Somalia.

13.      Plaintiffs/Intervenors and other similarly aggrieved individuals are currently or

were formerly employed by Defendant at its plant in Greeley, Colorado.

14.    According to the Muslim religion, Muslims must pray five (5) times a day in accordance with the Muslim prayer calendar.

15.    Throughout their employment, Plaintiffs/Intervenors were and continue to be subjected to discrimination and a hostile work environment because of their race, color, national origin and/or religion.

16.    Throughout their employment, Plaintiffs/Intervenors were denied and continue to be denied the ability to pray. For example:

- Plaintiffs/Intervenors have regularly been denied the opportunity to pray, being told by management "I hate that word 'pray' – use that word again and I will fire you."

- "You have no right to pray – pray at home."

- "Fuck Muslims, fuck their prayers."

- Management, when observing Plaintiffs/Intervenors at prayer, have made derogatory comments such as:

  - "are you kissing grass;"

  - "are you going down on someone;"

  - "we don't do this shit in America;" and

  - "get your asses up."

Some Plaintiffs/Intervenors have been kicked or pushed while they have attempted to pray.

17.    Muslim employees at the Facility were harassed and continue to be harassed when they attempted or attempt to pray during scheduled breaks, as more particularly referenced in paragraph 16 above.

18.    Muslim employees at the Facility were harassed and continue to be harassed when they attempted or attempt to pray during their bathroom breaks.

19.    Muslim employees' request to pray during bathroom breaks were and continue to be denied. For instance, on many occasions, Muslim employees have been told that they should not request a break to pray, but rather should only request bathroom or water breaks. On numerous occasions, despite being advised by the Defendant that they would be permitted to pray, management either refuses such requests on a regular basis, or makes the granting of such requests so difficult that Muslim employees are discouraged from praying. Oftentimes employees are told that they should "pray at home."

20.    Management typically permits non-Muslim employees a number of breaks and, if a non-Muslim employee returns a minute or two late from a break, they are not disciplined. A number of Muslim employees have not been given any breaks at all with regard to their request for prayer, others have been infrequently granted their requests. A number of the Plaintiffs have been threatened with discipline or discharge if they take a prayer break. On occasion, management has responded to prayer break requests with "fuck you" or obscene finger gestures. Other Plaintiffs have been told by their supervisors that "they have no right to pray." Some Muslim employees, having been denied prayer breaks or even bathroom breaks have endured the indignity of having to urinate on themselves. Further, Muslim employees returning even one minute late from a break for prayer are routinely disciplined.

21.    Plaintiffs/Intervenors were and continue to be subjected to harassing comments on the basis of their race (African), color (Black), national origin (Somali) and/or religion (Muslim).

Among the comments that Plaintiffs/Intervenors are routinely called by both co-workers and supervisors and management of the Defendant include but are not limited to:

- "Fucking Black"

- "Fucking stupid Muslims"

- "Islam is stupid"

- "All stupid lazy Somalis should go home"

- "Fuck Muslims, fuck prayers"

- "Islam is a bad religion"

- "Monkeys"

- "Terrorists/Nigger"

- "You guys pee a lot like donkeys"

- "You look like a monkey"

- "Ugly Somali face"

- "African ugly-face"

- "It is evil that Muslims pray five times a day"

- "Somalis are no good"

- "All lazy Somalis should go home"

- "Fuck your religion"

- "Nigger"

- "Muslims are terrorists"

- "Pirate"

- "Go back to Africa"

- "Lazy Somalis"

- Female Muslim employees are routinely targeted for comments such as:

  - "why do you wear those clothes"

  - "those clothes are baggy"

  - "those clothes are ugly"

  - "why do you wear your habib – why don't you show off your body"

  - "you must be ugly underneath your clothes"

22.    Plaintiffs/Intervenors were and are motioned to "come here" by supervisors and/or co-workers with their finger, a gesture that is used to call animals in Somalia and was known to be derogatory in Plaintiffs/Intervenors' culture. The gesture was used repeatedly by Swift managers even after they were notified that the gesture was offensive.

23.    Managers, supervisors and other employees regularly threw and throw blood, meat and/or bones at Plaintiffs/Intervenors. Complaints to management went unanswered.

24.    There was and is offensive anti-Somali, anti-Muslim and anti-Black graffiti present in the restrooms. For example, employees saw graffiti such as:

- "Somalis are disgusting"

- "Fuck Somalians"

- "Fuck Muslims"

- "Fuck Mohammed"

- "Nigger"

- "Islam is the Devil"

- "Islam is violent"

- "Somalis are lazy"

- "Somalis – ugly mother-fuckers"

- "Muslim no-good"

- "Somalis no good"

- "Muslims are bad"

- "Go back to your country"

- "We fuck Somalis"

- "Go back to your country, mother-fucking Somalis"

The graffiti often contains depictions of Africans in sexual positions. Although the graffiti is occasionally removed, it reappears rapidly. On occasion, Somalis have pointed out the offensive graffiti to management to no avail.

25.    On numerous occasions, Plaintiffs/Intervenors have complained to management with regard to the offensive and disgusting comments to which they had been subjected. Management typically responded as follows:

- "This is America, not Africa, go back to where you came from."

- "You have no rights. You are a slave."

- "Well, aren't you a Nigger?"

- "Well, don't you have a stupid religion?"

- "If you are not happy with your skin color, I can't change that."

- "Well, you guys *are* Black."

Moreover, although on numerous occasions a number of Plaintiffs/Intervenors have complained of the offensive racial and religious epithets to which they have been subjected and

have produced witnesses to support their contentions, they have repeatedly been told by Human

Resources and other management personnel that Human Resources will only accept non-Somali

witnesses.

26.     Plaintiffs/Intervenors were offended by the above comments and actions and

continue to be offended.

27.     Plaintiffs/Intervenors were and are discriminatorily denied bathroom breaks and

breaks to get a drink of water.

28.     Plaintiffs/Intervenors were and are discriminatorily denied access to proper

medical care for injuries/illnesses.

29.     Plaintiffs/Intervenors were and are not properly treated for work-related injuries.

30.     Plaintiffs/Intervenors were paid less than other employees, including not being

given the requisite qualification pay increase that other employees received, or given the pay

increase later than other employees, and not receiving overtime.

31.     Plaintiffs/Intervenors complained about harassment based on race, color, national

origin and/or religion, but Defendant failed to correct the hostile work environment.

32.     Plaintiffs/Intervenors were retaliated against for complaining about harassment,

discrimination and failure to accommodate their Muslim religion.

33.     Plaintiffs/Intervenors were disciplined and continue to be disciplined more

harshly than non-Somali and non-Muslim employees, or were disciplined for conduct that others

were not.

## V.  CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

## PATTERN OR PRACTICE OF DISCRIMINATORY TREATMENT BECAUSE OF RACE, COLOR, NATIONAL ORIGIN, RELIGION AND/OR RETALIATION
(42 U.S.C. § 2000e-2(a))

34.     Plaintiffs/Intervenors incorporate all other paragraphs as though fully set forth herein.

35.     Since at least December 22, 2007, Defendant has engaged and continues to engage in a pattern or practice of unlawful discriminatory employment practices at its facility in Greeley, Colorado, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by discriminating against Plaintiffs/Intervenors with respect to the terms and conditions of their employment because of their race, Black, color, Black, national origin, Somali and religion, Muslim, and/or has retaliated against employees who requested a reasonable accommodation for their religion. This discrimination has the impact and effect of creating a hostile work environment.

36.     The pattern and/or practice of discriminatory treatment includes, without limitation, harassment, disparate treatment, denial of religious accommodation, retaliation against individuals who seek religious accommodation, and disciplining and discharging Somali Muslim employees because of their race, color, national origin, religion, and in retaliation for requesting religious accommodation or having religious accommodation requested on their behalf.

37.     The effect of the practices complained of above has been to deprive Plaintiffs/Intervenors of equal employment opportunities and otherwise adversely affect their

employment status because of their race, color, national origin, religion, and/or because they sought religious accommodation.

38.    The unlawful employment practices complained of above were and are intentional.

39.    The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiffs/Intervenors.

## SECOND CLAIM FOR RELIEF

### FAILURE TO ACCOMMODATE RELIGION
### (42 U.S.C. § 2000e-2(a))

40.    Plaintiffs/Intervenors incorporate all other paragraphs as though fully set forth herein.

41.    Since at least December 22, 2007, Defendant has engaged and continues to engage in unlawful employment practices at its facilities in Greeley, Colorado, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by failing to reasonably accommodate its Muslim employees' religious practices and/or beliefs.

42.    The effect of the practices complained of above has been to deprive Plaintiffs/Intervenors of equal employment opportunities and otherwise adversely affect their employment status because of their religion.

43.    The unlawful employment practices complained of above were and are intentional.

44.    The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiffs/Intervenors.

## THIRD CLAIM FOR RELIEF

### RETALIATION FOR REQUESTING RELIGIOUS ACCOMMODATION
### (42 U.S.C. § 2000e-3)

45.     Plaintiffs/Intervenors incorporate all other paragraphs as though fully set forth herein.

46.     Since at least September 2008, Defendant has engaged and continues to engage in unlawful employment practices at its facilities in Greeley, Colorado, in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3 by disciplining and/or terminating Plaintiffs/Intervenors in retaliation for their requests for religious accommodation.

47.     The effect of the practices complained of above has been to deprive Plaintiffs/Intervenors of equal employment opportunities and otherwise adversely affect their employment status because of their requests for religious accommodation.

48.     The unlawful employment practices complained of above were and are intentional.

49.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiffs/Intervenors.

## FOURTH CLAIM FOR RELIEF

## HOSTILE WORK ENVIRONMENT/HARASSMENT
### (42 U.S.C. § 2000e-2(a))

50.     Plaintiffs/Intervenors incorporate all other paragraphs as though fully set forth herein.

51.     Since at least December 22, 2007, Defendant has engaged and continues to engage in unlawful employment practices at its facilities in Greeley, Colorado, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by harassing Plaintiffs/Intervenors because of their race, Black, color, black, national origin, Somali and/or religion, Muslim.

52.     The harassment of Plaintiffs/Intervenors was sufficiently severe and/or pervasive as to alter the terms and conditions of their employment.

53.     Management employees participated in the harassment of Plaintiffs/Intervenors.

54.     Management employees knew or should have known of the harassment of Plaintiffs/Intervenors.

55.     Management employees failed to take appropriate action to prevent or promptly correct the harassment of Plaintiffs/Intervenors.

56.     The effect of the practices complained of above has been to deprive Plaintiffs/Intervenors of equal employment opportunities and otherwise adversely affect their employment status because of their race, color, national origin and/or religion.

57.     The unlawful employment practices complained of above were and are intentional.

58.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiffs/Intervenors.

## FIFTH CLAIM FOR RELIEF

### DISCRIMINATORY DISCIPLINE AND DISCHARGE
### (42 U.S.C. § 2000e-2(a))

59.     Plaintiffs/Intervenors incorporate all other paragraphs as though fully set forth herein.

60.     Since at least September 2008, Defendant has engaged and continues to engage in unlawful employment practices at its facilities in Greeley, Colorado, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by disciplining and discharging Plaintiffs/Intervenors and other aggrieved individuals because of their race, color, national origin, religion and/or in retaliation for requesting religious accommodation and/or in retaliation for engaging in protected activity by complaining about discrimination and/or harassment.

61.     The unlawful employment practices complained of above were and are intentional.

62.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiffs/Intervenors.

## SIXTH CLAIM FOR RELIEF

### RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY – COMPLAINTS OF DISCRIMINATION AND/OR HARASSMENT
### (42 U.S.C. § 2000e-3 AND 42 U.S.C. § 1981)

63.     Plaintiffs/Intervenors incorporate all other paragraphs as though fully set forth herein.

16

64.     Since at least December 22, 2007, Defendant has engaged and continues to engage in unlawful employment practices at its facilities in Greeley, Colorado, in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3 and 42 U.S.C. § 1981 by retaliating against certain Plaintiffs/Intervenors who have voiced their complaints to management, including Human Resources.

65.     In retaliation for Plaintiffs/Intervenors' and other aggrieved individuals' opposition to what they reasonably believed to be Defendant's unlawful discrimination against them, Defendant harassed, disciplined and/or terminated them from their employment.

66.     The effect of the practices complained of above has been to deprive Plaintiffs/Intervenors and other aggrieved individuals of equal employment opportunities and otherwise adversely affect their employment status because of their engagement in protected activity.

67.     The unlawful employment practices complained of above were and are intentional.

68.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiffs/Intervenors.

### SEVENTH CLAIM FOR RELIEF

**DISCRIMINATORY TREATMENT
BECAUSE OF RACE
(42 U.S.C. § 1981)**

69.     Plaintiffs/Intervenors incorporate all other paragraphs as though fully set forth herein.

70.    Since at least December 22, 2007, Defendant has engaged and continues to engage in unlawful employment practices at its facilities in Greeley, Colorado, in violation of 42 U.S.C. § 1981 by discriminating against Plaintiffs/Intervenors with respect to the terms and conditions of their employment because of their race, Black, color, black, national origin, Somali and/or religion, Muslim.

71.    The pattern and practice of discriminatory treatment includes, without limitation, harassment, disparate treatment, and disciplining and discharging Plaintiffs/Intervenors because of their race, color, national origin and/or religion.

72.    The effect of the practices complained of above has been to deprive Plaintiffs/Intervenors of equal employment opportunities and otherwise adversely affect their employment status because of their race, color, national origin and/or religion.

73.    The unlawful employment practices complained of above were and are intentional.

74.    The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiffs/Intervenors.

**EIGHTH CLAIM FOR RELIEF**

**HOSTILE WORK ENVIRONMENT/HARASSMENT**
**(42 U.S.C. § 1981)**

75.    Plaintiffs/Intervenors incorporate all other paragraphs as though fully set forth herein.

76.    Since at least December 22, 2007, Defendant has engaged and continues to engage in unlawful employment practices at its facilities in Greeley, Colorado, in violation of 42

U.S.C. § 1981 by harassing Plaintiffs/Intervenors because of their race, Black, color, black, national origin, Somali and/or religion, Muslim.

77.     The harassment of Plaintiffs/Intervenors was sufficiently severe and/or pervasive as to alter the terms and conditions of their employment.

78.     Management employees participated in the harassment of Plaintiffs/Intervenors.

79.     Management employees knew or should have known of the harassment of Plaintiffs/Intervenors.

80.     Management employees failed to take appropriate action to prevent or promptly correct the harassment of Plaintiffs/Intervenors.

81.     The effect of the practices complained of above has been to deprive Plaintiffs/Intervenors and other aggrieved individuals of equal employment opportunities and otherwise adversely affect their employment status because of their race, color, national origin and/or religion.

82.     The unlawful employment practices complained of above were and are intentional.

83.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiffs/Intervenors.

## NINTH CLAIM FOR RELIEF

### DISCRIMINATORY DISCIPLINE AND DISCHARGE
### (42 U.S.C. § 1981)

84.     Plaintiffs/Intervenors incorporate all other paragraphs as though fully set forth herein.

85.     Since at least September 2008, Defendant has engaged and continues to engage in unlawful employment practices at its facilities in Greeley, Colorado, in violation of 42 U.S.C. § 1981 by disciplining and discharging certain of the Plaintiffs/Intervenors and other aggrieved individuals because of their race, color, national origin, religion and/or in retaliation for requesting religious accommodation and/or in retaliation for engaging in protected activity by complaining about discrimination and/or harassment.

86.     The unlawful employment practices complained of above were and are intentional.

87.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiffs/Intervenors.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs/Intervenors respectfully request that this Court:

1.     Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race, color, national origin, religion or retaliates against employees in violation of Title VII and/or Section 1981;

2.      Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for Somalian individuals, Muslims, and employees who engage in protected activity, and to eradicate the effects of its past and present unlawful employment practices;

3.      Order Defendant to make whole Plaintiffs/Intervenors by providing appropriate backpay, and actual damages in an amount to be determined at trial, to compensate them for lost wages, benefits, and employment opportunities;

4.      Order Defendant to make whole Plaintiffs/Intervenors by providing appropriate front pay in an amount to be shown at trial;

5.      Order Defendant to make Plaintiffs/Intervenors whole by providing appropriate compensatory and punitive damages;

6.      Retain jurisdiction of this matter to ensure full compliance with the Orders of this Court;

7.      Award Plaintiffs/Intervenors reasonable attorney fees and costs, including expert witness fees, as provided under Title VII and Section 1981;

8.      Award Plaintiffs/Intervenors pre-judgment and post-judgment interest and costs of this action, as provided by law;

9.      Declare the acts and practices complained of herein in violation of Title VII and Section 1981 and constituted intentional and/or willful conduct by Defendant;

10.     Grant such other and further relief as this Court deems necessary and proper.

**JURY TRIAL DEMAND**

Plaintiffs/Intervenors request a jury trial on all questions of fact raised by their

Complaint.

DATED this 3rd day of November, 2011.

Respectfully submitted,

KING & GREISEN, LLP

By:    /s/ Diane S. King
Diane S. King
1670 York Street
Denver, CO 80206
303.298.9878
303.298.9879 (fax)

Todd J. McNamara
MCNAMARA ROSEMAN & KAZMIERSKI, LLP
1640 East 18th Avenue
Denver, CO 80218
303.333.8700
303.331.6967 (fax)

David Lichtenstein
LAW OFFICE OF DAVID LICHTENSTEIN
1556 Williams Street, Suite 100
Denver, CO 80218
303.831.4750
303.863.0835 (fax)

Plaintiffs/Intervenors' Mailing Addresses

Asad Abdi
3315 West 7th Street, Apt. 91
Greeley, CO 80634

Bashir Hersi Abdi
PO Box 746
Greeley, CO 80632

Muse Mohamed Abdi
10990 East 16th Avenue, Apt. E-205
Aurora, CO 80110

Rahma Abdi
1518 11th Street, Apt. 5
Greeley, CO 80631

Zeynab Abdi
PO Box 884
Greeley, CO 80632

Salado Abdille
1520 11th Street, Apt. 1
Greeley, CO 80642

Abdikadir Adan
1231 29th Street, Apt. 214
Greeley, CO 80631

Amino Adan
1204 29th Street, Apt. 103
Greeley, CO 80631

Dahiro Adan
2170 30th Street, Apt. 633
Greeley, CO 80631

Ahmed Aden
PO Box 223
Greeley, CO 80632

Maryama Yousuf Aden
917 12th Street, Apt. 304
Greeley, CO 80631

Muhumed Aden
1522 11th Street, Apt. 15
Greeley, CO 80631

Nuho Aden
1710 30th Street, Apt. 203
Greeley, CO 80631

Abdi Afrah
PO Box 31005
Aurora, CO 80041

Mohamud M. Ahamed
PO Box 111
Greeley, CO 80632

Abdisamed Ahmed
1155 South Havana Street, Apt. 11-453
Aurora, CO 80631

Omar Mohamed Alamudi
917 12th Street, Apt. 201
Greeley, CO 80631

Adan Ali
PO Box 874
Greeley, CO 80632

Amina Ali
917 12th Street, Apt. 304
Greeley, CO 80631

Bilan Ali
1799 South Dayton, Apt. 523
Denver, CO 80247

Hirsiyo Ali
1520 11th Street, Apt. 1
Greeley CO 80631

Mohamoud Hassan Ali
630 South Dayton Street, Apt. 17-308A
Denver, CO 80247

Salah Ali
PO Box 561
Greeley, CO 80632

Saynab Ali
1145 29th Street Road #106
Greeley, CO 80631

Osam Awale
2170 30th Street, Apt. 613
Greeley, CO 80631

Qiyas Burham
PO Box 200031
Evans, CO 80620

Adan Dadle
PO Box 1053
Greeley, CO 80632

Abdullahi Dirie
1310 5th Avenue, Basement
Dodge City, KS 67801

Shukri Dirir
1231 29th Street, Apt. 306
Greeley, CO 80631

Habibo Diriye
1221 10th Street, Apt. 2
Greeley, CO 80631

Ahmed Egal
PO Box 1884
Greeley, CO 80632

Manyan Egal
1520 11th Street, Apt. 1
Greeley, CO 80631-3762

Case No. 1:10-cv-02103-PAB-KLM    Document 132    filed 11/04/11    USDC Colorado
pg 26 of 29

Abdi Rizak Farah
8841 East Florida, Apt. 9
Denver, CO 80247

Abdirahman A. Farah
1520 11th Street, Apt. 3
Greeley, CO 80631

ZamZam Farah
2941 17th Avenue, Apt. 202
Greeley, CO 80631

Halimo Forah
921 12th Street, Apt. 301
Greeley, CO 80631

Abdiweli Gelle
PO Box 1058
Greeley, CO 80632

Zakariye Mohamed Gelle fka Hassan Gelle
2021 Deckner Avenue, Apt. 612
Greenbay, WI 54302

Robleh Guedi
900 South Quince, Apt. B213
Denver, CO 80247

Layla Guruc
1145 29th Street, Apt. 206
Greeley, CO 80631

Abdikarim Hadi
1524 11th Street, Apt. 19
Greeley, CO 80631

Abdiaziz Hassan
1231 29th Street, Apt. 313
Greeley, CO 80631

Ibrahim Hassan
1544 11th Street, Apt. 202
Greeley, CO 80631

Maryan Hassan
2190 30th Street, Apt. 323
Greeley, CO 80631

Muno Hassan
1522 11th Street, Apt. 18
Greeley, CO 80631

Sadaq Hassan
1544 11th Street, Apt. 201
Greeley, CO 80631

Amina Hussein
1702 Billings Street, Apt. 103
Aurora, CO 80011

Khadija Hussein
1722 Billings Street, Apt. 204
Aurora, CO 80634

Abdulah H. Ibrahim
8680 East Alameda Avenue, Apt. 1218
Denver, CO 80247-1109

Hared Farah Jama
1145 29th Street Road #206
Greeley, CO 80631

Hawa Jama
609 8th Avenue, Apt. 907
Greeley, CO 80631-3974

Muna Ahmed Jama
609 8th Avenue, Apt. 907
Greeley, CO 80631

Adosh A. Kahin
917 12th Street, Apt. 304
Greeley, CO 80631

Sharifo H. Kuluc
3315 West 7th Street, Apt. 95
Greeley, CO 80631

Fardowsa A. Maalim
1808 10th Street, Apt. 5
Greeley, Co 80631

Habibo Mahamed
5111 Orange Avenue, Apt. 14
San Diego, CA 92115

Taher H. Mame
1896 South Bellaire Street
Denver, CO 80222

Asha Abdi Mohamed
1145 29th Street, Apt. 306
Greeley, CO 80631

Luqman Mohamed
3056 17th Avenue, Apt. A
Greeley, CO 80631

Mohamed A. Mohamed
609 8th Avenue, Apt. 408
Greeley, CO 80631

Maryan Mohamed
PO Box 1951
Greeley, CO 80632

Zuleka Mohamed
1901 2nd Street, Apt. 2
Greeley, CO 80631

Haji Ali Mohamud
1544 11th Street, Apt. 406
Greeley, CO 80631

Abdullahi Mohamud
1522 11th Street, Apt. 15
Greeley, CO 80631

Nuur M. Mohomuud
PO Box 1602
Greeley, CO 80632

Anisa Mursal
609 8th Avenue, Apt. 308
Greeley, CO 80631-3972

Fatuma Mursal
1710 30th Street, Apt. 203
Greeley, CO 80631

Amina Ali Muse
504 North Monroe Street, Apt. 5
Lexington, NE 68850

Nimo Omar
PO Box 31455
Aurora, CO 80041

Fadermo Osman
1550 Joliet Street, Apt. B105
Aurora, CO 80010

Fardowsa Sanweyne
1145 29th Street, Apt. 102
Greeley, CO 80631

Malyun Sanweyne
1145 29th Street Road, Apt. 109
Greeley, CO 80631

Hassan Shlale
PO Box 2163
Greeley, CO 80632

Fadumo Saalah
2607 23rd Avenue, Apt. 32
Greeley, CO 80634

Yasin Warsame
716 15th Street, Apt. 37
Greeley, CO 80631

Mohamed Warsame
1300 12th Street, Apt. 211
Greeley, CO 80631