IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-02103-PAB-KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

and

IRAQ ABADE, et al.,

    Plaintiffs-Intervenors,

v.

JBS USA, LLC, d/b/a JBS Swift & Company,

    Defendant.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's and Intervenors' Motion for Reconsideration and for Clarification and/or to Amend the Scheduling Order [Dkt. #128]** [Docket No. 149; Filed December 20, 2011] (the "Motion").  Defendant filed a Response to the Motion on December 27, 2011.  [#151].  The Court has reviewed the parties' briefing and its previous Order [#148], and **GRANTS IN PART** and **DENIES IN PART** the Motion as follows.

### I. "Clarification" of Phase I Discovery Order

    Plaintiff (the "EEOC") and the Intervenors seek clarification of the Court's Order Regarding Phase I Discovery (the "Discovery Order"), which was issued on December 16,

2011. [#148]. Specifically, these parties inquire about the Intervenors' participation in depositions and the number of written discovery requests permitted to the EEOC and Defendant ("JBS") during Phase I.

In the Discovery Order, the Court stated that the "Intervenors should not be permitted to *initiate* discovery regarding the EEOC's pattern or practice claim in Phase I." [#148] at 9 (emphasis added). The Court further explained that the Intervenors may be deposed as witnesses or be required to respond to written discovery requests propounded by either the EEOC or JBS during Phase I. *Id.* at 11. Although these instructions appear clear to the Court, the questions raised by the EEOC concerning the role of the Intervenors during Phase I discovery are addressed below.

1. As stated in the Order, the Intervenors may not *initiate* any discovery, either in writing or by deposition, during Phase I.

2. As stated in the Order, certain Intervenors' depositions *may* be taken by the EEOC and/or JBS during Phase I. Counsel for any individual Intervenor deponent may be present at an individual Intervenor's deposition and may make appropriate objections.

3. As stated in the Order, certain Intervenors, through their counsel, *may* be required to respond to written discovery propounded directly to such Intervenors by either the EEOC or JBS during Phase I. Counsel for any individual Intervenor to whom written discovery is directed may make appropriate objections.

4. Counsel for the Intervenors may be present at a Phase I deposition of any witness other than an Intervenor as observers only. In other words, counsel

for Intervenors may not ask questions or make objections at depositions of persons other than Intervenors during Phase I. Again, there is no barrier to disclosure of the evidence adduced by the EEOC during Phase I to Intervenors for use in Phase II of the case. [#148] at 9.

As set forth explicitly in the Phase I Scheduling Order, "Phase II discovery issues will be handled by separate order or orders of the Court, as necessary." [#128] at 22. Hence, at this time, the Court reserves ruling on whether Intervenors may duplicate depositions taken during Phase I when conducting discovery during Phase II. The Court anticipates entering a comprehensive Order regarding the time for and limits on Phase II discovery after completion of Phase I.

## II. Written Discovery Limits During Phase I

In the Motion, the EEOC and the Intervenors additionally assert that the written discovery limits imposed by the Court in the Discovery Order are "hugely disproportionate" and "inherently unfair." [#149] at 7. The EEOC's and Intervenors' position lacks merit, as ***the Court has imposed <u>identical</u> written discovery limits on the EEOC and JBS during Phase I***.

To repeat, the Court ordered that the EEOC and JBS are each entitled to 25 interrogatories, 25 requests for production of documents and 25 requests for admission served on each other, plus 5 interrogatories, 5 requests for production of documents and 5 requests for admission served on each individual Intervenor identified as a Phase I witness for either the EEOC or JBS. [#148] at 11-12. The EEOC and JBS are, therefore, entitled to exactly the same number of written discovery requests; the total number will

depend on the number of individual Intervenors identified as Phase I witnesses by either party. To reiterate, the EEOC and JBS each may serve a total of 75 generic written discovery requests on each other, and each may serve a total of 15 specific written discovery requests on each Intervenor identified by either side as a Phase I witness. Intervenors upon whom written discovery requests are served must respond directly through their counsel. Of course, neither the EEOC nor JBS must use all of the written discovery to which either is entitled. Accordingly,

IT IS HEREBY **ORDERED** that **Plaintiff's and Intervenors' Motion for Reconsideration and for Clarification and/or to Amend the Scheduling Order [Dkt. #128]** [Docket No. 149; Filed December 20, 2011] is **GRANTED IN PART** to the extent set forth herein, and **DENIED IN PART** to the extent that the written discovery limitations imposed in the Order Regarding Phase I Discovery [#148] remain in effect.

IT IS FURTHER **ORDERED that the parties shall address any further confusion about Phase I discovery limits by calling the Court to conduct a telephone hearing.** The parties shall initiate a conference call and then, once all parties are on the line, dial the Court at **303-335-2770**.

Dated: December 28, 2011

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge