IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02103-PAB-KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

and

IRAQ ABADE, *et al.*,

    Plaintiffs-Intervenors,

v.

JBS USA, LLC d/b/a JBS SWIFT & COMPANY,

    Defendant.

---

**DEFENDANT'S RENEWED MOTION FOR PROTECTIVE ORDER
TO SEQUESTER DEPONENTS
AND/OR MOTION FOR RECONSIDERATION OF 2/15/12 TELEPHONE RULING**

---

    Defendant JBS USA, LLC ("JBS"), through its attorneys and pursuant to Fed. R. Civ. P. 26(c)(1), submits the following Renewed Motion for Protective Order to Sequester Deponents and/or Motion for Reconsideration of 2/15/12 Telephone Ruling.

**I.    BACKGROUND.**

    On February 15, 2012, during the deposition of Intervenor Raawi Sahal, a dispute arose concerning the propriety of another Intervenor, Halawi Ali (whose deposition was scheduled the following day) attending the deposition. Following Defendant's oral motion for protective order and a brief telephone hearing, Magistrate Judge Mix ruled that, in the absence of authority

supporting the preclusion of Claimants/Intervenors from attending the depositions of other Claimants/Intervenors, they would be permitted to do so.

Following last week's telephone hearing and completion of the two depositions impacted, Defendant has had an opportunity to more fully research and consider this issue, and respectfully requests that the Court consider the authorities and arguments set forth below, and reconsider its February 15, 2012, verbal ruling.

In compliance with D.C.COLO.L.CivR 7.1, counsel for Defendant conferred with opposing counsel concerning this issue when it arose during the deposition of Ms. Sahal on February 15, 2012, and the parties were unable to reach agreement. Subsequently, in accordance with paragraph 8.d(1) of the Phase I Scheduling Order (Doc. # 128), a telephone hearing was held with Magistrate Judge Mix the same day.

## II.   ARGUMENT.

### A.   In This Pattern or Practice Case, Strong and Compelling Reasons Exist to Preclude Claimants/Intervenors From Attending the Depositions of Other Claimants/Intervenors Prior to Giving Their Own Deposition Testimony.

Rule 26(c)(1)(E) of the Federal Rules of Civil Procedure permits the sequestration of witnesses during depositions under certain circumstances. Exclusion of witnesses at a deposition is within the authority and discretion of the Court but "should be invoked only for strong and compelling reasons." In re: Levine, 101 B.R. 260, 262 (Bankr. D. Colo. 1989). In this district, such strong and compelling reasons have been recognized in cases involving allegations of breach of contract, fraud and conspiracy. Thus, in In re: Levine, the Court determined sequestration during depositions was appropriate where allegations of fraud and conspiracy persuaded the Court that "during discovery the 'need to test the observation, recollection and

2

communication of each deponent independently should outweigh that party's right to be present for deposition.'" Id. (citing Kostolansky, "Sequestration of Deponents in Civil Litigation," Vol. 15 No. 6, *Colorado Lawyer* 1028 (June 1986)). Similarly, in Techna-Quip, Inc. v. Perfection Gear, Inc., No. 85-F-1532 (D. Colo. Sept. 9, 1985), cited in In re: Levine, 101 B.R. at 262, the Court sequestered witnesses during depositions, recognizing the risk that "deponents' testimony may be influenced, even unintentionally, if they are allowed to attend the other witness' deposition" and that "Defendant is entitled to the independent recollection of the parties involved in the transactions which are the subject of this lawsuit."[1]

The present case presents equally strong and compelling reasons to justify the sequestration of witnesses during the depositions of Claimants/Intervenors. Phase I of this case concerns the EEOC's claims regarding a pattern or practice of religious discrimination and retaliation. To prove its pattern or practice claims, the EEOC must demonstrate that discrimination and retaliation were "the company's standard operating procedure, the regular rather than the unusual practice." International Brotherhood of Teamsters v. United States, 431 U.S. 324, 336 (1977). While the Court has previously determined that the Intervenors are not parties to Phase I and limited their participation in discovery accordingly (Doc. #148), their testimony is pivotal to the EEOC's ability to establish its pattern or practice claims. See, e.g., EEOC v. Bloomberg L.P., 778 F. Supp. 2d 458, 470-480 (S.D.N.Y. 2011) (EEOC's pattern or practice allegation necessarily relies on statistics and anecdotal evidence, and the anecdotal

---

[1] See also, Swiers v. P&C Food Markets, Inc., 95 A.D.2d 881, 882 (N.Y. App. Div. 1983) (ruling in favor of sequestration of nonparty witness at deposition because the plaintiff had a right to "spontaneous testimony, uncolored by the testimony of" the defendant); Naatz v. Queensbury Central School Dist., 166 A.D.2d 866, 867 (N.Y. App. Div. 1990) (noting that nonparty witnesses can be excluded from depositions under appropriate circumstances).

3

evidence did not support a pattern or practice claim of discrimination).[2] In other words, the EEOC must rely on testimony from Claimants/Intervenors to establish that JBS engaged in a "standard operating procedure" of discrimination or retaliation. Id.; Teamsters, 431 U.S. at 336. The greater the similarities in the testimony and anecdotal evidence gathered from each individual, the greater the likelihood of a finding of a "standard operating procedure" or "regular practice." See Bloomberg, 778 F. Supp. 2d at 470-480 (noting the EEOC's anecdotal evidence was, at best, "a mixed bag" as the individual's anecdotes were highly varied).

In this sense, discovery in a pattern or practice case is unique because the claim itself *requires* a certain level of repetitive testimony from a large number of witnesses in order to demonstrate the existence of a "pattern" or "practice."[3] By allowing Claimants/Intervenors to listen to each others' deposition testimony prior to giving their own, it necessarily increases the likelihood that they will improperly and unduly focus on any similarities and commonalities in their experiences, as opposed to the dissimilarities.

Courts have also approved sequestration of witnesses "where it is clear a group of witnesses is trying to get its story down . . . ." Radian Asset Assurance, Inc. v. College of the Christian Brothers of New Mexico, 2010 U.S. Dist. LEXIS 137137, *19 (Nov. 24, 2010) (deciding not to sequester witnesses, but noting circumstances where exclusion may be

---

[2] The EEOC has not yet disclosed any statistical data supporting its allegations, and it appears the EEOC will be relying heavily on anecdotal evidence to support its case.

[3] Courts discourage precluding witnesses from depositions when the need for exclusion is based on ordinary "garden variety" good cause facts which will exist in most civil litigation." Lee v. Denver Sheriff's Dep't, 181 F.R.D. 651, 653 (D. Colo. 1998). In contrast to a "garden variety" situation, this is a pattern or practice case involving hundreds of claimants from a tight-knit minority community. The danger here is of numerous Claimants/Intervenors hearing the testimony of others and then echoing the previous witnesses' focus, opinion and testimony to create artificial evidence of a pattern.

4

necessary, including the improper collaboration of testimony); citing Dunlap v. Reading Co., 30 F.R.D. 129, 131-132 (E.D. Penn. 1962) (ruling in favor of sequestration of ten witnesses in light of their "camaraderie" as employees).  Such considerations are relevant here where Claimants/Intervenors consist of nearly three hundred members of a close-knit, minority community whose allegations rest largely on hearsay.

> **B.     The Recent Deposition Testimony of Raawi Sahal and Halawi Ali Clearly Demonstrates the Need For Sequestration.**

Allowing any individual Claimant/Intervenor to listen to the deposition testimony of other Claimants/Intervenors prior to giving his or her own testimony creates a real and demonstrable risk that the witness' testimony may be influenced, whether intentionally or not, thereby lending credence to a pattern or practice, when independently gathered evidence may demonstrate that none exists.

Indeed, the two depositions completed last week provide irrefutable evidence of just such an effect.  During her deposition (which Halawi Ali attended), Raawi Sahal testified concerning graffiti which she observed in the women's restroom at the Greeley plant, including a drawing. (Ex. A, Sahal Dep. at 96-98.)  The following day, Halawi Ali testified concerning similar graffiti, including a drawing, which she now claims to have observed in the women's restroom at the Greeley plant.  (Ex. B, Ali Dep. at 134-136.)  Significantly, however, Ms. Ali *never described observing any such graffiti prior to her deposition on February 16, 2012 -- just one day after she listened to Ms. Sahal describing graffiti in her deposition.*  In the Charge of Discrimination filed by Ms. Ali with the EEOC, there is no mention of any graffiti.  (Ex. C, Halawi Ali Charge of Discrimination).  In a statement signed by Ms. Ali and produced by her attorneys, there is no mention of any graffiti.  (Ex. D, Statement of Ms. Halawi Ali).  Finally, the EEOC's own notes

5

from an interview with Ms. Ali contain the following notation: "Bathrooms – Didn't see any in women's bathroom, but heard fr/others that men's bath did." (Ex. E, interview notes produced by EEOC, numbered E000000723-726, at p. 724.) This single example clearly illustrates the prejudice to JBS stemming from permitting Claimants/Intervenors to attend depositions prior to giving their own testimony.

## III.    CONCLUSION.

Under the unique circumstances presented by this bifurcated pattern or practice case, strong and compelling reasons exist to sequester Claimants/Intervenors during their depositions. JBS should be afforded a fair opportunity to "test the observation, recollection and communication of each deponent independently . . . ." In re: Levine, 101 B.R. at 262. While the potential prejudice of non-sequestration to JBS is great, the impact of sequestration on Claimants/Intervenors is minor. As this Court has noted, "[s]imply stated, Intervenors' stake in the discovery to be conducted during Phase I is relatively minimal." (Doc. # 148 at 7.) The balance of interests in precluding Claimants/Intervenors from attending discovery depositions clearly weighs in favor of protecting JBS.

WHEREFORE, Defendant respectfully requests that the Court enter an Order precluding any Claimant/Intervenor from attending the deposition of another Claimant/Intervenor prior to giving his or her own deposition testimony.

6

DATED this 24th day of February, 2012.

Respectfully submitted,

*s/ Heather Vickles*
W.V. Siebert
Raymond M. Deeny
Heather Fox Vickles
Kelly Robinson
SHERMAN & HOWARD L.L.C.
633 17th Street, Suite 3000
Denver, CO  80202
303-297-2900 / Fax:  303-298-0940
Email:  BSiebert@shermanhoward.com
Email:  RDeeny@shermanhoward.com
Email:  HVickles@shermanhoward.com
Email:  KRobinson@shermanhoward.com

Attorneys for Defendant JBS USA, LLC

### CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on this 24th day of February, 2012, I electronically filed the foregoing **DEFENDANT'S RENEWED MOTION FOR PROTECTIVE ORDER TO SEQUESTER DEPONENTS AND/OR MOTION FOR RECONSIDERATION OF 2/15/12 TELEPHONE RULING** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

rita.kittle@eeoc.gov
stephanie.struble@eeoc.gov
andrew.winston@eeoc.gov
iris.halpern@eeoc.gov
william.moench@eeoc.gov

*s/Louisa Boyte*