IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02103-PAB-KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

and

IRAQ ABADE, et al.,

    Plaintiffs-Intervenors,

v.

JBS USA, LLC, d/b/a JBS Swift & Company,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant's Renewed Motion for Protective Order to Sequester Deponents and/or Motion for Reconsideration of 2/15/12 Telephone Ruling** [Docket No. 169; Filed February 24, 2012] (the "Motion"). The Motion is referred to this Court for resolution [#170]. On March 1, 2012, the Court ordered Plaintiff EEOC to respond to the Motion on or before March 9, 2012. On March 9, 2012, the Intervenor Plaintiffs filed a Response in opposition to the Motion [#172]. Defendant submitted a Reply on March 14, 2012 [#173]. Because counsel for the Intervenor Plaintiffs retain an interest in defending their clients during the depositions occurring in Phase I, the Court accepts the Response as filed. *Ord.,* [#152] at 2 ("Counsel for any individual

Intervenor deponent may be present at an individual Intervenor's deposition and may make appropriate objections."). For the reasons stated below, the Court **DENIES** Defendant's Motion.

Defendant requests that the Court issue an order precluding Intervenors from attending the depositions of other Intervenors, pursuant to Fed. R. Civ. P. 26(c)(1)(E). [#169] at 2. Defendant is concerned that allowing Intervenors to hear the testimony of other Intervenors will encourage the creation of "artificial evidence of a pattern" of discrimination. *Id.* at 4 n.3. Defendant explains that two recent depositions conducted in this matter reflect its concerns: one Intervenor (Ms. Ali) heard another Intervenor's (Ms. Sahal) testimony during a deposition regarding graffiti in a bathroom. The next day, Ms. Ali testified about the same graffiti; however, notes previously taken by the EEOC indicate that Ms. Ali "didn't see any in [the] women's bathroom." *Id.* at 5-6. Thus, Defendant asserts that "strong and compelling reasons exist to sequester" the Intervenors during their depositions. *Id.* at 6.

The Intervenors argue that Defendant fails to overcome the "presumptive right" enjoyed by party and non-party witnesses to attend depositions of other witnesses. [#172] at 4. The Intervenors state that they have had "more than three years to discuss the events" that allegedly took place at Defendant's place of business, thus "there is no reason to believe that claimants/intervenors will change their testimony after observing other witnesses' depositions." *Id.* at 6. The Intervenors aver that just because they come from the same country and speak the same language does not constitute an extraordinary circumstance justifying sequestration, nor does it support Defendant's suggestion that the Intervenors are more likely to collaborate testimony. *Id.* at 8. The Intervenors point out that

Ms. Ali and Ms. Sahal testified about different descriptions of graffiti, and in any event, the purpose of a deposition is to obtain more facts, not only to collaborate existing facts. *Id.* at 9-10.

In reply, Defendant restates its position as described in the Motion. *See* [#173]. Defendant emphasizes its concern that, because Phase I of this matter concerns a pattern or practice claim, the Intervenors have an incentive for "repetitive testimony." *Id.* at 4.

Witness sequestration "is not available as a matter of right in pretrial depositions." *Visor v. Sprint/United Mgmt. Co.*, No. CIV.A. 96-K-1730, 1997 WL 567923, at *2 (D. Colo. Aug. 18, 1997). Rule 26(c)(1)(E) provides that, for good cause, the Court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "designating the persons who may be present while the discovery is conducted." This provision was previously numbered as Rule 26(c)(5). Exclusion of witnesses from depositions pursuant to this Rule should be rarely ordered, and should be permitted only "upon a heightened showing of 'exceptional' or 'compelling' circumstances necessary to protect the deponent." *Visor*, 1997 WL 567923 at *2 (citation omitted).

The reasons proffered by Defendant in support of its request fall squarely within the reasoning explicitly rejected by the *Visor* court. *See* 1997 WL 567923 at *3 ("Tactical considerations such as a desire to secure the independent recollection of witnesses or avoid the tailoring of testimony are *per se* not compelling and will not justify exclusion."). Defendant is concerned that allowing Intervenors "to listen to each others' deposition testimony prior to giving their own [would] necessarily increase[ ] the likelihood that they will improperly and unduly focus on any similarities and commonalities in their

experiences." [#169] at 4.  Perhaps this argument would be more compelling if the number of Intervenors was significantly less than it is, or if allegations of fraud or conspiracy were at issue.  Here, there are more than one hundred Intervenors who have presumably had multiple years of work and life experience in the same workplace and community.  The Court finds it hard to believe that deposition attendance would materially affect the quality of the testimony in this case, considering the amount of testimony that will be taken and discovery of documents that will be obtained.  Further, Defendant may utilize other forms of evidence to call into question the credibility of witnesses such as Ms. Ali, who Defendant believes changed her testimony after attending the deposition of Ms. Sahal.  As demonstrated in its Motion and Reply, Defendant has documentation that it can use to counter Mr. Ali's testimony regarding graffiti, if the need arises.

The decision to issue a protective order rests within the sound discretion of the trial court.  *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990).  "Rules that limit access, encourage secrecy or curtail participation must be strictly construed because they run counter to the great countervailing principles of openness and participation."  *Visor*, 1997 WL 567923 at *2.  Exercising its discretion, the Court agrees with the Intervenors that the simple fact that they are a minority group who "all know each other" does not constitute good cause within the meaning and purpose of Rule 26(c)(1)(E) to prohibit the Intervenors from attending other Intervenors' depositions.  Defendant is well-equipped to use the Federal Rules to shed doubt on witness testimony allegedly tainted by attendance at another witness' deposition, without Court interference in the Intervenors' presumptive right to be present at each others' depositions.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#169] is **DENIED**.

Dated:  March 20, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge