IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:   10-CV-02103-PAB-KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

      Plaintiff,

NAFISO ABDI, ABDI ABDILLE, RANDUSA HASSAN ABDULLAHI, ABDULLAHI
HUSSEIN, SAFIYA MOHAMED, HALIMA SALAD, ZAKARIA SALAD, ADEN ABDI
YEROW, HARIMA SANEY YUSSUF and ADEY YUSSUF,

      Applicants for Intervention,

v.

JBS USA, LLC d/b/a JBS SWIFT & COMPANY

      Defendant,

        Defendant

---

## COMPLAINT IN INTERVENTION AND JURY DEMAND
---

## I.      INTRODUCTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§

2000e, *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, for

unlawful employment practices, including harassment and discrimination on the basis of race,

color, national origin and religion, failure to accommodate religion, and retaliation, including

discipline and discharge for complaints of unlawful employment practices and complaints for

-1-

failure to accommodate religion.   The Plaintiffs/Intervenors are Black, Somali, and Muslim

former and current employees of Defendant's Greeley, Colorado facility who were affected by

such practices.   The Plaintiffs/Intervenors are Nafiso Abdi, Abdi Abdille, Randusa Hassan

Abdullahi, Abdullahi Hussein, Safiya Mohamed, Halima Salad, Zakaria Salad, Aden Abdi Yerow,

Harima Saney Yussuf and Adey Yussuf.   As alleged with greater particularity below,

Plaintiffs/Intervenors contend that Defendant engaged in a pattern or practice of harassment and

discrimination on the basis of race, color, national origin and religion by allowing racial, ethnic

and religious harassment in the workplace, and by treating Plaintiffs/Intervenors differently in the

terms and conditions of their employment, including by disciplining and discharging

Plaintiffs/Intervenors because of their race, color, national origin, religion and/or in retaliation for

complaints of Defendant's unlawful employment practices and/or complaints for failure to

accommodate religion.

     Plaintiffs/Intervenors, by and through their counsel, having been permitted to intervene in

this case, complain against the Defendant as follows:

## II.     JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and

1345.

2.  This action is authorized and instituted pursuant to §§ 704, 706(f)(1), (f)(3), and 707 of

Title VII, 42 U.S.C. §§ 2000e-3, 2000e-5(f)(1) and (3), 2000e-6 and § 102 of the Civil Rights Act

of 1991, 42 U.S.C. § 1981a.

3.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices alleged herein were committed within the jurisdictional boundaries of the United States District Court for the District of Colorado.

4.   Plaintiffs/Intervenors Abdi Abdille and Zakaria Salad timely filed class-based Charges of Discrimination with the Equal Employment Opportunity Commission on behalf of themselves and others similarly situated.   Although not all Plaintiffs/Intervenors filed Charges of Discrimination, all procedural prerequisites for filing of this suit have been met, as Plaintiffs/Intervenors without charges are covered by the class-based charges in accordance with the "single filing rule."   Under this doctrine, if one plaintiff has filed a timely EEOC administrative complaint, then other individuals with claims arising out of similar discriminatory treatment in the same time frame need not satisfy the filing requirement.   *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191 (10th Cir. 2004); *Thiessen v. General Elec. Corp.*, 267 F.3d 1095, 1110 (10th Cir. 2001) ("the purpose behind the single filing rule is that it would be wasteful, if not vain, for numerous employees, all with the same grievance, to have to process many identical complaints with the EEOC").

### III.    PARTIES

5.   Nafiso Abdi, Abdi Abdille, Randusa Hassan Abdullahi, Abdullahi Hussein, Safiya Mohamed, Halima Salad, Zakaria Salad, Aden Abdi Yerow, Harima Saney Yussuf and Adey Yussuf ("Plaintiffs/Intervenors"), were at all times relevant hereto, residents of the State of Colorado.

6.   Defendant JBS USA, LLC is a Delaware limited liability company.

7.   At all relevant times, Defendant has continuously been and is now doing business in the State of Colorado, and has continuously had at least fifteen (15) employees.

8.   At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of 42 U.S.C. §§ 2000e(b), (g) and (h) and 42 U.S.C. § 1981.

9.   At all relevant times, Defendant was/is the employer of Plaintiffs/Intervenors within the meaning of Title VII and § 1981.

## IV.     GENERAL ALLEGATIONS

10. More than thirty (30) days prior to the institution of this lawsuit, Abdi Abdille and Zakaria Salad former employees of Swift, filed class-based Charges of Discrimination with the EEOC on behalf of themselves and other similarly situated employees, alleging violations of Title VII by Defendant.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

12. Plaintiffs/Intervenors are Black, Muslim immigrants from Somalia.

13. Plaintiffs/Intervenors and other similarly aggrieved individuals are currently or were formerly employed by Defendant at its plant in Greeley, Colorado.

14. According to the Muslim religion, Muslims must pray five (5) times a day in accordance with the Muslim prayer calendar.

15. Throughout their employment, Plaintiffs/Intervenors were and continue to be subjected to discrimination and a hostile work environment because of their race, color, national origin, and/or

religion.

16. Throughout their employment, Plaintiffs/Intervenors were denied and continue to be denied the ability to pray. For example:

- Plaintiffs/Intervenors have regularly been denied the opportunity to pray.

- "You can't pray here."

- "You pray all the time."

- "You like going to fucking prayers?"

- "I don't care about you praying. Do the job."

17. Muslim employees at the Facility were harassed and continue to be harassed when they attempted or attempt to pray during scheduled breaks.

18. Muslim employees at the Facility were harassed and continue to be harassed when they attempted or attempt to pray during their bathroom breaks.

19. Muslim employees' requests to pray during bathroom breaks were and continue to be denied.   For instance, on many occasions, Muslim employees have been told that they should not request a break to pray, but rather should only request bathroom or water breaks. On numerous occasions, despite being advised by the Defendant that they would be permitted to pray, management either refuses such requests on a regular basis, or makes the granting of such requests so difficult that Muslim employees are discouraged from praying.

20. Management typically permits non-Muslim employees a number of breaks and, if a non-Muslim employee returns a minute or two late from a break, they are not disciplined.   A

number of Muslim employees have not been given any breaks at all with regard to their request for prayer, others have been infrequently granted their request.   A number of the Plaintiffs have been threatened with discipline or discharge if they take a prayer break.   Other Plaintiffs have been told by their supervisors that "You can't pray here."   Some Muslim employees, having been denied prayer breaks or even bathroom breaks have endured the indignity of having to urinate on themselves. Further, Muslim employees returning even one minute late from a break for prayer are routinely disciplined.

21. Plaintiffs/Intervenors were and continue to be subjected to harassing comments on the basis of their race (African), color (Black) national origin (Somali) and/or religion (Muslim). Among the comments that Plaintiffs/Intervenors are routinely called by both co-workers and supervisors and management of the Defendant include but are not limited to:

- "Monkeys"

- "Butto"

- "Fuck Somalis"

- "Fucking black people"

- "I hate your color"

- "Muslims are not good"

- "Bastards"

- "Black African Nigger"

- "Go back to Africa"

- "You like going to fucking prayers"

- "Shit Somalis"

- "Nigger""

- "Black guys are not going to stay over here"

- "Lazy"

- "Bitch, go back to Africa."

22. Plaintiffs/Intervenors were and are motioned to "come here" by supervisors and/or co-workers with their finger, a gesture that is used to call animals in Somalia and was known to be derogatory in Plaintiffs/Intervenors' culture.   The gesture was used repeatedly by Swift managers even after they were notified that the gesture was offensive.

23. Managers, supervisors, and other employees regularly threw and throw blood, meat and/or bones at Plaintiffs/Intervenors.   Complaints to management went unanswered.

24. Employees saw graffiti such as ""Fuck Somalis," and "Fucking S niggers"   The graffiti often contains depictions of Africans in sexual positions or a person kissing the ground with a monkey performing anal sex.   Although the graffiti is occasionally removed, it reappears rapidly. On occasion, Somalis have pointed out the offensive graffiti to management to no avil.

25. Plaintiffs/Intervenors were offended by the above comments and actions and continue to be offended.

26. Plaintiffs/Intervenors were and are discriminatorily denied bathroom breaks and breaks to get a drink of water.

27. Plaintiffs/Intervenors were and are discriminatorily denied access to proper medical care for injuries/illnesses.

28. Plaintiffs/Intervenors were and are not properly treated for work-related injuries.

29. Plaintiffs/Intervenors were paid less than other employees, including not being given the requisite qualification pay increase that other employees received, or given the pay increase later than other employees, and not receiving overtime.

30. Plaintiffs/Intervenors complained about harassment based on race, color, national origin and/or religion, but Defendant failed to correct the hostile work environment.

31. Plaintiffs/Intervenors were retaliated against for complaining about harassment, discrimination and failure to accommodate their Muslim religion.

32. Plaintiffs/Intervenors were disciplined and continue to be disciplined more harshly than non-Somali and non-Muslim employees, or were disciplined for conduct that others were not.

### The Events Relating to Ramadan 2008

33. The requirement stated in the Qur'an that Muslims pray five (5) times a day is especially important during the holy month of Ramadan, when Muslims also fast during the day and only break their fast at sundown during their fourth prayer of the day.

34. Fasting during Ramadan requires no intake of either food or water before sunset.

35. The first day of the 2008 Ramadan holiday on which the charging parties reported to work, was Tuesday, September 2, 2008.

36. On September 2, 2008, at the conclusion of the B shift, at or around 11:45 p.m., between 40

and 100 Muslim employees went to Superintendent Juan Palacios' office to request that the meal break be moved from 9:15 p.m. to 7:30 p.m., so that the Muslim employees could pray in accordance with the requirements of their religion and break their fast within fifteen (15) minutes of sunset.

37. For the next two (2) shifts, Wednesday and Thursday, September 3 and 4, 2008, Swift accommodated the Muslim employees and had the meal break occur midway through the shift, at 7:30 p.m.   From Friday, September 5, 2008 and thereafter, Swift refused to accommodate the Muslim employees and instead, moved the meal break to 8:00 p.m. on Friday and to 8:30 p.m. thereafter.   Muslim employees had suggested numerous ways their need to pray during the workday could be accommodated, but their suggestions were rejected.

38. On Friday, September 5, 2008, shortly before the Muslim employees believed their 7:30 p.m. break would occur, Swift decided to move the break to 8:00 p.m.

39. On September 5, 2008, at around 7:30 p.m., Swift stationed management employees at all of the exits, refused to allow the Muslim employees to leave the line and told them to return to their lines.

40. Swift shut off the water fountains and/or tagged them with red tags and yellow caution tape.

41. Red tags are usually used in the Swift facility to indicate rotten or spoiled meat.

42. Because the water fountains were unavailable for use, the Muslim employees were prevented from getting a drink of water, a drink they needed after fasting all day for Ramadan.

43. Because of Swift's actions, the Muslim employees were also prevented from washing up, a religious requirement before prayers.

44. At 8:00 p.m., the employees were allowed to take their break.

45. During the break, Swift management told the Muslim employees to go outside the facility.

46. When the Muslim employees attempted to re-enter the facility at the conclusion of the break, Swift told them they could not return to work.

47. On Monday, September 8, 2008, Swift informed the Union that employees who had left the plant Friday evening had engaged in an "unauthorized work stoppage" and would be placed on an indefinite suspension.

48. On Tuesday, September 9, 2008, Swift decided that employees who left the facility Friday evening would be allowed to return to work and given a final written warning with Friday and Monday being treated as unpaid suspensions, provided they returned to work that day.

49. Swift did not contact each of the affected Muslim employees to tell them they were expected to return to work that day.

50. On Wednesday, September 10, 2008, Swift terminated all of the Muslim employees who had not returned to work on Tuesday, including employees who attempted to return to work on Wednesday and who told Swift that they did not know they were to return to work the previous day.

## V.     CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF – PATTERN OR PRACTICE OF DISCRIMINATORY
TREATMENT BECAUSE OF RACE, COLOR, NATIONAL ORIGIN, RELIGION
AND/OR RETALIATION
(42 U.S.C. § 2000e-2(a))**

51. Plaintiffs/Intervenors incorporate all other paragraphs as set forth fully herein.

52. Since last December 22, 2007, Defendant has engaged and continues to engage in a pattern

or practice of unlawful discriminatory employment practices at its facility in Greeley, Colorado, in

violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by discriminating against

Plaintiffs/Intervenors with respect to the terms and conditions of their employment because of

their race, Black, color, black, national origin, Somali and religion, Muslim, and/or has retaliated

against employees who requested a reasonable accommodation for their religion. This

discrimination has the impact and effect of creating a hostile work invironment.

53. The pattern and/or practice of discriminatory treatment includes, without limitation,

harassment, disparate treatment, denial of religious accommodation, retaliation against individuals

who seek religious accommodation, and disciplining and discharging Somali Muslim employees

because of their race, color, national origin, religion, and in retaliation for requesting religious

accommodation or having religious accommodation requested on their behalf.

54. The effect of the practices complained of above has been to deprive Plaintiffs/Intervenors

of equal employment opportunities and otherwise adversely affect their employment status

because of their race, color, national origin, religion, and/or because they sought religious

accommodation.

55. The unlawful employment practices complained of above were and are intentional.

56. The unlawful employment practices complained of above were done with malice or with

reckless indifference to the federally protected rights of Plaintiffs/Intervenors.

### SECOND CLAIM FOR RELIEF – FAILURE TO ACCOMMODATE RELIGION
### (42 U.S.C. § 2000e-2(a))

57. Plaintiffs/Intervenors incorporate all other paragraphs as set forth fully herein.

58. Since at least December 22, 2007, Defendant has engaged and continues to engage in

unlawful employment practices at its facilities in Greeley, Colorado, in violation of Section 703(a)

of Title VII, 42 U.S.C. § 2000e-2(a) by failing to reasonably accommodate its Muslim employees'

religious practices and/or beliefs.

59. The effect of the practices complained of above has been to deprive Plaintiffs/Intervenors

of equal employment opportunities and otherwise adversely affect their employment status

because of their religion.

60. The unlawful employment practices complained of above were and are intentional.

61. The unlawful employment practices complained of above were done with malice or with

reckless indifference to the federally protected rights of Plaintiffs/Intervenors.

### THIRD CLAIM FOR RELIEF – RETALIATION FOR REQUESTING RELIGIOUS
### ACCOMMODATION
### (42 U.S.C. § 2000e-3)

62. Plaintiffs/Intervenors incorporate all other paragraphs as set forth fully herein.

63. Since at least September 2008, Defendant has engaged and continues to engage in unlawful

employment practices at is facilities in Greeley, Colorado, in violation of Section 704 of Title VII,

42 U.S.C. § 2000e-3 by disciplining and/or terminating Plaintiffs/Intervenors in retaliation for their requests for religious accommodation.

64. The effect of the practices complained of above has been to deprive Plaintiffs/Intervenors of equal employment opportunities and otherwise adversely affect their employment status because of their requests for religious accommodation.

65. The unlawful employment practices complained of above were and are intentional.

66. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiffs/Intervenors.

**FOURTH CLAIM FOR RELIEF – HOSTILE WORK ENVIRONMENT/HARASSMENT
(42 U.S.C. §§ 2000e-2(a))**

67. Plaintiffs/Intervenors incorporate all other paragraphs as set forth fully herein.

68. Since at least December 22, 2007, Defendant has engaged and continues to engage in unlawful employment practices at is facility in Greeley, Colorado, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by harassing Plaintiffs/Intervenors because of their race, Black, color, black, national origin, Somali and/or religion, Muslim.

69. The harassment of Plaintiffs/Intervenors was sufficiently severe and/or pervasive as to alter the terms and conditions of their employment.

70. Management employees participated in the harassment of Plaintiffs/Intervenors.

71. Management employees knew or should have known of the harassment of Plaintiffs/Intervenors.

72. Management employees failed to take appropriate action to prevent or promptly correct the

harassment of Plaintiffs/Intervenors.

73. The effect of the practices complained of above has been to deprive Plaintiffs/Intervenors and other aggrieved individuals of equal employment opportunities and otherwise adversely affect their employment status because of their race, color, national origin, and/or religion.

74. The unlawful employment practices complained of above were and are intentional.

75. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiffs/Intervenors.

**FIFTH CLAIM FOR RELIEF – DISCRIMINATORY DISCIPLINE AND DISCHARGE**
**(42 U.S.C. §§ 2000e-2(a))**

76. Plaintiffs/Intervenors incorporate all other paragraphs as set forth fully herein.

77. Since at least September 2008, Defendant has violated and continues to violate Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by disciplining and discharging Plaintiffs/Intervenors and other aggrieved individuals because of their race, color, national origin, religion and/or in retaliation for requesting religious accommodation and/or in retaliation for engaging in protected activity by complaining about discrimination and/or harassment.

78. Plaintiffs/Intervenors were disciplined and discharged for allegedly engaging in a work stoppage, while non-Somali, non-Muslim employees were not disciplined for similar conduct.

79. Plaintiffs/Intervenors were directed not to come to work and/or were not allowed to return to their shift because of their race, color, national origin, religion, and/or because they had requested or needed a religious accommodation.   Defendant disciplined and discharged Plaintiffs/Intervenors for allegedly engaging in an unauthorized work stoppage when they failed to

report to work as directed.   The effect of the practices complained of above has been to deprive

Plaintiffs/Intervenors and other aggrieved individuals of equal employment opportunities and

otherwise adversely affect their employment status because of their race, color, national origin,

religion, and/or because they requested religious accommodation and/or because they complained

of discrimination and/or harassment.

80. The unlawful employment practices complained of above were and are intentional.

81. The unlawful employment practices complained of above were done with malice or with

reckless indifference to the federally protected rights of Plaintiffs/Intervenors.

### SIXTH CLAIM FOR RELIEF – RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY – COMPLAINTS OF DISCRIMINATION AND/OR HARASSMENT (42 U.S.C. §§ 2000e-3 and 42 U.S.C. § 1981)

82. Plaintiffs/Intervenors incorporate all other paragraphs as set forth fully herein.

83. Since at least December 22, 2007, Defendant has engaged and continues to engage in

unlawful employment practices at its facilities in Greeley, Colorado, in violation of Section 704 of

Title VII, 42 U.S.C. § 2000e-3 and 42 U.S.C. § 1981, by retaliating against certain

Plaintiffs/Intervenors and other aggrieved individuals who voiced their complaints to

management, including Human Resources.

84. In retaliation for Plaintiffs/Intervenors' and other aggrieved individuals' opposition to

what they reasonable believed to be Defendant's unlawful discrimination against them, Defendant

harassed, disciplined and/or terminated them from their employment.

85. The effect of the practices complained of above has been to deprive Plaintiffs/Intervenors

-15-

and other aggrieved individuals of equal employment opportunities and otherwise adversely affect

their employment status because of their protected activity.

86. The unlawful employment practices complained of above were and are intentional.

87. The unlawful employment practices complained of above were done with malice or with

reckless indifference to the federally protected rights of Plaintiffs/Intervenors and other aggrieved

individuals.

**SEVENTH CLAIM FOR RELIEF – DISCRIMINATORY TREATMENT
BECAUSE OF RACE
(42 U.S.C. § 1981)**

88. Plaintiffs/Intervenors incorporate all other paragraphs as set forth fully herein.

89. Since last December 22, 2007, Defendant has engaged and continues to engage in a pattern

or practice of unlawful discriminatory employment practices at its facility in Greeley, Colorado, in

violation of 42 U.S.C. § 1981 by discriminating against Plaintiffs/Intervenors with respect to the

terms and conditions of their employment because of their race, Black, color, black, national

origin, Somali and religion, Muslim.

90. The pattern and/or practice of discriminatory treatment includes, without limitation,

harassment, disparate treatment, and disciplining and discharging Plaintiffs/Intervenors because of

their race, color, national origin and/or religion.

91. The effect of the practices complained of above has been to deprive Plaintiffs/Intervenors

of equal employment opportunities and otherwise adversely affect their employment status

because of their race, color, national origin and/or religion.

92. The unlawful employment practices complained of above were and are intentional.

93. The unlawful employment practices complained of above were done with malice or with

reckless indifference to the federally protected rights of Plaintiffs/Intervenors.

**EIGHTH CLAIM FOR RELIEF – HOSTILE WORK ENVIRONMENT/HARASSMENT
(42 U.S.C. § 1981)**

94. Plaintiffs/Intervenors incorporate all other paragraphs as set forth fully herein.

95. Since at least December 22, 2007, Defendant has engaged and continues to engage in

unlawful employment practices at is facility in Greeley, Colorado, in violation of 42 U.S.C. § 1981

by harassing Plaintiffs/Intervenors because of their race, Black, color, black, national origin,

Somali and/or religion, Muslim.

96. The harassment of Plaintiffs/Intervenors was sufficiently severe and/or pervasive as to

alter the terms and conditions of their employment.

97. Management employees participated in the harassment of Plaintiffs/Intervenors.

98. Management employees knew or should have known of the harassment of

Plaintiffs/Intervenors.

99. Management employees failed to take appropriate action to prevent or promptly correct the

harassment of Plaintiffs/Intervenors.

100.        The effect of the practices complained of above has been to deprive

Plaintiffs/Intervenors and other aggrieved individuals of equal employment opportunities and

otherwise adversely affect their employment status because of their race, color, national origin,

and/or religion.

101.     The unlawful employment practices complained of above were and are intentional.

102.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiffs/Intervenors.

**NINTH CLAIM FOR RELIEF – DISCRIMINATORY DISCIPLINE AND DISCHARGE (42 U.S.C. § 1981)**

103.     Plaintiffs/Intervenors incorporate all other paragraphs as set forth fully herein.

104.     Since at least September 2008, Defendant has violated and continues to violate 42 U.S.C. § 1981 by disciplining and discharging Plaintiffs/Intervenors and other aggrieved individuals because of their race, color, national origin, religion and/or in retaliation for requesting religious accommodation and/or in retaliation for engaging in protected activity by complaining about discrimination and/or harassment.

105.     Plaintiffs/Intervenors were disciplined and discharged for allegedly engaging in a work stoppage, while non-Somali, non-Muslim employees were not disciplined for similar conduct.

106.     Plaintiffs/Intervenors were directed not to come to work and/or were not allowed to return to their shift because of their race, color, national origin, religion, and/or because they had requested or needed a religious accommodation.   Defendant disciplined and discharged Plaintiffs/Intervenors for allegedly engaging in an unauthorized work stoppage when they failed to report to work as directed.   The effect of the practices complained of above has been to deprive Plaintiffs/Intervenors and other aggrieved individuals of equal employment opportunities and otherwise adversely affect their employment status because of their race, color, national origin,

religion, and/or because they requested religious accommodation and/or because they complained of discrimination and/or harassment.

107.     The unlawful employment practices complained of above were and are intentional.

108.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiffs/Intervenors.

<b>PRAYER FOR RELIEF</b>

Wherefore, Plaintiffs/Intervenors respectfully request that this Court:

1.   Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all person in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race, color, national origin, religion or retaliates against employees in violation of Title VII and/or § 1981.

2.   Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Somali individuals, Muslims, and employees who engaged in protected activity, and which eradicate the effects of its past and present unlawful employment practices.

3.   Order Defendant to make whole Plaintiffs/Intervenors by providing appropriate back pay, and actual damages in the amount to be shown at trial to compensate them for lost wages, benefits, and employment opportunities;

4.   Order Defendant to make whole Plaintiffs/Intervenors by providing appropriate front pay in an amount to be shown at trial;

5.   Order Defendant to make whole Plaintiffs/Intervenors by providing appropriate

compensatory and punitive damages;

6.   Retain jurisdiction of this matter to ensure full compliance with the Orders of this Court;

7.   Award Plaintiffs/Intervenors reasonable attorneys' fees and costs of this litigation as

provided under Title VII and § 1981;

8.   Award Plaintiffs/Intervenors pre-judgment and post-judgment interest and costs of this

action together with reasonable expert witness fees as provided by law;

9.   Declare that the acts and practices complained of herein are in violation of Title VII and §

1981 and constituted intentional and/or willful conduct by Defendant; and

10. Grant such other and further relief as this Court deems necessary and proper.

**JURY TRIAL DEMAND**

Plaintiffs/Intervenors request a jury trial on all questions of fact raised by their complaint.

Dated:   April 3, 2013

Respectfully submitted,

By: s/Diane S. King
Diane S. King
Lauren M Hasselbacher
King & Greisen, LLP
1670 York Street
Denver, CO 80206
(303) 298-9878
 (303) 298-9879 (fax)
 king@kinggreisen.com
hasselbacher@kinggreisen.com

David Lichtenstein

Law Office of David Lichtenstein
1556 Williams Street, Suite 100
Denver, CO   80218
 (303) 831-4750
(303) 863-0835 (fax)

Todd J. McNamara
McNamara Roseman & Kazmierski, LLP
1640 East 18th Avenue
Denver, CO   80218
(303) 333-8700
(303) 331-6967 (fax)

*Attorneys for Applicants*

Plaintiffs/Intervenors' Mailing Addresses:

Nafiso Abdi
1145 29th St. Rd., #204
Greeley, CO   80631

Abdi Abdille
1145 29th St. Rd., #107
Greeley, CO   80631

Randusa Hassan Abdullahi
1524 11th St., #19
Greeley, CO   80631

Abdullahi Hussein
1522 11th St., #11
Greeley, CO   80631

Safiya Mohamed
2192 30th St., #212
Greeley, CO   80631

Halima Salad
1217 29th St. Rd., Apt 212
Greeley, CO   80631

Zakaria Salad
1217 29th St. Rd., Apt 212
Greeley, CO   80631

Aden Abdi Yerow
1231 29th St., #108
Greeley, CO   80631

Harima Saney Yussuf
1524 11th St., Apt. 22
Greeley, CO   80631

Adey Yussuf
P.O. Box 546
Greeley, CO   80632