IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 10-CV-02103-PAB-KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

Fuad D. Mohamed, Mahad A. Mohamed, Ambiyo A. Muhumed, Fowzia A. Muhumed, and Mohamed M. Muhumed,

    Applicants for Intervention,

v.

JBS USA, LLC d/b/a JBS SWIFT & COMPANY

    Defendant.

---

**UNOPPOSED MOTION FOR LEAVE TO INTERVENE
AS PARTY PLAINTIFFS**

---

Pursuant to Fed.R.Civ. P. 24(a)(1) & (2) and 42 U.S.C. § 2000e-5(f)(1), Fuad D. Mohamed, Mahad A. Mohamed, Ambiyo A. Muhumed, Fowzia A. Muhumed, and Mohamed M. Muhumed ("the Applicants"), by and through their attorneys, Richard K. Blundell, Harry Budisidharta, and James Y. Chiu, move for leave to intervene as Party Plaintiffs in this action, to assert the claims set forth in their proposed Complaint in Intervention, a copy of which is attached hereto as **Exhibit 1**.

    1.    Pursuant to D.C.Colo.LCivR 7.1A, this Court is advised that counsel for the Applicants has consulted with counsel for Plaintiff and Defendant. Plaintiff and Defendant do not oppose this Motion for Intervention.

    2.    On August 30, 2010, the EEOC filed the instant lawsuit, alleging that

Defendant has, since at least December 22, 2007, maintained a hostile work environment based on race, national origin and/or religion, has subjected Black, Somali and Muslim employees to discriminatory terms and conditions of employment based also on such class members' race, national origin and/or religion, and has disciplined and/or discharged Black, Somali and Muslim workers because of their national origin, religion and/or in retaliation for requests for religious accommodation. Plaintiff's lawsuit also alleges that Defendant failed to accommodate the Muslim employees' religion. Plaintiff's claims are brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII").

3. The Applicants here are Black, Somali and Muslim former and current employees of Defendant. They seek to intervene in this action to assert claims, many of which are identical to the claims asserted by the Plaintiff EEOC and some of which are related claims not asserted by the EEOC. The Applicants' claims arise from Defendant's discrimination against them during their employment with the Defendant, including being subjected to a hostile work environment based on their race, national origin and/or religion, being discriminated against in regards to the terms and conditions of their employment, and because of their race, national origin and/or religion, and being disciplined and/or discharged because of their national origin, religion and/or in retaliation for requests for religious accommodation. Defendant also failed to accommodate the Applicants' religion. These are the *same* claims asserted by the Plaintiff in this litigation.

4. In addition, the Applicants' claims arise from Defendant's discrimination,

harassment and discriminatory discipline/discharge of the Applicants due to their color. Moreover, certain of the Applicants, Fuad D. Mohamed, Ambiyo A. Muhumed, and Mohamed M. Muhumed also alleged in their EEOC charges that they were retaliated against for opposing Defendant's discriminatory employment practices. The Applicants also assert claims against Defendant for race and national origin discrimination and retaliation in violation of § 1981. These additional discrimination claims are inextricably linked to the discrimination claims asserted by the Plaintiff EEOC.

5. Given the Applicants' claims of discrimination and harassment based on their Black race, black color, Somali national origin and Muslim religion, and the maintenance by Defendant of a racially hostile work environment, they are "persons aggrieved" within the meaning of Title VII. 42 U.S.C. § 2000e-5(f)(1). As aggrieved persons, the Applicants have the unconditional statutory right to bring individual claims of race-based discrimination and harassment, and thus to intervene in the pending action: "The person or persons aggrieved *shall* have the right to intervene in a civil action brought by the Commission[.]" *Id.* (emphasis added).

6. Granting the Applicants' Motion to Intervene would promote the most efficient use of scarce judicial resources because as individuals with race-based claims of harassment and discrimination, the Applicants are free to bring separate federal court actions under § 1981, irrespective of the administrative posture of any Commission proceedings on their claims under Title VII. *Lilly v. Harris-Teeter Supermarket*, 720, F.2d 326, 334 (4th Cir. 1983). The analytical framework applied in Title VII and § 1981 cases is identical. *Durham v. Xerox Corp.*, 18 F.3d 836, 839 (10th Cir. 1994); *EEOC v. Von Maur, Inc.*, 237 F.R.D. 195, 198 (S.D. Iowa 2006). Thus, the best use of the Court's

resources is to have a single action which definitively adjudicates the respective rights and liabilities of all parties arising out of the facts alleged in this action.

7. Although not all of the Applicants filed individual charges of discrimination with the EEOC, the Commission investigated numerous class-wide pattern and/or practice charges of discrimination. Based on these charges, the EEOC filed this action. The EEOC found cause on these charges and, on August 30, 2010, filed its Complaint. Defendant has thus had notice of the nature of the Applicant's claims since the filing of approximately eighty-three (83) class-based charges with the EEOC, and since commencement of this litigation.

Applicant **Fuad D. Mohamed** filed an EEOC charge on March 20, 2013. The EEOC charge number is 541-2013-00239. Mr. Mohamed's original charge, the EEOC's Notice of Charge of Discrimination, and Mr. Mohamed's amended charge are attached as **Exhibit 2**. Applicant **Mahad A. Mohamed** filed an EEOC charge on May 29, 2013. The EEOC charge number is 541-2013-01580. Mr. Mohamed's charge and the EEOC's Notice of Charge of Discrimination are attached as **Exhibit 3**. Applicant **Fowzia A. Muhumed** filed an EEOC charge on May 20, 2013. The EEOC charge number is 541-2013-01506. Ms. Muhumed's charge and supplemental statement are attached as **Exhibit 4**. Applicant **Mohamed M. Muhumed** filed an EEOC charge on December 28, 2012. The EEOC charge number is 541-2013-00248. Mr. Mohamed's charge is attached as **Exhibit 5**. Applicant **Ambiyo A. Muhumed** has not filed EEOC charges and is no longer able to timely file an EEOC charge. Thus, Ms. Abdullahi relies on the "single filing rule" for her intervention into this action. Ms. Abdullahi worked at Swift's Greeley plant from August 31, 2009 to March 23, 2012. Throughout her employment she was subjected to denial of religious accommodations, a hostile work environment, verbal and physical harassment, disciplinary actions, lower wages, and delayed

qualification status, all resulting from a pattern or practice of discrimination and retaliation by Swift management and employees. She proposes to piggyback on **Exhibit 6**, the EEOC charge filed on February 5, 2010 by Plaintiff-Intervenor Fartun Adan.

8. The "single filing rule" is recognized by the Tenth Circuit, and allows "an individual who has not filed an administrative charge [to] opt-in to a suit filed by any similarly situated plaintiff under certain conditions." *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1110 (10th Cir. 2001) ("the purpose behind the single filing rule is that it would be wasteful, if not vain, for numerous employees, all with the same grievance, to have to process many identical complaints with the EEOC"). The single filing rule "generally allows a plaintiff, who did not file an EEOC charge, to piggyback on the EEOC complaint filed by another person who is similarly situated." *Id.*; *see also Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1197 (10th Cir. 2004). The single filing rule applies in EEOC enforcement actions. *EEOC v. Albertson's LLC*, 247 F.R.D. 638, 642 (D. Colo. 2007).

9. Even if this Court were to determine that the Applicants are not "persons aggrieved" under Title VII, and therefore do not have an unconditional statutory right to intervene, they still must be permitted to intervene by virtue of Fed.R.Civ. P. 24(a)(2). Under this alternative basis for intervention, applicants may intervene by right if the application is timely, the applicant has an interest in the action, disposition of the action may impair the applicant's ability to protect that interest, and the applicant's interest is not adequately represented by the existing parties. All these criteria are met in this case.

## Certification with Local Rule 7.1A

WHEREFORE, the Applicants respectfully request this Court to grant them leave

to intervene in this action as Party Plaintiffs, and that they be granted further leave to file their Complaint in Intervention, which is attached hereto as **Exhibit 1**.

Dated: **August 5, 2013**

By: s/ James Y. Chiu
James Y. Chiu
Richard K. Blundell
Harry Budisidharta
1102 5th Street
Greeley, CO 80631
Phone: (970) 356-8900
Fax: (970) 353-9866
james@chiulawoffice.com
rick@rkblaw.net
harry@denverfirm.com

*ATTORNEYS FOR THE APPLICANTS*

## CERTIFICATE OF SERVICE

I hereby certify that on this **5th** day of **August**, **2013**, I electronically filed the foregoing **UNOPPOSED MOTION TO INTERVENE** with the Clerk of the COURT using the CM/ECF system which will send notification of such filing to the following email addresses:

**U.S. Equal Employment Opportunity Commission,**
**Plaintiff**
Rita Byrnes Kittle        rita.kittle@eeoc.gov
Stephanie Struble         stephanie.struble@eeoc.gov


**Sherman and Howard, L.L.C.,**
**Defendant**
Bernie Siebert            bsiebert@shermanhoward.com
Heather Fox Vickles       hvickles@shermanhoward.com


**King & Greisen, L.L.C.,**
**Attorneys for Iraq Abade et al. Plaintiffs-Intervenors**
Diane King                king@kinggreisen.com


**University of Denver Student Law Office,**
**Attorneys for Maryan Abdulle et al. Plaintiffs-Intervenors**
Raja Raghunath            rraghunath@law.du.edu


                                        s/ James Chiu
                                        James Chiu, Attorney at Law