IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02103-PAB-KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

and

IRAQ ABADE, et al.,

    Plaintiffs-Intervenors,

v.

JBS USA, LLC, d/b/a JBS Swift & Company,

    Defendant.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs/Intervenors Abdirasak Issa's and Raawi Sahal's ("Movants") **Unopposed Motion for Leave to Amend Complaint** [#283][1] (the "Motion"). The Motion is referred to this Court for resolution [#284]. For the reasons set forth below, the Motion [#283] is **GRANTED**.

### I. BACKGROUND

Defendant owns and operates a meat packing plant in Greeley, Colorado at which a large number of Somali, Muslim, and black persons work. The EEOC filed this suit

---

[1] "[#283]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

1

alleging that Defendant has discriminated against these workers based on their national origin, religion, and ethnicity. The EEOC brings several pattern or practice claims alleging discriminatory harassment, disparate treatment, denial of religious accommodation, retaliation, and discipline and discharge. The EEOC also brings individual claims on behalf of charging parties for failure to accommodate religion, retaliation for requesting accommodation, hostile work environment, and discriminatory discipline and discharge. The EEOC's claims are based on Sections 706 and 707 of Title VII of the Civil Rights Act of 1964, as amended (the "Act"). Section 706 of the Act permits the EEOC to sue an employer on behalf of persons aggrieved by the employer's alleged unlawful practice. Section 707 of the Act permits the EEOC to sue employers whom it has reasonable cause to believe are engaged in a pattern or practice of unlawful employment discrimination. 42 U.S.C. § 2000e-5(f)(1); 2000e-6; *see also Gen. Tel. Co. of the Northwest, Inc. v. EEOC*, 446 U.S. 318, 324 (1980).

The Intervenors in this lawsuit, who number in excess of two hundred, are former or current workers at Defendant's Greeley plant. They assert multiple claims against Defendant, including claims based on a pattern or practice of discriminatory treatment because of race, national origin, religion, and/or retaliation, pursuant to 42 U.S.C. § 2000e-2(a). *See Compl. in Intervention and Jury Demand* [#40] at ¶¶ 61-66 (the "Abdulle Intervenors' Compl."); *Am. Compl. in Intervention and Jury Demand* [#61] at ¶¶ 156-61 (the "Abade Intervenors' Compl."); *Compl. in Intervention and Jury Demand* [#132] at ¶¶ 34-39 (the "Abdi Intervenors' Compl."); *Am. Compl. in Intervention and Jury Demand* [#137] at ¶¶ 52-57 (the "Adan Intervenors' Compl."); *Compl. In Intervention and Jury Demand* [#236] at ¶¶ 51-56 (the "Abdille Intervenors' Compl.").

On August 8, 2011, the Court granted in part the EEOC's Motion to Bifurcate the trial, and ordered that the trial will be conducted in two phases. *Order* [#116] at 18. During Phase I of the trial, the EEOC will present its claim that Defendant engaged in a pattern or practice of denial of religious accommodation, retaliation, and discipline and discharge. *Id*. During Phase II, the EEOC may present its pattern or practice claim for hostile work environment, pursue individual damages for its pattern or practice claim presented in Phase I, and pursue individual claims for compensatory and punitive damages. *Id.* The individual Intervenors' claims not covered by the EEOC's claims will also be evaluated in Phase II. *Id.* The Court further granted the EEOC's request to bifurcate discovery. *Id.* at 17-18.

Subsequently, the Court entered a Scheduling Order governing Phase I. *See generally Phase I Scheduling Order* [#128]. The Court has not entered a scheduling order governing Phase II.

On October 18, 2013, Movants, who are Intervenors in this action, filed the instant Motion. Pursuant to the Motion, Movants seek to amend the Abdulle Intervenors' Complaint [#40] to "incorporate facts surrounding [Movants'] terminations and [to] plead causes of action arising therefrom, including new claims brought under the FMLA." *Motion* [#283] at 2; *compare Abdulle Intervenors' Complaint.* [#40] *with Proposed First Amended Complaint in Intervention and Jury Demand* ("Proposed Am. Compl.") [#283-1]. These potential claims would be heard in Phase II, pursuant to the Court's previous Order [#116].

## II. ANALYSIS

As noted above, no pleading amendment deadline has been set regarding Phase II. *See Phase I Scheduling Order* [#128] at § 9(a) (setting amendment of pleadings deadline only as to Phase I). The instant Motion was filed on October 18, 2013 and was,

therefore, timely filed. *See generally Motion* [#283].

The Court has discretion to grant a party leave to amend its pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). The purpose of Rule 15 is to afford "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotation omitted). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)(2)). Potential prejudice to a defendant is the most important factor in considering whether a plaintiff should be permitted to amend its complaint. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). "Courts typically find prejudice only when the [proposed] amendment unfairly affects the defendants in terms of preparing their defense to [claims asserted in the] amendment." *Id.* (quotation omitted).

After carefully reviewing the Abdulle Intervenors' Complaint [#40] and Movants' Proposed Amended Complaint [#283-1], the Court agrees with Movants that the proposed amendment is an effort to "incorporate facts surrounding [Movants'] terminations and plead causes of action arising therefrom, including new claims brought under the FMLA." *Motion* [#283] at 2. Further, Defendant does not oppose the Motion. Moreover, Defendant has ample time to prepare its defenses to the additional factual allegations and claims, as Movants' claims will be adjudicated in Phase II. *Order* [#116] at 18. Phase II deadlines

have not yet been set and no trial date has been set for Phase I. Accordingly, the Court finds that Defendant will not be prejudiced by allowing the filing of the Proposed Amended Complaint.

The Court also finds that Movants have demonstrated good cause for amending the Abdulle Intervenors' Complaint [#40]. It is eminently reasonable to allow Movants to timely amend the Abdulle Intervenors' Complaint so as to clarify their factual allegations and include all related claims. Permitting such amendment will benefit both parties and the Court by clarifying the issues in the case.

### III. CONCLUSION

For the foregoing reasons, and considering that leave to amend should be freely given,

IT IS HEREBY **ORDERED** that the Motion [#283] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall accept Movant's Proposed Amended Complaint [#283-1] for filing as of the date of this Order.

Dated: October 18, 2013                    BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge