IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02103-PAB-KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

and

IRAQ ABADE, et al.,

    Plaintiffs-Intervenors,

v.

JBS USA, LLC, d/b/a JBS Swift & Company,

    Defendant.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Defendant's oral Motion to Compel Production of Documents** [#253] (the "Motion")[1]. The Court held a hearing on the Motion on August 1, 2013. *See generally Minutes/Minute Order* [#253]. On August 19, 2013, Plaintiff submitted a **Memorandum Re *Jackson Hospital* Factors** (attached hereto as Attachment A), a **Declaration of EEOC Chair Jacqueline A. Berrien** (attached hereto as Attachment B) and the disputed documents for *in camera* review. On August 23, 2013, Defendant submitted its **Response to Plaintiff's Memorandum re Jackson Hospital Factors**

---

[1] [#253] is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

(attached hereto as Attachment C).  On September 12, 2013, Plaintiff submitted its **Response to Defendant's Request for Fees** (attached hereto as Attachment D). The Court has reviewed the materials submitted and is fully advised in the premises.  For the reasons set forth below, the Motion is **denied.**

In short, Defendant seeks production of internal emails by EEOC employees relating to the EEOC investigation of Defendant prior to the filing of this lawsuit.  The emails date from October of 2008 to February of 2009; the Complaint in this action was filed on August 30, 2010.  *See* Attachment B at Exh. A; *see generally Complaint* [# 1].[2]  Defendant also seeks notes by an EEOC investigator, made shortly after the lawsuit was filed, concerning "intentions for additional communications with King & Griesen, a law firm representing many of the [ ] Charging Parties."  Attachment B at Exh. A.

The EEOC contends that the requested documents are not relevant to any issue in this litigation.  The agency points out that its investigation has no bearing on the trial *de novo* of its claims against Defendant for religious discrimination under Title VII.  *See* Attachment A at 2.  In response, Defendant asserts that it "does not seek the documents for the purpose of challenging the sufficiency of the EEOC's predetermination investigation."  Instead, Defendant argues that the information gathered by the EEOC during its investigation "affect[s] the credibility of its allegations and thus [is] relevant to the merits of the EEOC's claims."  Attachment C at 2-3.

First, Defendant has the burden of establishing the relevance of the requested

---

[2] Defendant includes a document Bates-numbered 3672 on the list of those it wants produced.  There is no document numbered 3672 on the privilege log provided by Plaintiff, and the Court is therefore unaware of the nature of this document and unable to rule on Defendant's request to compel production of it.  *See* Attachment B at Exh. A.

2

information.  *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 356 (D. Colo. 2004).  It has not sustained that burden here.  Defendant's explanation that the documents go to the "credibility" of the EEOC's allegations sounds uncomfortably like a back-door attempt to evaluate the adequacy of the EEOC investigation, a subject which is simply off limits.  *See, e.g., EEOC v. KECO Indus., Inc.,* 748 F.2d 1097, 1100 (6th Cir. 1984); *EEOC v. Caterpillar, Inc.,* 409 F.3d 831, 832-33 (7th Cir. 2005) (holding "[n]o case actually holds that the scope of the EEOC's investigation is a justiciable issue in a suit by the EEOC").  In addition, Defendant offers no specific reason why the investigator's post-filing notes relating to the Charging Parties' attorneys could be relevant, and the Court perceives none.

Second, to the extent that Defendant argues that the requested documents contain information about "facts and witnesses . . . and the process [the EEOC] used to investigate," the Court is unconvinced.  The EEOC's investigatory process is not relevant, for the reason cited above.  Moreover, if these types of internal emails were routinely discoverable simply because they refer to facts and witnesses, the deliberative process privilege would be eviscerated.  *EEOC v. Albertson's LLC,* No. 06-cv-01273-CMA-BNB, 2008 WL 4877046 at * 5 (D. Colo. Nov. 12, 2008) (holding that argument that litigant was entitled to discover what information EEOC obtained during its investigation *prior* to filing of lawsuit as opposed to what purported evidence it put forth *after* the filing of the lawsuit "would eviscerate the deliberative process privilege.") (emphasis in original).  "A defendant always wants the benefit of the EEOC's analysis . . . , but that alone is insufficient to overcome the important interests of the privilege, properly asserted."  *Id.*

The deliberative process privilege "shields documents reflecting advisory opinions, recommendations and deliberations compromising part of a process by which

governmental decisions and policies are formulated." *Trentadue v. Integrity Comm.,* 501 F.3d 1215, 1226 (10th Cir. 2007). The purpose of the privilege is to "enhance the quality of agency decisions by protecting open and frank discussion among those who make them within the Government." *Id.*

The deliberative process privilege has been properly asserted here. In the context of an EEOC investigation, the deliberative process privilege may be invoked to protect from disclosure predecisional documents and other information which "reveal the give and take of the consultive process" concerning the EEOC's investigation and its decisions regarding whether and how to pursue an enforcement action. *EEOC v. Continental Airlines*, *Inc.*, 395 F. Supp. 2d 738, 741 (N. D. Ill. 2005). To properly assert the privilege, the EEOC must make a knowing and formal claim of the privilege, submit a Declaration stating the precise reasons for preserving confidentiality of the documents, and identify and describe them. *Id.* at 741.

The Declaration of EEOC Chair Jacqueline A. Berrien and privilege log tendered by the EEOC contain the required information. *See generally* Attachment B; Attachment B at Exh. A. As a result of my *in camera* review of the requested documents, I conclude that the requested emails are both predecisional and deliberative, in that they are largely "non-factual materials that express opinions or recommendations." *Trentadue,* 501 F.3d at 1228. Accordingly, the emails are protected by the deliberative process privilege, and the Motion as to them is **DENIED**. As indicated above, the post-litigation notes are not relevant to the subject matter of the litigation, and the Motion is therefore also **DENIED** as to them.

Finally, Defendant's request for attorneys' fees and costs is also **DENIED.**

October 29, 2013

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge