# EXHIBIT 2

**Written Discovery Dispute Chart[1]**
**Submitted by Plaintiff-Intervenors and Defendant**
**Case No: 10-cv-02103-PAB-KLM**

| No./Type of Discovery Request Subpoena Duces Tecum | Objection where Plaintiff-Intervenor was employed by Cargill and/or Tyson *prior to Swift* | Objection where Plaintiff-Intervenor was employed by Cargill and/or Tyson *subsequent* to Swift and is no longer employed | Objection where Plaintiff-Intervenor was employed by Cargill and/or Tyson *subsequent* to Swift and is *still* employed * | Problem With Response |
|---|---|---|---|---|
| Identical Third Party Subpoenas to Cargill and Tyson for forty-two (42) Plaintiff-Intervenors seeking the following information: | a. Sept. 2008 termination<br>b. Subsequent termination<br><br>Standing:<br>"Courts have held that parties to litigation have standing to challenge subpoenas issued to non-parties when they have some privilege or personal right in the information sought." Shirazi v. Childtime Learning Center, Inc., 2008 U.S. Dist LEXIS 88686 (W.D. Okla. 2008).<br><br>"A party has a personal right in his employment records sufficient to confer standing to challenge a subpoena to a third party." Richards v. Convergys Corp., 2007 U.S. Dist. LEXIS 9131, *5 (D. Utah 2007).<br><br>Subpoena invalid:<br>Swift's subpoena to Tyson is invalid as it is issued out of Arkansas but requires production in Colorado. Highland Tank & Mfg. Co. v. | a. Sept. 2008 termination<br>b. Subsequent termination | a. Sept. 2008 termination<br>b. Subsequent termination | Intervenors are not parties to Phase I so they do not have standing to object. See Doc. #148.<br><br>Intervenors also do not have standing because they are not objecting based on privacy or privilege. See EEOC v. Original Honeybaked Ham Co., 2012 WL 934312, *2 (D. Colo. Mar. 19, 2012), citations omitted. ("In this district, a party has no standing to quash a subpoena served on a third party, except as to claims of privilege or upon a showing that a privacy issue is implicated.")<br><br>Intervenors cannot object to Tyson subpoena in this Court because it was issued by D. Ark. See EEOC v. Original Honeybaked Ham Co., |

---

[1] Acceptable abbreviations include "Rog" for Interrogatory; "RFP" for Request for Production; "RFA" for Request for Admission; "SDT" for Subpoena Duces Tecum. Error! Unknown document property name.

| | |
|---|---|
| PS Int'l (227 F.R.D. 374) (Pennsylvania 2005) (a company can only be compelled by an issuing court to produce documents within "certain geographic limitations, usually no more than 100 miles from the non-party's location"). | 2012 WL 934312, *2 (D. Colo. Mar. 19, 2012) (only issuing court can quash or modify subpoena). |
| **Seeking a Complete Personnel File:** A blanket request for all documents regarding a party's employment is overly broad. EEOC v. Holmes, 2011 U.S. Dist. LEXIS 124916 (Utah 2011); Maxwell v. HealthCenter of Lake City Inc., 2006 U.S. Dist. LEXIS 36744 (M.D.Fla.2006); Richards v. Convergys, 2007 U.S. Dist LEXIS 9131 (Utah 2007). | |
| **Failure to Specify Relevance:** If a proponent fails to specify how information is relevant, the Court will not require the respondent to produce it. Williams v. Evogen, 2013 U.S. Dist. LEXIS 99675 (Kansas 2013). Defendant must demonstrate a specific reason as to why the documents it seeks actually are relevant to the claims and defenses in this case. Defendant is not entitled to amass a collection of documents in hopes of finding something useful. Woods v. | |

Error: Unknown document property name.

| | | | |
|---|---|---|---|
| | Fresenius Medical Care Group of North America, 2008 U.S. Dist. LEXIS 3756 (Indiana 2008) Prior Work History is Not Relevant Maxwell v. Health Center of Lake City, Inc. 2006 U.S. Dist. LEXIS 36774 (Florida 2006) | | |
| 1) **Dates of Employment** | a. Not relevant, overly broad<br>b. Not relevant, overly broad, subject to a particularized showing of need<br><br>After-Acquired Evidence: Defendant's defense of after-acquired evidence does not entitle it to discovery and should not be used to independently initiate discovery. Shirazi v. Childtime Learning Center, Inc., 2008 U.S. Dist. LEXIS 88686 (D. Okla. 2008). EEOC v. Holmes, 2011 U.S. Dist. LEXIS 124916 (Utah, 2011); Williams v. Evogen, 2013) U.S. Dist. LEXIS 99675 (Kansas 2013).<br><br>See Maxwell v. Health Center of Lake City, Inc., 2006 U.S. Dist. LEXIS 36774, *10 (M.D. Fla. 2006) (When Defendant offered no reason why Plaintiff's prior work history was relevant, discovery request was not reasonably calculated | No objection<br><br>Objection to use of an SDT and Phase II damages issue. Plaintiff-Intervenors will provide but request the ability to provide voluntarily. | Dates of employment are relevant to refute Intervenors' repeated testimony they had "no problems" at Cargill, damages, after-acquired evidence and Intervenors' general credibility (which was damaged by many Intervenors admitting to wrong information on their JBS application). See Harrold v. Triumph Structure-Wichita, Inc., 2011 WL 2118648, *3 (D. Kan., May 27, 2011) (defendant argued plaintiff was untruthful on her application and court found subpoena to former employers fell within the right to broad discovery).<br><br>Dates of employment are not overly broad because the request is limited to Intervenors who worked at Cargill and dates are |

Error! Unknown document property name.

| | | | |
|---|---|---|---|
| | to lead to admissible evidence.). | | simple statistics. Order on bifurcation allows damages inquiry during Phase I depositions. See Doc. #116, p.17. |
| 2) Earnings Information | Swift is not seeking this information | No objection | Objection to use of an SDT and that this is a Phase II damages issue. Plaintiff-Intervenors will provide but request the ability to provide voluntarily. | Order on bifurcation allows damages inquiry during Phase I depositions. See Doc. #116, p.17. JBS should be able to obtain through an SDT for purposes of efficiency, consistency in documents and information provided, and to refute Intervenors' credibility. |
| 3) Attendance records | Swift is not seeking this information | a. Not relevant, overly broad<br>b. Not relevant, overly broad, subject to a particularized showing of need<br><br>See cases set forth above regarding failure to specify relevance and after-acquired evidence. | a. Not relevant, overly broad<br>b. Not relevant, overly broad, subject to a particularized showing of need<br><br>See cases set forth above regarding failure to specify relevance and after-acquired evidence. | Attendance records are relevant to refute Intervenors' repeated testimony they had "no problems" at Cargill, the reasonableness of proposed prayer accommodations, JBS's undue burden, after-acquired evidence and Intervenors' credibility (which was damaged by many Intervenors admitting to wrong information on their JBS application). See Harroald v. Triumph Structure-Wichita, Inc., 2011 WL 2118648, *3 (D. Kan., May 27, 2011) |

| | | | |
|---|---|---|---|
| | | | (defendant argued plaintiff was untruthful on her application and court found subpoena to former employers fell within the right to broad discovery). Attendance records are not overly broad because they are limited to Intervenors who worked at Cargill and attendance dates are simple statistics and any records are easily identifiable. |
| 4) Requests for religious accommodation | a. Not relevant, overly broad<br>b. Not relevant, overly broad, subject to a particularized showing of need<br><br>See cases set forth above regarding a) failure to specify relevance and after-acquired evidence, and b) irrelevance of prior work history.<br><br>See also Premer v. Corestaff Services, LLP, 232 F.R.D. 692, 693 (M.D. Fla. 2005). (When defendant failed to provide any reason to suspect Plaintiff made prior complaints of discrimination during previous employment, production of records was overly intrusive and unnecessary.). | a. Not relevant, overly broad<br>b. Not relevant, overly broad, subject to a particularized showing of need<br><br>See cases set forth above regarding failure to specify relevance and after-acquired evidence. | a. Not relevant, overly broad<br>b. Not relevant, overly broad, subject to a particularized showing of need<br><br>See cases set forth above regarding failure to specify relevance and after-acquired evidence. | Requests for religious accommodations at Cargill are relevant to JBS disputing the EEOC's *prima facie* case (reasonableness prong) and JBS's undue burden defense. Intervenors also repeatedly testified that they liked the religious accommodations at Cargill, had "no problems" there, and wanted the same accommodations at JBS. See e.g., Dreier v. Accord Human Resources, 2008 WL 4534215, *2 (W.D. Okla. Oct. 6, 2008) (performance evaluations from former and current employers relevant to |

Error! Unknown document property name.

| | | | |
|---|---|---|---|
| 5) Employment applications | a. Not relevant, overly broad<br>b. Not relevant, overly broad, subject to a particularized showing of need<br><br>See cases set forth above regarding a) failure to specify relevance and after-acquired evidence, and b) irrelevance of prior work history. | a. Not relevant, overly broad<br>b. Not relevant, overly broad, subject to a particularized showing of need<br><br>See cases set forth above regarding failure to specify relevance and after-acquired evidence. | a. Not relevant, overly broad<br>b. Not relevant, overly broad, subject to a particularized showing of need<br><br>See cases set forth above regarding failure to specify relevance and after-acquired evidence. | whether defendant accommodated or retaliated against plaintiff). They are also relevant to Intervenors' credibility. See Gilkey v. ADT Security Services, Inc., 2012 WL 3143872, *6 (D. Kan. Aug. 2, 2012) (court acknowledges defendant's concerns with plaintiff's credibility and finds employment records from former employer discoverable).<br><br>Requests for documents concerning religious accommodations are not overly broad as such documents are easily identifiable and will be located in Intervenors' personnel files with Cargill.<br><br>Intervenors' employment applications are relevant to the EEOC's prima facie element of reasonableness, damages, after-acquired evidence and Intervenors' general credibility because many Intervenors admitted their JBS applications included wrong information. |

| | | | |
|---|---|---|---|
| 6) **Discipline** | a. Not relevant, overly broad<br>b. Not relevant, overly broad, subject to a particularized showing of need<br><br>See cases set forth above regarding a) failure to specify relevance and after-acquired evidence, and b) irrelevance of prior work history.<br><br>*See Shirazzi v. Childtime Learning Center, Inc.*, 208 U.S. Dist. LEXIS 88686, *7 (Court found that prior instances of discipline are not relevant to the claims or defenses asserted and are not reasonably likely to lead to admissible evidence.). | a. Not relevant, overly broad<br>b. Not relevant, overly broad, subject to a particularized showing of need<br><br>See cases set forth above regarding failure to specify relevance and after-acquired evidence. | a. Not relevant, overly broad<br>b. Not relevant, overly broad, subject to a particularized showing of need<br><br>See cases set forth above regarding failure to specify relevance and after-acquired evidence. | Employment applications are not overly broad as an application is one easily identifiable document.<br><br>Discipline records are relevant to the EEOC's *prima facie* element of reasonableness, JBS's undue burden defense, evidence to refute Keith Koontz (EEOC expert), after-acquired evidence, damages and Intervenors' credibility.<br><br>Discipline records are not overly broad as they are likely to be clearly labeled and identifiable in Intervenors' personnel files from Cargill. |
| 7) **Workplace injuries** | a. Not relevant, overly broad<br>b. Not relevant, overly broad, subject to a particularized showing of need<br><br>See cases set forth above regarding a) failure to specify relevance and after-acquired evidence, and b) irrelevance of prior work history. | a. Not relevant, overly broad<br>b. Not relevant, overly broad, subject to a particularized showing of need<br><br>See cases set forth above regarding failure to specify relevance and after-acquired evidence. | a. Not relevant, overly broad<br>b. Not relevant, overly broad, subject to a particularized showing of need<br><br>See cases set forth above regarding failure to specify relevance and after-acquired evidence. | Workplace injuries are relevant to the EEOC's *prima facie* element of reasonableness, JBS's undue burden defense, after-acquired evidence, damages and to dispute Intervenors' testimony that they had "no problems" at Cargill.<br><br>Workplace injuries documents are not overly broad as they are likely to be clearly labeled and |

Error! Unknown document property name.

| | | | |
|---|---|---|---|
| 8) Complaints filed | a. Not relevant, overly broad<br>b. Not relevant, overly broad, subject to a particularized showing of need<br><br>See cases set forth above regarding a) failure to specify relevance and after-acquired evidence, and b) irrelevance of prior work history. | a. Not relevant, overly broad<br>b. Not relevant, overly broad, subject to a particularized showing of need<br><br>See cases set forth above regarding failure to specify relevance and after-acquired evidence. | a. Not relevant, overly broad<br>b. Not relevant, overly broad, subject to a particularized showing of need relevant, overly broad<br><br>See cases set forth above regarding failure to specify relevance and after-acquired evidence. | easily identifiable in Intervenors' files from Cargill.<br><br>Complaints filed are relevant to the to the EEOC's *prima facie* element of reasonableness, JBS's undue burden defense, Keith Koontz' report, after-acquired evidence and to dispute Intervenors' testimony that they had "no problems" at Cargill. See Martin v. Group 1 Realty, Inc., 2013 WL 3322318, *4 (D. Kan. July 1, 2013)(plaintiff's complaints to former employer relevant to plaintiff's credibility).<br><br>Complaint documents are not overly broad as they are likely to be clearly labeled and easily identifiable in Intervenors' files from Cargill. |

*To avoid disruption with current employment, to the extent the Court believes any of the below information should be produced, Plaintiff-Intervenors request the right to produce the information voluntarily and not through the use of an SDT.

Error! Unknown document property name.