IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02103-PAB-KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

and

IRAQ ABADE, et al.,

    Plaintiffs-Intervenors,

v.

JBS USA, LLC, d/b/a JBS Swift & Company,

    Defendant.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiffs-Intervenors' Motion to Quash Subpoena Duces Tecum Directed to Non-Party Tyson Foods, Inc. Pursuant to Fed. R. Civ. P. 45 and for an Amended Protective Order Pursuant to Fed. R. Civ. P. 26(c)** [#294][1] (the "Motion"). On October 10, 2013, Defendant filed a Response [#302]. Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c), the Motion has been referred to this Court for disposition [#260]. The Court has reviewed the Motion, the Response, the exhibits, the entire case file, and the applicable law, and is fully advised in the premises.

    The Court notes that the while there are four Intervenors currently employed by Tyson Foods, Inc. ("Tyson") for whom Defendant requests employment records, the arguments made by the parties in their briefing are substantially the same as those put forth in the briefing regarding Plaintiffs-Intervenors' Motion to Quash Subpoena Duces Tecum Directed to Non-Party Cargill, Inc. Pursuant to Fed. R. Civ. P. 45 and for an

---

[1] "[#294]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

Amended Protective Order Pursuant to Fed. R. Civ. P. 26(c) [#276].  Accordingly, for the reasons set forth in the Court's September 30, 2014 Order [#365], the Motion [#294] is **GRANTED in part** and **DENIED in part**.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#294] is **GRANTED** to the extent that the subpoena seeks earnings information regarding each of the twelve named Tyson employees who were not employed at Tyson after termination of their employment at JBS.  Earnings information regarding the remainder of the named employees may be produced.

IT IS FURTHER **ORDERED** that the Motion [#294] is **DENIED** to the extent that the subpoena seeks information regarding the twelve named Tyson employees' requests for and complaints about religious accommodations, workplace injury records, attendance records, employment applications, discipline and discharge documents, and dates of employment.

IT IS FURTHER **ORDERED** that the Motion [#294] is **GRANTED** to the extent that "the complete personnel files" of the named twelve Tyson employees contain any additional information other than that specified above.

Dated: September 29, 2014