IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02103-PAB-KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

and

IRAQ ABADE, et al.,

    Plaintiffs-Intervenors,

and

MARYAN ABDULLE, et al.,

    Plaintiffs-Intervenors,

v.

JBS USA, LLC,
d/b/a JBS Swift & Company,

    Defendant.
_____

**ORDER**
_____

    This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Phase I Failure to Accommodate Claim Pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 494] filed on April 5, 2017 and plaintiff's Motion to Strike on Procedural Grounds Defendant's "Motion to Dismiss" and for Expedited Handling [Docket No. 496].

    The deadline for dispositive motions in this case passed more than three years before defendant filed its motion to dismiss. Docket No. 314 at 4. Defendant has not moved to modify this deadline and does not argue in its motion that there is good cause

to do so.  *See* Fed. R. Civ. P. 16(b)(4)  ("A schedule may be modified only for good cause and with the judge's consent.").  Although defendant asserts that its motion is timely, Docket No. 494 at 3 n.1, it does not explain why.  Finally, defendant states that *E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 135 S. Ct. 2028 (2015), "recently confirmed" the legal principle on which it bases its motion, *id*. at 4, suggesting there has been a change in law.  But *Abercrombie* simply restates and interprets the preexisting statutory provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) and does not alter the pleading requirements for such claims in a way relevant to this case.  135 S. Ct. at 2031-32.  Even if *Abercrombie* did make material changes to the law, defendant would nonetheless need to seek permission to file a belated Rule 12(b)(6) motion, which it did not do.  Fed. R. Civ. P. 16(b)(4).  Accordingly, the Court will deny defendant's motion to dismiss as untimely and deny plaintiff's related motion as moot.

Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss Plaintiff's Phase I Failure to Accommodate Claim Pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 494] is **DENIED**. It is further

**ORDERED** that plaintiff's Motion to Strike on Procedural Grounds Defendant's "Motion to Dismiss" and for Expedited Handling [Docket No. 496] is **DENIED** as moot.

DATED April 17, 2017.

                                  BY THE COURT:

                                  s/Philip A. Brimmer
                                  PHILIP A. BRIMMER
                                  United States District Judge