IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02103-PAB-KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

and

IRAQ ABADE, et al.,

    Plaintiffs-Intervenors,

and

MARYAN ABDULLE, et al.,

    Plaintiffs-Intervenors,

v.

JBS USA, LLC,
d/b/a JBS Swift & Company,

    Defendant.
_____

**ORDER**
_____

    This matter comes before the Court on Defendant's Motion to Quash the EEOC's Subpoena of John Beasley [Docket No. 564], wherein defendant JBS USA, LLC ("JBS") seeks to quash a trial subpoena issued to John Beasley, a current JBS employee. As grounds for its motion, JBS states that (a) Mr. Beasley was not listed by either party as a fact witness in the Final Pretrial Order [Docket No. 490]; (b) the EEOC can admit Mr. Beasley's testimony at his Rule 30(b)(6) deposition to authenticate documents; and (c) even though JBS accepted service of the EEOC's subpoena of Mr.

Beasley, the Court's comment at the trial preparation conference that there is no such thing as a live Rule 30(b)(6) witness has caused it to change its mind.

The EEOC does not intend to call Mr. Beasley as a Rule 30(b)(6) witness. Docket No. 573 at 7. The subpoena, Docket 573-3 at 2, does not mention Rule 30(b)(6). As a result, Mr. Beasley was subpoenaed as a fact witness. There is no prohibition against a witness who testified as a Rule 30(b)(6) deponent from also testifying at trial as a fact witness, assuming he or she has personal knowledge.

JBS is correct that the EEOC did not list Mr. Beasley as a fact witness in the Final Pretrial Order. Docket No. 490. The EEOC claims that this should not preclude it from calling Mr. Beasley at trial to authenticate records for two reasons. First, both parties stated in the Final Pretrial Order that they may call "any witnesses" necessary to authenticate documents. *Id*. at 27, 42. Normally, such supposed catch-all exceptions to the duty to identify witnesses have no effect and provide no exception. However, most courts are more lenient when it comes to disclosures of custodians of record or other witnesses who will be called for the sole purpose of authenticating records. Here the EEOC not only wants Mr. Beasley to authenticate certain records, but it wants him to "explain the complicated contents of these documents." Docket No. 573 at 7. Thus, the EEOC's request goes beyond the scope of document authentication.

The EEOC's second argument is that JBS agreed to Mr. Beasley testifying at trial on these subjects. On June 28, 2017, counsel for the EEOC asked counsel for JBS whether it could call Mr. Beasley "at trial to authenticate and explain the documents" instead of submitting designations from his Rule 30(b)(6) deposition. Docket No. 564-2 at 1. JBS agreed and Mr. Beasley signed a waiver of service of the

subpoena.  *See* Docket Nos. 573-3 and 573-4.  It was only after the Trial Preparation Conference that JBS informed the EEOC that it would no longer honor its agreement. Docket No. 564-3.  It took this position on the grounds that Mr. Beasley was not really a fact witness, but rather a Rule 30(b)(6) witness.  JBS has not shown that Mr. Beasley is not a fact witness.

Given that fact that the EEOC intends to call Mr. Beasley as a fact witness to authenticate and explain recently produced documents and that JBS agreed to allow him to do so, despite Mr. Beasley not being listed as a fact witness in the Final Pretrial Order, the Court will deny JBS's motion to quash the subpoena.

Wherefore, it is ORDERED that Defendant's Motion to Quash the EEOC's Subpoena of John Beasley [Docket No. 564] is denied.

DATED August 4, 2017.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge