IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02103-PAB-KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

and

IRAQ ABADE, et al.,

    Plaintiffs-Intervenors,

and

MARYAN ABDULLE, et al.,

    Plaintiffs-Intervenors,

v.

JBS USA, LLC,
d/b/a JBS Swift & Company,

    Defendant.

_____

**ORDER**
_____

This matter is before the Court on Defendant's Motion to Strike Plaintiff's Untimely and Improperly Disclosed Trial Witnesses [Docket No. 522].

Pursuant to the scheduling order, plaintiff was required to identify by November 15, 2011 the aggrieved employees that it intended to call to prove its pattern or practice claims. Docket No. 128 at 20. Additionally, Fed. R. Civ. P. 26(a)(1) requires parties to disclose individuals believed to have discoverable information and Fed. R. Civ. P. 26(e)(1)(A) requires parties to timely update such disclosures. If a party fails to

supplement its disclosures as required, "the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Defendant seeks to bar plaintiff from calling Alexis Irizarry, Abdullahi Abdirahman, Ali Abukar, Fardowsa Sanweyne, and Hawa Nur as witnesses in the upcoming Phase I trial. Docket No. 522 at 1. These five individuals were previously listed as witnesses by defendant,[1] but were disclosed for the first time as potential plaintiff's witnesses when plaintiff listed them as "may call" witnesses in the final pretrial order. *Id*. at 2-4.

Plaintiff argues that the motion is moot with respect to Abdullahi Abdirahman, Ali Abukar, and Hawa Nur because it has been unable to locate them. Docket No. 539 at 2. With respect to the other witnesses, plaintiff argues that it should be allowed to call them and that it should not be sanctioned under Fed. R. Civ. P. 37(c) because the witnesses are "known to all parties" and were listed on JBS's witness list. *Id*. at 4 (quoting Fed. R. Civ. P. 37, 1993 Advisory Committee Note, subdivision (c)). Plaintiff also argues that JBS would not be prejudiced. *Id*. at 6.

The Court finds that plaintiff failed to comply with the scheduling order by not timely disclosing Fardowsa Sanweyne as an aggrieved employee on whom it would rely to support its pattern or practice claims. *See* Docket No. 128 at 20. Even if JBS would not be prejudiced by Ms. Sanweyne's inclusion in the final pretrial order, that alone is

---

[1] Defendant's attempt to add 103 witnesses to its witness list was subject to protracted dispute. *See* Docket Nos. 259, 329, 338, 392, 395, 438. Ultimately, defendant was allowed to add thirty witnesses, one of whom was Mr. Irizarry. Docket No. 522-4 at 3.

insufficient to show good cause for modifying the scheduling order. See Fed. R. Civ. P. 16(b)(4). With respect to Mr. Irizarry, plaintiff does not dispute that it sought defendant's position on a motion to amend its disclosure to add him as a witness, but plaintiff never filed such a motion or supplemented its Rule 26(a) disclosures to indicate its intent to call Mr. Irizarry. See Docket No. 539 at 4. The disclosure obligations under Rule 26 and sanctions under Rule 37 are meant to eliminate surprise and allow parties to narrow and understand the issues and witnesses expected at trial by inducing parties to make the required disclosures. See generally Fed. R. Civ. P. 37, 1993 Advisory Committee Note, subdivision (c) ("This automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence."). The Court finds that plaintiff has not shown that its failure to disclose Mr. Irizarry was substantially justified or harmless because, even if he was known to defendant, defendant was deprived of notice that Mr. Irizarry would testify and the ability to prepare for such testimony. The Court will grant defendant's motion by striking Alexis Irizarry and Fardowsa Sanweyne and barring them from testifying in support of plaintiff's pattern or practice claims and deny the motion as moot with respect to Abdullahi Abdirahman, Ali Abukar, and Hawa Nur.

Accordingly, it is

**ORDERED** that Defendant's Motion to Strike Plaintiff's Untimely and Improperly Disclosed Trial Witnesses [Docket No. 522] is **GRANTED** in part and **DENIED** in part as moot. It is further

**ORDERED** that Alexis Irizarry and Fardowsa Sanweyne are stricken from plaintiff's witness list and plaintiff is barred from calling them at trial to support its pattern or practice claims in Phase I.

DATED August 4, 2017.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge