IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 10-cv-02103-PAB-KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

and

IRAQ ABADE, et al.,

    Plaintiffs-Intervenors,

and

MARYAN ABDULLE, et al.,

    Plaintiffs-Intervenors,

v.

JBS USA, LLC,
d/b/a JBS Swift & Company,

    Defendant.

## ORDER

This matter is before the Court on Plaintiff EEOC's Motion to Strike JBS's Proposed Bill of Costs [Docket No. 623] and Defendant's Motion for Certification of Final Judgment on Phase I Proceedings [Docket No. 627]. On September 24, 2018, the Court entered its Phase I Findings of Fact and Conclusions at Law ("Phase I Findings") [Docket No. 620]. On October 8, 2018, defendant JBS USA, LLC, d/b/a JBS Swift & Company ("JBS") filed a proposed Bill of Costs. Docket No. 621. On October

11, 2018, the Equal Opportunity Employment Commission ("EEOC") filed a motion to strike the proposed bill of costs [Docket No. 623] on the basis that the proposed bill of costs was premature because the Court had not yet entered a final judgment. Docket No. 623 at 1. JBS filed its Motion for Certification of Final Judgment on Phase I Proceedings [Docket No. 627] on October 24, 2018. JBS argues that the Court should enter a certification of final judgment on Phase I in its favor, Docket No. 627 at 8, at which point, it contends, it will be entitled to costs and the EEOC's motion to strike will be rendered moot. Docket No. 633 at 2.

Federal Rule of Civil Procedure 54(b) allows a district court to "direct entry of final judgment as to one or more, but fewer than all, claims" where "the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In order to direct entry of judgment under Rule 54(b), a court must find that three prerequisites are met: "(1) multiple claims; (2) a final decision on at least one claim; and (3) a determination by the district court that there is no just reason for delay." *Jordan v. Pugh*, 425 F.3d 820, 826 (10th Cir. 2005). In determining whether to enter judgment pursuant to Rule 54(b), the Court is to "weigh[] Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal." *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005). Ultimately, the granting of a Rule 54(b) motion is left to the sound discretion of the trial court, which "must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

To be a final judgment for purposes of Rule 54(b), the claims resolved must be "distinct and separable from the claims left unresolved." *Okla. Turnpike Auth. v. Bruner*,

259 F.3d 1236, 1243 (10th Cir. 2001). In determining whether claims are distinct and separable, courts consider "(1) the factual overlap (of lack thereof) between the claims disposed of and the remaining claims, and (2) whether the claims disposed of and the remaining claims seek separate relief." *Id.* at 1242 (internal quotation omitted). "Claims are not separable if 'the claim that is contended to be separate so overlaps the claim or claims that have been retained for trial that if the latter were to give rise to a separate appeal at the end of the case the [appeals] court would have to go over the same ground that it had covered in the first appeal." *Rodriguez v. Chavez*, No. 12-cv-1071-PAB-MJW, 2015 WL 7075392, at *1 (D. Colo. Nov. 13, 2015) (alteration in original).

Here, JBS argues that the entry of final judgment is appropriate because there is "nothing left to do in Phase I because the Court has dismissed all of the EEOC's Phase I claims." Docket No. 627 at 3-4. JBS, however, makes no argument that the EEOC's Phase I claims are "distinct and separable" from the remaining claims still left to litigate in Phase II. Indeed, JBS admits that "many of the Court's Phase I factual findings and legal conclusions are central and controlling to the EEOC's and Intervenors' Phase II individual claims." Docket No. 627 at 4. The remaining claims are based on the same underlying facts, directed at the same defendant, and seek relief for the same conduct. *See, e.g.*, Docket No. 504 at 20, ¶ 62; *id.* at 21, ¶ 68 (intervenors raising claims of (1) pattern or practice of discrimination on the basis of race, national origin, religion, or retaliation and (2) failure to accommodate); *see also* Docket No. 1 at 10, ¶ 61; *id.* at 9, ¶ 56; *id.* at 11, ¶ 70 (EEOC raising claims of hostile work environment and discriminatory discipline, discharge, and retaliation for times other than Ramadan 2008).

Moreover, the Court finds that JBS has failed to demonstrate that the equities weigh in favor of granting Rule 54(b) certification. JBS argues that the "resolution of any appeal prior to Phase II could substantially reduce all parties' future expenses and encourage settlement negotiations" and that "settlement discussions may well be thwarted by challenges to the validity or finality of the Court's Phase I findings." Docket No. 627 at 7. The Court disagrees. The EEOC filed a motion for reconsideration [Docket No. 631] of the Court's Phase I Findings and has challenged the finality of the Phase I Findings in its response to JBS's motion for certification of final judgment, *see* Docket No. 632 at 4, and in its motion to strike JBS's proposed bill of costs. *See* Docket No. 623 at 3. Despite the EEOC's challenges to the validity or finality of the Phase I Findings, settlement negotiations have persisted. *See, e.g.*, Docket No. 650 (notifying the court of participation in mediation); Docket No. 651 (notifying the court of further mediation efforts and stating that "negotiations are continuing").

Certifying the Phase I Findings as a final judgment would allow an immediate appeal of the Phase I Findings. This would be judicially inefficient and could ultimately lead to two appeals involving the same facts and legal claims. "Rule 54(b) . . . is intended to promote efficiency at the appellate-court level." *Continental Materials Corp. v. Valco, Inc.*, 2018 WL 3213717, at *6 (10th Cir. 2018) (unpublished). "[I]n the long run it will be less wasteful and more efficient for district and appellate courts to adhere to the rule that only separate and distinct claims can be isolated for appeal under Rule 54(b)." *Jordan*, 425 F.3d at 829. "Interrelated legal claims . . .should be litigated together and appealed together." *Id.*

4

Given the "strong federal policy against piecemeal review" and JBS's failure to demonstrate any inequity or prejudice it will suffer from denying the motion, no colorable basis to direct entry of judgment under Rule 54(b). *See* Charles A. Wright, et al., Federal Practice & Procedure § 2659 (2019) (stating that federal courts should allow piecemeal review "only in the infrequent case in which a failure to do so might have a harsh effect"). The Court finds that the equities do not weigh in favor of certifying the Phase I Findings as final and will deny JBS's motion for certification under Rule 54(b). As a result, JBS's proposed bill of costs [Docket No. 621] is premature. "[T]he time for taxing costs begins to run only from the entry of what would ordinarily be a final judgment as to all parties and all issues." *Woodmen Acc. & Life Ins. Co. v. Bryant*, 784 F.2d 1052, 1057 (10th Cir. 1986); *see also Milligan v. Reed*, 2007 WL 1725240, at *1 (D. Colo. June 14, 2007) (where there is no final judgment, the filing of a bill of costs is premature). Accordingly, the Court will grant the EEOC's motion and deny JBS's bill of costs as premature.

Wherefore, it is

**ORDERED** that Defendant's Motion for Certification of Final Judgment on Phase I Proceedings [Docket No. 627] is **DENIED**. It is further

**ORDERED** that Plaintiff EEOC's Motion to Strike JBS's Proposed Bill of Costs [Docket No. 623] is granted in part and denied in part. It is further

**ORDERED** that the Bill of Costs [Docket No. 621] is denied.

DATED September 30, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge