**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-02103-PAB-KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

and

IRAQ ABADE, *et al.*,

    Plaintiff-Intervenors,

v.

JBS USA, LLC d/b/a JBS SWIFT & COMPANY,

    Defendant.

---

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO
FED. R. CIV. P. 12(c) [ECF. No. 1]**

---

Phase I of this case resulted in dismissal of the EEOC's pattern or practice claims alleging discriminatory discipline and discharge, denial of religious accommodations, and retaliation. The EEOC is not pursuing additional pattern or practice claims in Phase II. *See* ECF No. 658 at 2. Instead, during Phase II, the parties will litigate individual discrimination, accommodation, and retaliation claims brought by the EEOC on behalf of allegedly aggrieved individuals, plus claims asserted by five sets of Intervenors: the "Abade Intervenors," comprised of 104 individuals [ECF No. 61]; the "Asad Abdi Intervenors," totaling 78 individuals [ECF No. 132]; the "Nafiso Abdi Intervenors," with 10 individuals [ECF No. 236]; the "Adan Intervenors," consisting of 19 individuals [ECF No. 263], and the "Abdulle Intervenors," with six individuals [ECF No. 504].

As explained in Defendant's Additional Brief Regarding Phase II, because Phase II will begin with one or more bellwether trials, any legally untenable or insufficiently pled claims

should be dismissed through Rule 12(c) motions before selecting bellwether groups. *See* ECF No. 659 at 5–6. This Rule 12(c) Motion, therefore, seeks dismissal of the remaining non-pattern or practice claims asserted by the EEOC.

In its Complaint and Jury Trial Demand [ECF No. 1, "Complaint"], the EEOC identifies 84 "Charging Parties," *see* Compl. ¶ 8, and then asserts five Title VII claims on behalf of the Charging Parties "and other aggrieved individuals." The first claim asserts pattern or practice claims that, as stated above, were either dismissed by the Court at the end of Phase I or have now been abandoned by the EEOC. The EEOC's second claim alleges that JBS violated Title VII by failing to accommodate the religious practices of the Charging parties and other aggrieved individuals. *Id*. ¶¶ 50–54. The EEOC's third claim alleges that JBS disciplined or discharged the Charging Parties and "other Muslim employees" in retaliation for requesting accommodations. *Id*. ¶¶ 55–59. The EEOC's fourth claim alleges that the Charging Parties and other aggrieved individuals were subjected to hostile work environments on the basis of their race, national origin, and religion. *Id*. ¶¶ 60–68. The EEOC's final claim alleges that JBS discriminatorily disciplined and discharged the Charging Parties and other aggrieved individuals for engaging in the walkout that occurred in September 2008. *Id*. ¶¶ 69–74.

Although the Complaint seeks individualized relief for the Charging Parties and other allegedly aggrieved individuals, *see* Compl. at pp. 12–13, it is devoid of individualized allegations. The Complaint simply names 84 Charging Parties and then makes generalized allegations that broadly refer to unnamed "Charging Parties," "other aggrieved individuals," and "other Muslim employees." *See, e.g., id*. ¶¶ 8–43. As a result, neither JBS nor the Court can determine which allegations apply to which Charging Party or unnamed "aggrieved individual." Neither can it be determined whether the EEOC has stated any plausible claims on behalf of any particular Charging Party or aggrieved individual. The EEOC's remaining non-pattern or practice claims should, therefore, be dismissed.

## ARGUMENT

**I.      Fed. R. Civ. P. 12(c) provides a basis for dismissal of the EEOC's remaining claims.**

Rule 12(c) is a "procedural device to determine the sufficiency of the case before proceeding any further and investing additional resources in it." *McMillan v. Wiley*, 813 F. Supp. 2d 1238, 1244 (D. Colo. 2011) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (3d ed. 2002)). Courts analyze Rule 12(c) motions under the same standards applicable to motions under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *Park University Enterprises, Inc. v. American Casualty Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006). Therefore, "[t]he court's function . . . is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *McMillan* 813 F. Supp. 2d at 1245. To be legally sufficient, "[the] complaint must contain enough factual matter to state a plausible claim." *Donner v. Nicklaus*, 778 F.3d 857, 864 (10th Cir. 2015). Only well-pled facts, as opposed to mere conclusory allegations, must be accepted as true. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

**II.     The EEOC Fails to Allege Facts Establishing Plausible Claims for Individual Relief.**

A complaint "must explain what each defendant did to [each Plaintiff]; when the defendant did it; how the defendant's action harmed [each Plaintiff]; and, what specific legal right [each plaintiff] believes the defendant violated." *Carbajal v. City & Cty. of Denver*, 2012 U.S. Dist. LEXIS 22733, *4 (D. Colo. Feb. 23, 2012) (alterations in original) (quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007)). A complaint that fails to do so is subject to dismissal for failure to state a claim. *Id*. at *7 (dismissing complaint that failed to identify "what specific factual allegations support each asserted claim"). *Cf. Matthews v. Bergdorf*, 889 F.3d 1136, 1148 (10th Cir. 2018) (a "complaint that fails to differentiate wrongful acts among multiple defendants, alleging instead multiple violations by unspecified defendants does not provide the fair notice the law requires"). *See also Daniels v. Indep. Sch.*

*Dist. No. (0-001)*, 2018 U.S. Dist. LEXIS 79232, *12–14 (W.D. Okla. May 9, 2018) (dismissing negligence claim asserted by multiple plaintiffs because complaint did not "sufficiently set forth on whose behalf such a claim is pursued or the factual allegations specific to any such claim," explaining that it was "especially important for plaintiffs to differentiate their individual claims and specific factual allegations in support thereof").

The EEOC is not exempt from these requirements. Where, as here, the EEOC seeks compensatory and punitive damages for aggrieved individuals, "the EEOC stands in the shoes of the individual . . . and can only bring claims which that individual might have brought himself." *See* Order on Motion to Bifurcate [ECF No. 116] at 8. Therefore, for each individual for whom it seeks relief, the EEOC must prove all of the elements of that individual's claim. *EEOC v. Pitre, Inc.*, 908 F. Supp. 2d 1165, 1171 (D.N.M. 2012).

Likewise, where the EEOC's complaint seeks individual relief for charging parties or other aggrieved individuals, the EEOC must plead facts showing that each individual has a plausible claim for relief. *See EEOC v. DolgenCorp, LLC*, 2017 U.S. Dist. LEXIS 181061, *6 (N.D. Miss. 2017) (allowing EEOC to amend complaint but stating, "[it] is reminded of its obligation, in naming additional claimants in an amended complaint, to allege particularized facts as to each claimant that would entitle that claimant to relief") (citing *Cazorla v. Koch Foods of Mississippi, LLC,* 2013 U.S. Dist. LEXIS 201174 (S.D. Miss. Aug. 28, 2013)).

In *Cazorla*, several private plaintiffs filed a Title VII action against an employer, which was consolidated with a similar EEOC action. 2013 U.S. Dist. LEXIS 201174 at *8. After consolidation, the court ordered the EEOC to file an amended complaint disclosing all individuals for whom it sought relief. *Id.* The EEOC then filed an amended complaint that, in addition to six previously identified charging parties, named 111 additional aggrieved individuals. *Id.* at *8–9. The EEOC's amended complaint "did not, however, provide particularized facts regarding these [newly identified] persons or their claims." *Id.* at *9.

4

The employer, therefore, filed a Rule 12(b)(6) motion to dismiss all non-pattern or practice claims asserted by the EEOC on behalf of the 111 newly named individuals. *Cazorla*, 2013 U.S. Dist. LEXIS 201174 at *9–10. Specifically, the employer's motion argued that the EEOC's amended complaint failed to state non-pattern or practice claims for hostile work environment and retaliation for the 111 individuals because the EEOC sought individual compensatory damages for those individuals, the hostile work environment and retaliation claims required proof of facts unique to each individual claimant, and no individualized facts were alleged in the amended complaint. *Id*. at *21–22.

In ruling on the motion, the court began by noting that the EEOC's amended complaint made generalized allegations relating to "a putative class member," but failed "to specifically tie those facts to any of the 111 new [individuals]." *Cazorla*, 2013 U.S. Dist. LEXIS 201174 at *21. The amended complaint simply "describe[d] the general conditions at the facility and then listed the 111 new names as those 'aggrieved by unlawful discrimination.'" *Id*. "No other information was provided beyond their names." *Id*. After analyzing pleading requirements under the Federal Rules, the court granted the employer's motion. *Id*. at *23. It concluded that "while the analysis might be different under pattern-or-practice, . . . absent *any* particularized facts, the [amended complaint] fails to state a claim for hostile-work environment or retaliation . . . as to the 111 newly added class members." *Id*. at *23–24 (emphasis in original) (noting that, "[f]or example, the [amended complaint] does not describe whether any of the 111 engaged in a protected activity" supporting a retaliation claim).

The situation here is the same as that presented in *Cazorla*. The EEOC's non-pattern or practice claims seek individualized relief for 84 "Charging Parties" and other, unnamed "aggrieved individuals." The EEOC provides generalized allegations that may – or may not – apply to any particular Charging Party or aggrieved individual. There are no particularized allegations demonstrating that any specific individual has a plausible claim for relief.

  A. <u>The EEOC fails to state plausible claims for discriminatory discipline and discharge</u>.

The EEOC's Complaint asserts non-pattern or practice claims for discriminatory discipline and discharge based on the suspensions and terminations that occurred in connection with the September 2008 walkout. Compl. ¶¶ 40, 43, 69-74. The EEOC, however, does not identify which of the Charging Parties and "other aggrieved individuals" were disciplined or discharged for the walkout, or delineate which individuals were employed only before or after the walkout (and who, therefore, could have no claims related to the walkout). In fact, the EEOC's Complaint identifies seven Charging Parties who later intervened in this action and indicated in their own complaint that they *were not* discharged in connection with the September 2008 walkout. Specifically:

- The EEOC identifies Sadiyo Hussein, Ibrahim Iman, Mohamed A. Mohamed, and Ahmed Osman as Charging Parties, *see* Compl. ¶ 8; they later intervened and filed a complaint alleging that (as of January 2011, when the complaint was filed) they still worked for JBS. ECF No. 61 at ¶ 59, 65 85, 99.

- The EEOC identifies Fardowsa Ali as a Charging Party, *see* Compl. ¶ 8; she later intervened and filed a complaint alleging that she continued to work for JBS after the walkout – until May 28, 2010. ECF No. 61 at ¶ 27.

- The EEOC identifies Muno Farah as a Charging Party, *see* Compl. ¶ 8; he later intervened and filed a complaint alleging that he continued to work for JBS after the walkout – until March 10, 2010. ECF No. 61 at ¶ 27

- The EEOC identifies Idris Ali Mohamed as a Charging Party, *see* Compl. ¶ 8; he later intervened and filed a complaint alleging that he worked for JBS until August 26, 2008 – and, therefore, left JBS before the September 2008 walkout even occurred. ECF No. 61 at ¶ 84.

Thus, although the EEOC's Complaint seeks individualized relief for these seven Charging Parties based on discipline and discharges that occurred in connection with the

September 2008 walkout, the EEOC has not alleged any facts supporting a plausible claim for those seven Charging Parties. More importantly, the EEOC has not asserted *any* individualized allegations establishing a plausible claim for *any* particular Charging Party or aggrieved individual. *DolgenCorp*, 2017 U.S. Dist. LEXIS 181061 at *6 (explaining that EEOC's complaint must "allege particularized facts as to each claimant that would entitle that claimant to relief"). As a result, just like the courts in *DolgenCorp* and *Cazorla*, the Court should dismiss the EEOC's non-pattern or practice discrimination claims.

      B.      <u>The EEOC fails to state plausible religious accommodation claims</u>.

"When a court enunciates a rule of law in the course of a given case, the law of the case doctrine generally requires the court to adhere to the rule throughout the proceedings." *Major v. Benton,* 647 F.2d 110, 112 (10th Cir. 1981). Although the Tenth Circuit has suggested the doctrine has limited application to a court's reconsideration of its own interlocutory orders, *see Been v. O.K. Indus., Inc*., 495 F.3d 1217, 1225 (10th Cir. 2007), "[i]n order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders." *Taylor v. Ortiz,* 2010 U.S. Dist. LEXIS 20239, *8-9 (D. Colo. Mar. 5, 2010). In particular, courts in this district will generally revisit prior legal conclusions only when "new evidence or legal authority has emerged or [when] the prior ruling was clearly in error." *Id*.

In its Phase I Findings of Fact and Conclusions of Law, the Court held that so-called "freestanding" religious accommodation claims – *i.e*., claims that are not tied to any adverse employment action – are not cognizable claims under Title VII. ECF No. 620 at 54–57. The Court should continue to apply its holding here; it is a legal conclusion that will not be altered by the evidence in Phase II, and no binding legal authority has emerged to undermine the Court's holding, which the Court has already held is not clearly erroneous. *See* ECF No. 653 at 9.

The EEOC's Complaint seeks individualized relief for the Charging Parties and other aggrieved individuals on its non-pattern or practice religious accommodation claims. The Complaint, however, fails to allege which Charging Parties and aggrieved individuals experienced which, if any, adverse employment actions. *DolgenCorp*, 2017 U.S. Dist. LEXIS 181061 at *6 (explaining that EEOC's complaint must "allege particularized facts as to each claimant that would entitle that claimant to relief"). *Walker v. Indian River Transp. Co.*, 2017 WL 388921, *7 (M.D. Fla. Jan. 27, 2017), *aff'd*, 2018 WL 3602926 (11th Cir. July 27, 2018) (granting summary judgment to employer on Title VII claim alleging failure to provide a religious accommodation based, in part, on the lack of an adverse employment action). Further, the EEOC fails to allege facts connecting any Charging Party's or aggrieved individual's request or need for an accommodation to any adverse action experienced by that individual. The EEOC, therefore, has not stated a plausible accommodation claim for any Charging Party or aggrieved individual, and its non-pattern or practice religious accommodation claims should be dismissed.

      C.     <u>The EEOC fails to state plausible retaliation claims</u>.

The EEOC's non-pattern or practice retaliation claims should also be dismissed. The EEOC alleges that JBS violated Title VII by "disciplining and/or terminating Charging Parties and other Muslim employees in retaliation for their requests for religious accommodation." *See* Compl. ¶ 56. Therefore, to recover damages for a Charging Party or aggrieved individual, the EEOC must show (1) that he or she requested a religious accommodation; (2) he or she suffered a materially adverse action either after or contemporaneous with the accommodation request; and (3) JBS would not have taken the action but for his or her accommodation request. *Univ. of Tex. S.W. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2525 (2013); *Palmer v. Ups Freight*, 2017 U.S. Dist. LEXIS 112275, *13 (D. Colo. 2017). *See also Pitre, Inc.*, 908 F. Supp. 2d at 1171 (for each individual for whom it seeks relief, the EEOC must prove all of the elements of that individual's claim).

8

The EEOC's Complaint fails to identify which Charging Parties and aggrieved individuals requested an accommodation, which of them experienced an adverse action subsequent to or contemporaneous with the request, and what additional facts (if any) suggest a connection between the request and adverse action. See *Cazorla*, 2013 U.S. Dist. LEXIS 201174 at *23 (dismissing EEOC complaint that failed to make individualized allegations, noting that complaint did not describe whether any of particular individual engaged in a protected activity supporting a retaliation claim). The EEOC's non-pattern or practice retaliation claims should be dismissed.

D. The EEOC fails to state plausible hostile work environment claims.

The EEOC asserts non-pattern or practice hostile work environment claims alleging that the Charging Parties and other aggrieved individuals were harassed based on their race, national origin, and religion. Compl. ¶ 60–68. To state a *prima facie* claim for a hostile work environment, the EEOC must show that (1) the Charging Party or aggrieved individual belonged to a protected class, (2) that he or she suffered unwelcome harassment, (3) that the harassment was based on a protected characteristic; and (4) that the harassment was so severe or pervasive that it "altered a term, condition, or privilege of [his or her] employment and created an abusive working environment." *Harsco Corp. v. Renner*, 475 F.3d 1179, 1186 (10th Cir. 2007). To determine whether the harassment is sufficiently severe and pervasive as to create a hostile environment, courts consider various factors, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* In demonstrating these factors, the EEOC "must show more than a few isolated incidents" of enmity. *Witt v. Roadway Express*, 136 F.3d 1424, 1432 (10th Cir. 1998). "[T]here must be a steady barrage of opprobrious . . . comments." *Id.* The EEOC also must prove the environment was subjectively hostile to the Charging Party or aggrieved individual and, in addition, was

objectively hostile as viewed by "a reasonable employee under the same or similar circumstances." *Id.* In short, hostile work environment claims are dependent on each Charging Party or aggrieved person's individualized experiences.

Here, the Complaint alleges that managers, supervisors, and other employees "regularly threw . . . blood, meat and bones" at unidentified Somali and Muslim employees (Compl. ¶ 20); that unspecified Somali employees were "regularly called" offensive names (*Id.*); and that "there was offensive anti-Somali, anti-Muslim, and anti-Black graffiti present in the restrooms" (*Id.* ¶ 21). There is nothing, however, in the Complaint that indicates which of these allegations apply to any specific Charging Party or aggrieved individual. The Complaint simply lumps hostile work environment allegations for all individuals together, without differentiating which individuals experienced which harassing conduct. Compl. ¶¶ 20–21. In short, it is impossible to determine whether *any* Charging Party or aggrieved individual personally experienced severe or pervasive harassing conduct that makes out a plausible hostile work environment claim. Accordingly, the EEOC's non-pattern or practice hostile work environment claims should be dismissed.

## CONCLUSION

The EEOC seeks individualized relief for 84 Charging Parties and other aggrieved individuals, but its Complaint fails to allege any facts showing that any particular individual has a plausible claim for relief. All of the EEOC's non-pattern-or-practice claims should be dismissed.

DATED this 14th day of February, 2020.

*s/ Matthew M. Morrison*
Heather Fox Vickles
Kelly K. Robinson
Matthew M. Morrison
SHERMAN & HOWARD L.L.C.
633 17th Street, Suite 3000
Denver, CO  80202
303-297-2900 / Fax:  303-298-0940
Email:  HVickles@shermanhoward.com
Email:  KRobinson@shermanhoward.com
Email:  MMorrison@shermanhoward.com

## CERTIFICATE OF SERVICE (CM/ECF)

  I hereby certify that on this 14th day of February, 2020, I electronically filed the foregoing **DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c) [ECF No. 1]** with the Clerk of the Court using the CM/ECF system, which will effect service on all attorneys of record and all other persons who have requested electronic service in this action.

                *s/ Lousia Boyte*