IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02103-PAB-KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

 Plaintiff,

and

IRAQ ABADE, et al.,

 Plaintiffs-Intervenors,

v.

JBS USA, LLC, d/b/a JBS SWIFT & COMPANY,

Defendant

---

### MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff-Intervenors, through counsel, move for leave to file their Second Amended Complaint attached to this motion as Exhibit 1.

### CERTIFICATION

Pursuant to D.C.COLO.LCivR 7.1 A, Intervenors' counsel certify that they have conferred with Defendant's counsel concerning this motion. Defendant's counsel indicated that they do not object to the extent that the proposed Second Amended Complaint withdraws claims that have been asserted, but do object to adding detail to claims that are already pled – despite that Defendant asserted that these claims did not contain specific detail as grounds for seeking dismissal in its Motions for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) ("Rule

12(c) Motions") (Docs. 660–665). As further discussed in Intervenors' Response in Opposition to Defendant's Motions for Judgment on the Pleadings ("Response to 12(c) Motions"), while the Defendant's Motion is a delay tactic, if the Court determines that additional detail or clarification is needed as to Intervenors' claims, the Court should grant leave to file the Second Amended Complaint (*see* attached Exhibit 1), as set forth herein.

## MOTION

Fed. R. Civ. P. 15(a)(2) provides that leave to amend "should [be] freely give[n …] when justice so requires." The purpose of the Rule is to allow "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). As set forth in greater detail below, none of these concerns are implicated here. Justice will be furthered by the court granting leave to file the amended complaint in light of Defendant's Rule 12(c) Motions.

Intervenors' proposed Second Amended Complaint, attached as Exhibit 1, adds detail to Intervenors' claims as to issues now more factually developed after nine years, and delineates the particularities of each individual's claims. It also drops the pattern and practice claims stated in the First Amended Complaint (although Intervenors maintain that pattern-and-practice allegations and evidence remain available to them to prove their remaining claims, *see, e.g., EEOC v. Pitre*, 908 F.Supp.2d 1165 (D.N.M. 2012)); clarifies that the religious discrimination claims are pled pursuant to Title VII, not Section 1981; and amends the factual allegations to include claims for subsequent retaliation. These amendments largely track the issues that

Defendant claimed were not sufficiently developed in seeking to dismiss the First Amended Complaint (*see* Docs. 660–665). Therefore, if the Court determines that any additional facts or specificity are needed to meet the pleading standards, granting leave to amend to file a revised complaint to address these issues will not be futile. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.").

Amending the complaint is timely in light of Defendant's decision to file its Rule 12(c) Motions at this stage in the proceedings. In assessing the timeliness of a motion to amend, the adequacy of the reason for the delay in filing it is the focus of the inquiry. *Minter*, 451 F.3d at 1205–06. Undue delay may exist where the plaintiff is "using Rule 15 to make the complaint a moving target [. . .] to salvage a lost case by untimely suggestion of new theories of recovery[, . . .] to present 'theories seriatim' in an effort to avoid dismissal […] or to knowingly delay[] raising [an] issue until the eve of trial." *Id.* at 1206 (internal citations and quotations marks omitted).

Here, the *Defendant's* undue delay in claiming insufficient factual detail in the original 2010 Complaint in Intervention and the 2011 First Amended Complaint has necessitated amendment at this time. Intervenors had no notice that Defendant had any such objection during the many years since those filings – particularly given the extensive detail and numerous examples of discriminatory and retaliatory conduct set forth in the First Amended Complaint. *See Minter*, 451 F.3d at 1207 (no undue delay where Plaintiff added new claim to pretrial order where claim arose from late disclosure and change of position by Defendant). Additional facts set forth in the proposed Second Amended Complaint have been developed during discovery in this case (which included detailed Rule 26 disclosures, 50 depositions, and 48 sets of discovery

responses as to the Abade Intervenors), and the four-week Phase I trial where many of the Intervenors testified as witnesses. *See Rehberg*, Civil Case No. 10-cv-00261-LTB-KLM at *8 (no undue delay where "Plaintiff could not have amended his complaint by the amendment deadline to include the information gleaned during discovery because presumably most of it, if not all of it, was gleaned afterward"). Similarly, at the time of filing and amending the original complaint, the Court had not yet adjudicated the pattern and practice claims – the Intervenors could not have amended the complaint accordingly until after the Phase I decision. This Motion is submitted to the Court as early as practicable, contemporaneously with Intervenors' Response to the Rule 12(c) Motions. *See Rehberg v. City of Pueblo*, Civil Case No. 10-cv-00261-LTB-KLM, *8 (D. Colo. Sep. 14, 2011) (granting Plaintiff's Motion for Leave to File Second Amended Complaint, and denying Defendants' Motion for Partial Judgment on the Pleadings as moot, and finding adequate explanation for delay where "Plaintiff only became aware of the compelling need to amend his complaint after Defendants filed their partial motion to dismiss [, … a]nd Plaintiff filed his motion to amend a mere 24 days later").

In the same vein, Intervenors' request is not an effort to correct deficiencies by amendments previously allowed – given the timing of Defendant's Rule 12(c) Motions, it is instead Defendant that has now raised alleged "deficiencies" despite having had multiple opportunities over the years to raise its objection to the detail of the allegations. The Abade Intervenors filed their first Complaint in Intervention in November 2010 (Doc. 17). Defendant then filed a Motion to Dismiss the Complaint in Intervention, alleging, among other claims that some of the Abade Intervenors had not exhausted their administrative remedies. *See* Doc. 52. Following this, the Intervenors filed an Amended Complaint adding facts to address the administrative exhaustion issue. (*see* Docs. 55, 60, 61). Defendant did not allege at that time that

Intervenors' claims were insufficiently pled. Only now, nine years later, does Defendant allege that the claims are insufficiently pled across *all* of the Complaints in Intervention.

Defendant will not be prejudiced by this amendment because it has been given ample notice concerning the factual bases of Intervenor's claims. Whether an amendment unduly prejudices the Defendant is the most important factor in assessing a motion to amend a pleading. *Minter*, 451 F.3d at 1207. Undue prejudice is generally found only where the amendment would impair the ability of the Defendant to prepare their defense. *Id.* at 1208. This most commonly occurs where the plaintiff's amendments "arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.* Thus, courts have found amendment improper where a plaintiff seeks to add "an entirely new and different claim" shortly before trial, but have approved of it where the amendments track and relate to the subject matter of the original complaint. *See id.* (*comparing Hom v. Squire,* 81 F.3d 969, 973 (10th Cir.1996) (finding prejudice), *with Gillette v. Tansy,* 17 F.3d 308, 313 (10th Cir.1994) (finding no evidence of prejudice), *Childers v. Indep. Sch. Dist. No. 1,* 676 F.2d 1338, 1343 (10th Cir.1982) ("ruling that the district court's refusal to allow an amendment was 'particularly egregious […] because the subject matter of the amendment was already alleged in the complaint'"), *and R.E.B., Inc. v. Ralston Purina Co.,* 525 F.2d 749, 751-52 (10th Cir. 1975) (finding no prejudice)). Again, the amendments here add further detail to the existing clams. Defendant has had considerable opportunity to discover and develop the facts underlying these claims, to object to the sufficiency of the allegations in the complaint, and will be able to prepare their defense accordingly.

The changes to the proposed Second Amended Complaint will clarify the remaining issues in the case to streamline the Phase II bellwether and any subsequent trials – to the benefit of Defendant, as well as to the Court. Granting the Intervenors' Motion will not delay the

proceedings, as the Court has not yet issued a decision concerning the parties' positions as to bellwether trials, and or set those trials. Above all, in light of Defendant's Rule 12(c) Motions, the requested relief will facilitate a decision on the merits in this decade-long litigation. Defendant did not raise issue with the sufficiency of the allegations during the nine years since the First Amended Complaint was filed. It now seeks to dismiss Intervenors' claims on these grounds. It is Defendant, not Intervenors, acting with dilatory motive in yet another attempt to dissuade the Intervenors from pursuing their claims. The Court should not credit Defendant's abrupt change in position, but instead, should allow Intervenors to amend their complaint to provide additional detail as to their claims.

## CONCLUSION

For the foregoing reasons, Intervenors respectfully request that if the Court does not deny Defendant's Rule 12(c) Motions as asserted in the Intervenors' Response brief, the Court grant Intervenors leave to file the proposed Second Amended Complaint.

Dated: April 14, 2020

Respectfully Submitted,

    *s/ Diane King*
Diane King, Esq.
King & Greisen, LLP
1670 York St
Denver CO 80206
Phone: (303) 298-9878
Fax: (303) 298-9879
Email: king@kinggreisen.com

Counsel for the Abade Intervenors

# CERTIFICATE OF SERVICE

      I hereby certify that on April 14, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will effect service on all attorneys of record and all other persons who have requested electronic service in this action.

Heather F. Vickles, Esq.
Matthew M. Morrison, Esq.
Sherman & Howard LLC
633 17th Street, Suite 3000
Denver, CO 80202
hvickles@shermanhoward.com
mmorrison@shermanhoward.com

*Attorneys for Defendant*

Todd J. McNamara
Todd J. McNamara PC
1888 Sherman St., Ste. 370
Denver, CO 80203
303.333.8700
303.331.6967 (fax)

David Lichtenstein
LAW OFFICE OF DAVID LICHTENSTEIN
1556 Williams Street, Suite 100
Denver, CO 80218
303.831.4750
303.863.0835 (fax)

Rajasimha Raghunath
Raghunath Law Firm LLC
P.O. Box 372299
Denver, CO 80237
720.808.1231

James Chiu
Law Office of James Chiu
1776 Vine St.
Denver, CO 80206
970.356.8900

*Attorneys for Plaintiff-Intervenors*

Lauren Jaeckel
U.S. EEOC – Denver Field Office
303 17th Ave., Suite 410
Denver, CO 80203
303.866.1381

*Attorney for Plaintiff EEOC*

                                                                      */s/ Kayla Smith*