IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 10-cv-02103-PAB-KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

      Plaintiff,

and

IRAQ ABADE, et al.,

      Plaintiffs-Intervenors,

and

MARYAN ABDULLE, et al.,

      Plaintiffs-Intervenors,

v.

JBS USA, LLC,
d/b/a JBS Swift & Company,

      Defendant.

---

# ORDER

---

This matter is before the Court on Plaintiff EEOC's Second Motion for Partial Reconsideration of the Phase I Findings of Fact and Conclusions of Law [Docket No. 711], filed on December 22, 2020. The Equal Employment Opportunity Commission ("EEOC") requests that the Court reconsider its Phase I Findings of Fact and Conclusions at Law ("Phase I Findings") [Docket No. 620], which were entered on September 14, 2018, because it believes that the Tenth Circuit's en banc decision in

*Exby-Stolley v. Bd. of Cnty. Comm'rs*, 979 F.3d 784 (10th Cir. 2020), a disability-accommodation case brought under the Americans with Disabilities Act ("ADA"), is an intervening change in the controlling law for claims brought under Title VII's religious-accommodation framework. Docket No. 711 at 1. Defendant JBS USA, LLC, d/b/a JBS Swift & Company ("JBS") responded on January 21, 2021. Docket No. 719.

## I. BACKGROUND

The EEOC initiated this Title VII lawsuit against defendant on August 30, 2010, alleging a pattern or practice of discrimination on the basis of race, national origin, and religion, as well as raising claims of retaliation. Docket No. 1 at 1–2. On August 8, 2011, the Court issued an order bifurcating the case. Docket No. 116. Phase I of the trial was to address three issues: (1) whether defendant engaged in a pattern or practice of unlawfully denying Muslim employees reasonable religious accommodations to pray and break their Ramadan fast from December 2007 through July 2011; (2) whether defendant engaged in a pattern or practice of disciplining employees on the basis of their race, national origin, or religion during Ramadan 2008; and (3) whether defendant engaged in a pattern or practice of retaliating against a group of black, Muslim, Somali employees for engaging in protected activity in opposition to discrimination during Ramadan 2008. *Id.* The Court presided over a 16-day court trial for Phase I from August 7 to August 31, 2017. Docket Nos. 577–592.

On September 24, 2018, the Court issued its Phase I Findings. Docket No. 620. It found that (1) while defendant had denied Muslim employees a reasonable religious accommodation to pray during Ramadan (other than in 2009 and 2010), the EEOC had not made a requisite showing that any employees suffered a materially adverse

2

employment action as a result of defendant's policy denying unscheduled prayer breaks, *id.* at 82; (2) the EEOC had failed to prove that defendant's disciplinary actions during Ramadan 2008 were motivated by a discriminatory animus, *id.* at 90; and (3) the EEOC had failed to demonstrate that defendant's discipline of employees during Ramadan 2008 was for a retaliatory purpose rather for engaging in a work stoppage. *Id.* at 95. The Court dismissed the EEOC's Phase I pattern or practice claims. *Id.*

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Hatfield v. Bd. of Cnty. Comm'rs for Converse Cty.*, 52 F.3d 858, 861 (10th Cir. 1995). Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)). However, in order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders. *See, e.g.*, *Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the duty-to-defend order). Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. *Green v.*

*Fishbone Safety Sols., Ltd.*, 303 F. Supp. 3d 1086, 1091-92 (D. Colo. 2018). Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

## III. ANALYSIS

The EEOC asks that the Court reconsider the Phase I Findings because it believes that the Tenth Circuit's recent en banc decision in *Exby-Stolley*, a disability-accommodation case brought under the ADA, is an intervening change in Title VII religious-accommodation law. Docket No. 711 at 1.

In the Phase I Findings, the Court held that "the EEOC cannot show a pattern or practice of denying religious accommodation unless it can also show that at least one employee suffered an adverse employment action in relation to a discriminatory pattern or practice."  Docket No. 620 at 58.  The Court also held that the EEOC failed to show "that any employee suffered a detriment to compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion in relation to discipline imposed for unscheduled prayer breaks" and, therefore, the Court concluded, "the EEOC has failed to prove its claim that JBS's policy constituted an unlawful pattern or practice of discrimination."  *Id.* at 82 (internal quotation omitted).

The Court determines that *Exby-Stolley* is not an intervening change in the law controlling Title VII religious-accommodation cases. *Exby-Stolley* is an ADA case where the district court instructed the jury that, in order for the plaintiff to make out an ADA accommodation claim, the plaintiff had to show that she had suffered an adverse

employment action. 979 F.3d at 788. In holding that the ADA did not require that plaintiff prove that she suffered an adverse employment action, the Tenth Circuit compared the elements of an ADA accommodation claim with a religious accommodation claim brought under Title VII. *Id.* at 792–93. The Court explained that, while ADA claims do not require that a plaintiff show an adverse employment action, in Title VII religious-accommodation cases, the prima facie case requires the employee to show, among other things, that "he or she was fired or not hired for failure to comply with the conflicting employment requirement." *Id.* at 739 (quoting *EEOC v. Abercrombie & Fitch Stores, Inc.*, 731 F.3d 1106, 1122 (10th Cir. 2013), *rev'd and remanded on other grounds*, 575 U.S. 768 (2015)). *Exby-Stolley* further stated that Tenth Circuit law "require[s] an adverse employment action to support Title VII religious-accommodation claims." *Id.* at 793 n.3. Thus, *Exby-Stolley* characterized Title VII's requirement consistently with the Court's Phase I Findings and did so en banc, without a contrary interpretation in the dissents.

As the Court explained in its Phase I Findings, and as the Tenth Circuit stated in *Exby-Stolley*, the adverse employment action requirement for Title VII religious-accommodation claims is not new. *See, e.g.*, *Thomas v. Nat'l Ass'n of Letter Carriers*, 225 F.3d 1149, 1155 (10th Cir. 2000) ("The employee must show that (1) he or she had a bona fide religious belief that conflicts with an employment requirement; (2) he or she informed his or her employer of this belief; and (3) he or she was fired for failure to comply with the conflicting employment requirement."); *see also Toledo v. Nobel-Sysco, Inc.*, 892 F.2d 1481, 1486 (10th Cir. 1989). In fact, the Tenth Circuit explained that the

fact "[t]hat a disparate treatment claim – under Title VII *or* the ADA – would require an adverse employment action is wholly unremarkable."  *Exby-Stolley*, 979 F.3d at 793 n.3.  The law concerning religious-accommodation claims under Title VII, therefore, remains the same as it was before the *Exby-Stolley* decision.

For the foregoing reasons, it is

**ORDERED** that Plaintiff EEOC's Second Motion for Partial Reconsideration of the Phase I Findings of Fact and Conclusions of Law [Docket No. 711] is **DENIED**.

DATED January 25, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge